Robert G. Abrams
Thomas A. Isaacson
Peter A. Barile III
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

Paul Alexander
HOWREY LLP
1950 University Avenue
East Palo Alto, CA 94303
Tel.: (650) 798-3500
Fax: (650) 798-3600

Emily L. Maxwell
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel.: (415) 848-4947
Fax: (415) 848-4999
*Lead Class Counsel*

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Tel.: (415) 217-6810
Fax: (415) 217-6813
*Liaison Class Counsel*

Jonathan M. Jacobson
Sara Ciarelli Walsh
WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
*Counsel for Defendant Netflix, Inc.*

Neal Manne
Richard W. Hess
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
*Counsel for Defendants Wal-Mart Stores, Inc. and Walmart.com USA LLC*

[Additional counsel on signature page.]   [Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION** | Master File No. 4:09-CV-2029 PJH |
| | MDL NO. 2029 |
| **This Document Relates to:** | Hon. Phyllis J. Hamilton |
| **ALL ACTIONS** | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, developments, or commercial information, within the meaning of Fed. R. Civ. P. 26(c)(1), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal, and is hereby incorporated by reference.

## 2. DEFINITIONS

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants and experts (who have been retained or who counsel in good faith believe may be retained), and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>Confidential Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c)(1).

2.4   <u>Highly Confidential Information or Items</u>:  extremely sensitive Confidential Information or Items that qualify for protection under Fed. R. Civ. P. 26(c)(1),

whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by being designated as Confidential.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.   Designating Party:  a Party or non-party that designates information or items that it produces in Disclosures or in Discovery Material as "Confidential" or "Highly Confidential."

2.8    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2.9.   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   In-House Counsel:  attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.12   Expert and/or Consultant:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  This definition also includes the staff of any such experts described herein.

2.13   Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
967496v1/011148

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.  However, counsel need not produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.  This Stipulated Protective Order does not address the conduct of any trial in this litigation.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Use of Good Faith in Designating Material for Protection</u>.  Designating Parties shall designate documents in good faith, and shall not indiscriminately designate documents, so that produced documents are not over-designated as "Confidential" or "Highly Confidential".  Nor shall designations be made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties).  Any party may object in good faith to the designation of Litigation Materials as "Confidential" or "Highly Confidential."  The process for resolving disputes as set forth below presumes this good faith in the initial designations, objections, and meet and confer process. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under Fed. R. Civ. P. 26(c)(1).  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

Mass, indiscriminate, or routinized designations are prohibited.  A Designating Party may designate as "Confidential" or "Highly Confidential" specific categories of documents that warrant such designation, *e.g.*, Board of Director or Committee minutes, provided that the Designating Party notifies the Receiving Parties that it has done so.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the top or bottom of each page that contains protected material.

(b)     for testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and whether the testimony is designated "Confidential" or "Highly Confidential."  Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential."  Testimony of former employees may be designated as "Confidential" or "Highly Confidential" by any Party or non-party.  No person shall be present during portions of the depositions designated "Confidential" or "Highly Confidential," unless such person is authorized under the terms of this order to receive information or items so designated or unless the producing or sponsoring

party consents to such person being present. All information disclosed during a deposition shall be deemed to have been designated "Highly Confidential" until 30 days after the parties have been notified by the deposition officer that the transcript or recording is available, whether or not any portion of the transcript has been so designated previously. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in electronic format, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Objections to Designations</u>. A Party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a Party objects to the designation of any material under this Order by another Party, the challenging Party must do so in good faith and must begin the process by transmitting a letter or email to counsel for the Designating Party identifying the specific information or items (or portions thereof) that it believes were improperly designated and explaining the basis for its belief that the confidentiality designation was not proper. The Designating Party shall respond by letter or email within 10 business days, and, if no change in designation is offered, shall explain the basis for the

chosen designation. Should the challenging Party maintain its challenge, the challenging Party shall request an in-person meeting pursuant to Magistrate Judge Spero's Standing Order on ten business days' notice.

      6.2    <u>Judicial Intervention</u>. If, following the meet and confer process, the challenging Party notifies the Designating Party that it will not withdraw its challenge, the Designating and challenging party shall send a detailed joint letter to the Court within five (5) business days, pursuant to Magistrate Judge Spero's Standing Order.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

      In the event that the Court or Magistrate Judge rules that the challenged material is not properly designated, the Designating Party shall reproduce copies of all materials so de-designated without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" labeling, at the expense of the Designating Party within fourteen days.

**7.    INADVERTENT DESIGNATION**

      7.1    <u>Inappropriate Designation of Confidential Information or Items</u>. In the event that Confidential Information claimed to be "Confidential" or "Highly Confidential" is produced without the appropriate designation, such documents and copies thereof shall be returned to the Producing Party within five days of any written notice requesting their return to affix the appropriate designation or immediately stamped "Confidential" or "Highly Confidential" as requested by the Producing Party. The Receiving Party may challenge the confidential nature of the documents, but the production of the documents, or the giving of testimony, claimed to be "Confidential" or "Highly Confidential" shall not constitute a waiver of the confidentiality designation.

      7.2    <u>Production of Privileged Information.</u> Production of any Discovery Material by a Producing Party who claims the Discovery Material should have been withheld

7

on grounds of a privilege, including the work product doctrine (collectively referred to as an "Produced Privileged Document") will not be deemed to waive any privilege or work product protection.  A Party or non-party may request the return or destruction of any privileged document that it produced by identifying the Produced Privileged Document and stating the basis for withholding such document from production.  If a Party or non-party requests the return or destruction, pursuant to this paragraph, of such a Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within seven business days either (i) return to the requesting party or non-party the Produced Privileged Document or (ii) provide the requesting party with a written attestation that all physical and electronic copies of the Produced Privileged Document have been removed, deleted, expunged or otherwise destroyed.  After a document is returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document.

### 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   <u>Basic Principles</u>.  A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Disclosure or Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

8

(a) counsel;

(b) experts and/or consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation ;

(e) the author, addressees, or recipient of the document, or any other person who would have had access to such information by virtue of his/her employment;

(f) any witness testifying at a deposition or in advance of a deposition, or whom any party in good faith believes may be a witness in this case, who has been provided with a copy of this Order and who has been instructed that this Order forbids the witness from disclosing Confidential Information except as this Order permits; and

(g) any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

Exhibit A will be retained by counsel for the Party which obtains the appropriate signature.

8.3   <u>Disclosure of "HIGHLY CONFIDENTIAL</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)    In-House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation;

      (c)    experts and/or consultants (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (d)    the Court and its personnel;

      (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation ;

      (f)    current employees of the producing party;

      (g)    any author, addressees or recipients, or any other person who has accessed the document in the course of his or her employment; and

      (h)    any other person to whom the Designating Party agrees in writing or on the record, or any other person to whom the Court compels access to the Highly Confidential Information.

8.4    Nothing in this Order affects the rights of the Producing Party or the Designating Party to use or disclose its own Protected Material in any way, including but not limited to providing Discovery or Disclosure Material to litigants for use in other lawsuits. Such disclosure shall not waive the protections of this Order, and shall not entitle other parties, non-parties, or their attorneys to use or disclose the Protected Material in violation of this Protective Order.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation or agency proceeding that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if

10

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
967496v1/011148

possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11

**12.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party may destroy the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers and exhibits, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**13.   MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Non-Application of Order</u>.  The restrictions set forth above shall not apply to documents or information designated Confidential or Highly Confidential which (a)

were, are or become public knowledge, through actions not in violation of this Order; or (b) were or are discovered independently by the Receiving Party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 15, 2009

Respectfully Submitted,

/s/ Robert G. Abrams

Robert G. Abrams
Thomas A. Isaacson
Peter A. Barile III
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

Paul Alexander
HOWREY LLP
1950 University Avenue
East Palo Alto, CA 94303
Tel.: (650) 798-3500
Fax: (650) 798-3600

Emily L. Maxwell
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel.: (415) 848-4947
Fax: (415) 848-4999

***Lead Class Counsel for Plaintiffs and the Proposed Class***

*Who attest in accordance with General Order No. 45 X. B. that concurrence in the filing of the document has been obtained from each of the undersigned counsel:*

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Tel.:  (415) 217-6810
Fax:  (415) 217-6813

Liaison Class Counsel for Plaintiffs and the Proposed Class

13
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
967496v1/011148

|    |    |
|----|----|
| 1  | Joseph J. Tabacco, Jr. |
| 2  | Christopher T. Heffelfinger |
|    | Todd A. Seaver |
| 3  | BERMAN DEVALERIO |
|    | 425 California Street, Suite 2100 |
| 4  | San Francisco, CA 94104 |
|    | Tel.:  (415) 433-3200 |
| 5  | Fax:  (415) 433-6382 |

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
Todd A. Seaver
BERMAN DEVALERIO
425 California Street, Suite 2100
San Francisco, CA 94104
Tel.:  (415) 433-3200
Fax:  (415) 433-6382

Manuel J. Dominguez
Daniel A. Bushell
BERMAN DEVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400
Fax: (561) 835-0322

Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
Theodore M. Lieverman
Jay S. Cohen
Jonathan M. Jagher
SPECTOR ROSEMAN KODROFF& WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.:  (215) 496-0300
Fax:  (215) 496-6611

H. Laddie Montague, Jr.
Merrill G. Davidoff
David F. Sorensen
Peter Kohn
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel.:  (215) 875-3010
Fax:  (215) 875-4604

*Members of the Steering Committee for Plaintiffs*

Jonathan M. Jacobson
Sara Ciarelli Walsh
WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel.:  (212) 999-5800
Fax:  (212) 999-5899

14

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
967496v1/011148

|   |   |
|---|---|
| 1 | Keith E. Eggleton |
|   | WILSON SONSINI GOODRICH & ROSATI |
| 2 | 650 Page Mill Road |
|   | Palo Alto, Ca 94304-1050 |
| 3 | Tel: (650) 493-9300 |
| 4 | Fax: (650) 565-5100 |
| 5 | Scott Andrew Sher |
|   | WILSON SONSINI GOODRICH & ROSATI |
| 6 | 1700 K Street, NW, Fifth Floor |
|   | Washington, DC 20006 |
| 7 | Tel: (202) 973-8800 |
| 8 | Fax: (202) 973-8899 |

*Counsel for Defendant Netflix, Inc.*

Neal Manne
Richard W. Hess
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Genevieve Vose
SUSMAN GODFREY L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3836
Fax: (206-516-3883

Kathryn P. Hoek
Stephen E. Morrissey
Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel.: 310-789-3100
Fax: 310-789-3150

*Counsel for Defendants Wal-Mart Stores, Inc. and Wal-Mart.com USA LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 9/21/09

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

Hon. Phyllis J. Hamilton
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
967496v1/011148

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of In Re ONLINE DVD RENTAL ANTITRUST LITIGATION.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____