**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION** | Case No. M 09-2029 PJH<br><br>Judge: Hon. Phyllis J. Hamilton |
| This document relates to:<br><br>ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER MODIFYING PROTECTIVE ORDER** |

 WHEREAS, a Stipulation and Protective Order was entered by the Court on September 21, 2009 (Document No. 82)("Protective Order"), which, among other things, placed limits on the disclosure of any information or item designated "HIGHLY CONFIDENTIAL" pursuant to the terms of the Protective Order;

 WHEREAS, a Stipulation and Order Modifying the Protective Order was entered by the Court on February 25, 2010 (Document No. 115)("Modified Protective Order"), which placed additional limits on the disclosure of any information or item designated "HIGHLY CONFIDENTIAL" produced by Blockbuster Inc. ("Blockbuster") pursuant to the terms of the Protective Order;

 WHEREAS, the parties have issued subpoenas to several non-parties to this case requesting the production of documents, including documents expected to be designated as "HIGHLY CONFIDENTIAL" pursuant to the terms of the Protective Order;

-1-

JOINT STIPULATION REGARDING PROTECTIVE ORDER

WHEREAS, paragraph 8.4 of the original Stipulation and Protective Order (Document No. 82) may have been inadvertently deleted from the Modified Protective Order; and

WHEREAS, after consultation and negotiation, the parties agree that good cause exists to further modify the Protective Order to facilitate the production of such information in this case;

THEREFORE, it is hereby stipulated between and among the parties hereto, by and through their respective counsel of record, that the Protective Order shall be modified at subparagraphs 2.5, 8.2, 8.3 and 8.4 which shall read as follows:

2.5     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material produced by a Producing Party.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     counsel for all parties in the litigation;

(b)     experts and/or consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e)     the author, addressees, or recipient of the document, or any other person who would have had access to such information by virtue of his/her employment;

(f)     any witness testifying at a deposition or in advance of a deposition, or whom any party in good faith believes may be a witness in this case, who has been provided with a copy of this Order and who has been instructed that this Order forbids the witness from disclosing Confidential Information except as this Order permits; and

(g)     any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

Exhibit A will be retained by counsel for the Party which obtains the appropriate signature.

8.3     <u>Disclosure of "HIGHLY CONFIDENTIAL"</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     In-House Counsel of a party to the litigation to whom disclosure is reasonably necessary for this litigation;

(c)     experts and/or consultants (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)     current employees of the producing party;

(g)     any author, addressees or recipients, or any other person who has accessed the document in the course of his or her employment; and

(h)     any other person to whom the Designating Party agrees in writing or on the record, or any other person to whom the Court compels access to the Highly Confidential Information.

8.4     <u>Additional Limits on Disclosure of "HIGHLY CONFIDENTIAL" Information Produced by Blockbuster Inc.</u>  Unless otherwise ordered by the Court or permitted in writing by Blockbuster Inc., a party to the litigation may disclose any information or item produced by non-party Blockbuster Inc. and designated by it as "HIGHLY CONFIDENTIAL" only to:

(a)     the Outside Counsel of record to any party to the litigation, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) In-House Counsel of any party to the litigation to whom disclosure is reasonably necessary for this litigation, provided however, that such In-House Counsel does not participate in or have responsibility for competitive strategy or decisions of the party;

  (c) experts and/or consultants (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

  (f) current employees of Blockbuster Inc.;

  (g) any author, addressees or recipients, or any other person who has accessed the document in the course of his or her employment; and

  (h) any other person to whom Blockbuster Inc. agrees in writing or on the record, or any other person to whom the Court compels access to the Blockbuster Inc.'s HIGHLY CONFIDENTIAL Information.

  THEREFORE, it is also hereby stipulated between and among the parties hereto, by and through their respective counsel of record, that the Protective Order shall be further modified by adding subparagraph 8.5 which shall read as follows:

  8.5 Disclosure or production of discovery by a non-party to a Receiving Party shall be produced to all parties in this litigation, subject to subparagraphs 8.2, 8.3 and 8.4 as modified above.

  THEREFORE, it is also hereby stipulated between and among the parties hereto, by and through their respective counsel of record, that the Protective Order shall be further modified by adding subparagraph 8.6 which shall read as follows:

  8.6 Nothing in this Order affects the rights of the Producing Party or the Designating Party to use or disclose its own Protected Material in any way, including but not limited to providing Discovery or Disclosure Material to litigants for use in other lawsuits.  Such disclosure shall not waive the protections of this Order, and shall not entitle other parties, non-parties, or their attorneys to use or disclose the Protected Material in violation of this Protective Order.

HOWREY LLP

-4-
JOINT STIPULATION REGARDING PROTECTIVE ORDER

DATED: June 10, 2010

                Respectfully Submitted,

                */s/ Robert G. Abrams*

Robert G. Abrams
Thomas A. Isaacson
Peter A. Barile III
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 783-0800
Fax: (202) 383-6610

Paul Alexander
HOWREY LLP
1950 University Avenue
East Palo Alto, CA 94303
Tel.: (650) 798-3500
Fax: (650) 798-3600

Emily L. Maxwell
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel.: (415) 848-4947
Fax: (415) 848-4999

**Lead Class Counsel for Plaintiffs and the Proposed Class**

*Who attest in accordance with General Order No. 45 X. B. that concurrence in the filing of the document has been obtained from each of the undersigned counsel:*

    Guido Saveri
    R. Alexander Saveri
    Cadio Zirpoli
    SAVERI & SAVERI, INC.
    706 Sansome Street
    San Francisco, CA 94111
    Tel.:  (415) 217-6810
    Fax:  (415) 217-6813

**Liaison Class Counsel for Plaintiffs and the Proposed Class**

    Joseph J. Tabacco, Jr.
    Christopher T. Heffelfinger
    Todd A. Seaver
    BERMAN DEVALERIO
    425 California Street, Suite 2100
    San Francisco, CA 94104
    Tel.:  (415) 433-3200

```
Fax:  (415) 433-6382

Manuel J. Dominguez
Daniel A. Bushell
BERMAN DEVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400
Fax: (561) 835-0322

Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
Theodore M. Lieverman
Jay S. Cohen
Jonathan M. Jagher
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.:  (215) 496-0300
Fax:  (215) 496-6611

H. Laddie Montague, Jr.
Merrill G. Davidoff
David F. Sorensen
Peter Kohn
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel.:  (215) 875-3010
Fax:  (215) 875-4604
```

**Members of the Steering Committee for Plaintiffs**

_/s/ Sara Ciarelli Walsh_
Jonathan M. Jacobson
Sara Ciarelli Walsh
WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel.:  (212) 999-5800
Fax:  (212) 999-5899

Keith E. Eggleton
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, Ca 94304-1050
Tel: (650) 493-9300
Fax: (650) 565-5100

HOWREY LLP

Scott Andrew Sher
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Tel: (202) 973-8800
Fax: (202) 973-8899

**Counsel for Defendant Netflix, Inc.**

_____/s/ Genevieve Vose_____

Neal Manne
Richard Wolf Hess
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

Genevieve Vose
SUSMAN GODFREY L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3836
Fax: (206-516-3883

Stephen E. Morrissey
Kathryn Parsons Hoek
Marc M. Seltzer
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel.: 310-789-3100
Fax: 310-789-3150

**Counsel for Defendant Wal-Mart Stores, Inc. and Walmart.com USA LLC**

HOWREY LLP

# ORDER

The Stipulation of the parties for an Order modifying the Protective Order having been considered by the Court and good cause appearing,

IT IS HEREBY ORDERED that the Protective Order shall be modified at subparagraphs 2.5, 8.2, 8.3, and 8.4, which shall read as follows:

2.5     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material produced by a Producing Party.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     counsel for all parties in the litigation;

(b)     experts and/or consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e)     the author, addressees, or recipient of the document, or any other person who would have had access to such information by virtue of his/her employment;

(f)     any witness testifying at a deposition or in advance of a deposition, or whom any party in good faith believes may be a witness in this case, who has been provided with a copy of this Order and who has been instructed that this Order forbids the witness from disclosing Confidential Information except as this Order permits; and

(g)     any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

Exhibit A will be retained by counsel for the Party which obtains the appropriate signature.

8.3  <u>Disclosure of "HIGHLY CONFIDENTIAL"</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-House Counsel of a party to the litigation to whom disclosure is reasonably necessary for this litigation;

(c) experts and/or consultants (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) current employees of the producing party;

(g) any author, addressees or recipients, or any other person who has accessed the document in the course of his or her employment; and

(h) any other person to whom the Designating Party agrees in writing or on the record, or any other person to whom the Court compels access to the Highly Confidential Information.

8.4  <u>Additional Limits on Disclosure of "HIGHLY CONFIDENTIAL" Information Produced by Blockbuster Inc.</u>  Unless otherwise ordered by the Court or permitted in writing by Blockbuster Inc., a party to the litigation may disclose any information or item produced by non-party Blockbuster Inc. and designated by it as "HIGHLY CONFIDENTIAL" only to:

(a) the Outside Counsel of record to any party to the litigation, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) In-House Counsel of any party to the litigation to whom disclosure is reasonably necessary for this litigation, provided however, that such In-House Counsel does not participate in or have responsibility for competitive strategy or decisions of the party;

  (c) experts and/or consultants (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

  (f) current employees of Blockbuster Inc.;

  (g) any author, addressees or recipients, or any other person who has accessed the document in the course of his or her employment; and

  (h) any other person to whom Blockbuster Inc. agrees in writing or on the record, or any other person to whom the Court compels access to the Blockbuster Inc.'s HIGHLY CONFIDENTIAL Information.

IT IS HEREBY ORDERED that the Protective Order shall be further modified by adding subparagraph 8.5 which shall read as follows:

  8.5 Disclosure or production of discovery by a non-party to a Receiving Party shall be produced to all parties in this litigation, subject to subparagraphs 8.2, 8.3 and 8.4 as modified above.

IT IS HEREBY ORDERED that the Protective Order shall be further modified by adding subparagraph 8.6 which shall read as follows:

  8.6 Nothing in this Order affects the rights of the Producing Party or the Designating Party to use or disclose its own Protected Material in any way, including but not limited to providing Discovery or Disclosure Material to litigants for use in other lawsuits. Such disclosure shall not waive the protections of this Order, and shall not entitle other parties, non-parties, or their attorneys to use or disclose the Protected Material in violation of this Protective Order.

HOWREY LLP

1  Dated: 6/18/10

_____
The Honorable Phyllis J. Hamilton

