JONATHAN M. JACOBSON, State Bar No. 1350495 (N.Y.)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
Email: jjacobson@wsgr.com

*Attorneys for Defendant Netflix, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION** | Master File No.: 4:09-md-2029 PJH |
| | MDL No. 2029 |
| | Hon. Phyllis J. Hamilton |
| **This document relates to:** ALL ACTIONS | **DEFENDANT NETFLIX, INC.'S RESPONSE TO PLAINTIFFS' SUBMISSION OF SEPTEMBER 8, 2010 REGARDING CLASS CERTIFICATION** |

DEF. NETFLIX, INC.'S RESPONSE TO PLTS.' STMT OF
SEPTEMBER 8, 2010 RE CLASS CERTIFICATION

1      At oral argument on September 1, 2010, the Court suggested that should Plaintiffs seek an "opportunity to file a responsive declaration [to the declaration submitted by Ms. Kilgore, they could] do so within a week." Sept. 1 Hearing Transcript, at 47:23 – 24.  Plaintiffs' submission goes beyond the scope of a responsive factual declaration, but nonetheless raises points that are important to Plaintiffs' motion for class certification.

    1. Netflix submitted the declaration of Ms. Kilgore, clarifying that subscriber growth would have slowed and would not have reached the roughly 15 million subscribers it has today had Netflix adopted a $15.99 price point in late 2004 to May 2005 as Plaintiffs and Dr. Beyer repeatedly claim.  The smaller subscriber base would not have supported investments in streaming technology and content which have been and continue to be significant drivers of Netflix's growth.  Kilgore Decl. (Dkt. 192) ¶¶ 5-7.  Ms. Kilgore, moreover, attached contemporaneous documents (which she and her colleagues had prepared), demonstrating that the $15.99 price would have materially altered Netflix's ability to market its service and grow its subscriber base.  Plaintiffs' respond that Netflix lowered prices in 2007, and that this did not decrease demand or stunt investments in quality at that time.  Pl. Br. 4.  The argument misses the point.  Ms. Kilgore's testimony was that, from October 2004 through May 2005, the very internal Netflix projections on which Plaintiffs and their expert previously relied to argue that Netflix should have lowered prices further in fact show the opposite.  *Compare* Beyer Rebuttal Declaration ¶ 9 & n.16 *with* Kilgore Decl. Ex. A.  Lowering prices *at that time* – after an earlier October 2004 price decrease which had already eliminated all of the company's projected profit for 2005 – would have limited critical marketing investments that Netflix made.  It was for that very reason that further price decreases were rejected by Netflix at that time.  Kilgore Decl. ¶¶ 4-7.

    2. Plaintiffs' discussion of *McLaughlin v. American Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008) and *Siegel v. Shell Oil Co.*, 2010 U.S. App. LEXIS 15753 (7th Cir. July 30, 2010), is misplaced.  The injuries in *McLaughlin* were not limited to deception (which, we agree, requires individualized proof of reliance).  Pl. Br. 1.  The case *also* involved claimed injuries from *higher prices charged to all class members* as a result of the misconduct alleged.  *McLaughlin*, 522 F.3d at 226 (plaintiffs asserted that "they paid more for Lights than they otherwise would have . . . .").

1  The court rejected that argument as well.  But for the alleged misconduct, the court concluded,
2  *some* class members may have paid the higher prices; but others would not, as they might have
3  purchased full-flavored cigarettes or declined to purchase any cigarettes at all.  *Id.* at 227-28
4  ("[S]mokers who would have purchased full-flavored cigarettes instead of Lights had they known
5  that Lights were not healthier would have suffered no injury because Lights have always been
6  priced the same as full-flavored cigarettes.").  Similarly, in *Siegel*, the accused conduct was the
7  "purported manipulation of the nation's supply of gasoline . . . that resulted in artificially inflated
8  prices at the pump" – again to all class members – and the court found that individualized
9  questions of fact predominated as to the alleged impact of the accused conduct.  *Siegel*, 2010 U.S.
10 App. LEXIS 15753 at *3, *10-11.

11      Plaintiffs here bear the same burden on class certification as the *McLaughlin* and *Siegel*
12 plaintiffs:  they must illustrate the *common impact* of the alleged conduct upon *all* members of the
13 proposed class without resort to individualized proof.  In this case, however, the *evidence* shows
14 that individualized proof of impact is necessary because the *evidence* shows, without
15 contradiction, that the 2004-2005 price decrease on which Plaintiffs merits claim is based would
16 have limited Netflix's ability to market its service and precluded investments in quality
17 improvements (such as streaming) that influenced many putative class members to join.  *See*
18 Kilgore Decl. ¶¶ 6-8; Ordover Rep. ¶¶ 121-22.   If Plaintiffs prove their merits claim, then putative
19 class members who stayed with (or would have joined) Netflix after May 2005, regardless of any
20 investments in quality or marketing, may have been impacted by the lower prices Plaintiffs assert
21 would have been charged.  But alleged class members who only stayed with or joined Netflix
22 subsequent to May 2005 *because of* those investments could not have been harmed.  In Plaintiffs'
23 "but for" world, they would never have paid anything to Netflix.  Instead, they are members of the
24 putative class today only because of investments that would not have been made in the but-for
25 world.  *See* Kilgore Decl. ¶¶ 5-7; Netflix's Sept. 1 Oral Argument Illustration.  Plaintiffs have not
26 advanced any methodology to assess the claimed impact of the alleged conduct on this group of
27 subscribers without requiring individualized proof, or to distinguish the class members who were
28 supposedly harmed from those who were not.  As in *McLaughlin* and *Siegel*, they therefore cannot

DEF. NETFLIX, INC.'S RESPONSE TO PLTS.' STMT OF SEPTEMBER 8, 2010 RE CLASS CERTIFICATION        -2-

1 satisfy the predominance requirement of Rule 23.  *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 580-81 (9th Cir. 2010) ("The party seeking certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met"; "[w]hen considering class certification under Rule 23, district courts are not only at liberty to, but must, perform a rigorous analysis to ensure that the prerequisites of Rule 23(a) have been satisfied.")

3.  The *In re Apple iPod iTunes Antitrust Litigation*, *In re Apple & AT&TM Antitrust Litigation*, and *In re TFT-LCD (Flat Panel) Antitrust Litigation* cases cited in Plaintiffs' submission are inapposite.  The parties there did not raise, and the courts did not decide, any of the issues relevant here.  The two *Apple* cases did not involve any kind of horizontal restraints asserted to have led to higher prices, but, instead, tying and monopolization violations that were themselves asserted to have resulted in the sales increases in issue.  In the *TFT-LCD* case, there was no suggestion that lowering prices would have led to decreased investments in quality.

4.  Plaintiffs' motion for class certification should be denied on the basis of Ms. Kilgore's testimony alone – testimony that establishes that numerous putative class members could not possibly have been injured by the violation alleged.  But even if this Court were to find that Plaintiffs' new evidence raises issues of fact as to the accuracy of Ms. Kilgore's declaration, the appropriate course would be to set an evidentiary hearing to address those issues.

Dated:  September 16, 2010           Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION

By:  /s/ Jonathan M. Jacobson
    Jonathan M. Jacobson
    Sara Ciarelli Walsh
    1301 Avenue of the Americas, 40th Floor
    New York, New York 10019
    Tel.: (212) 999-5800
    Fax: (212) 999-5899
    Email:  jjacobson@wsgr.com

*Attorneys for Defendant Netflix, Inc.*