UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ONLINE DVD RENTAL ANTITRUST
LITIGATION
    In re Rule 45 Deposition Subpoena served on Blockbuster  )
        Inc., N.D. Texas, M.C. No. 3:10-67                  )        MDL No. 2029


## TRANSFER ORDER

      **Before the entire Panel**[*]: Blockbuster, Inc. (Blockbuster), which has been subpoenaed by the MDL No. 2029 plaintiffs, moves pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] asking the Panel to vacate its order conditionally transferring this action seeking to quash the subpoena to the Northern District of California for inclusion in MDL No. 2029. The MDL No. 2029 plaintiffs oppose the motion to vacate.

      After considering all argument of counsel, we find that this action shares questions of fact with actions in this litigation previously transferred to the Northern District of California, and that transfer of the action to the Northern District of California for inclusion in MDL No. 2029 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of California was a proper Section 1407 forum for actions involving allegations that Netflix, Inc., Walmart.com US LLC and Wal-Mart Stores, Inc., conspired to divide the online DVD rental market in violation of federal antitrust laws. *See In re Online DVD Rental Antitrust Litig.*, 609 F.Supp.2d 1376 (J.P.M.L. 2009).

      While the Panel has not often considered transfer of actions involving a motion to quash a subpoena, it is not unprecedented. *See In re Fosamax Prods. Liab. Litig.*, MDL No. 1789, Transfer Order (J.P.M.L. June 9, 2009) (unpublished order). While we review such transfers on a case-by-case basis, we find transfer is appropriate here. The deposition testimony sought from Blockbuster involves questions of fact relating to the conspiracy alleged in MDL No. 2029. Indeed, the transferee judge has identified Blockbuster as an important third-party with information central to the issues

---

    [*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

    [1] Amended Panel Rules became effective on October 4, 2010.

in MDL No. 2029. Moreover, requiring a judge in the Northern District of Texas to learn the particulars of MDL No. 2029 would not promote the just and efficient conduct of this action or the litigation as a whole when the transferee judge is so thoroughly familiar with the issues in this litigation. Rather, this litigation would be best served by allowing the transferee judge to determine the scope of discovery in the MDL.

The MDL No. 2029 plaintiffs have requested an order that all future third-party disputes with Blockbuster be filed in the transferee court. We decline to issue such an advisory order.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Phyllis J. Hamilton, for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |