Robert G. Abrams  (*pro hac vice*)
Gregory L. Baker (*pro hac vice*)
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1699
Facsimile: (202) 861-1783
Email: rabrams@bakerlaw.com
        gbaker@bakerlaw.com

*Lead Plaintiff Class Counsel in MDL No.2029*

Guido Saveri  (22349)
R. Alexander Saveri  (173102)
Lisa Saveri  (112043)
Melissa Shapiro  (242724)
David Sims (248181)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: guido@saveri.com
        rick@saveri.com
        lisa@saveri.com
        melissa@saveri.com

*Liaison Plaintiff Counsel in MDF No.2029*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION** | **Master File No. 4:09-md-2029 PJH**<br><br>**MDL No. 2029**<br><br>**Hon. Phyllis J. Hamilton** |
| This document relates to:<br><br>**ALL ACTIONS** | **DECLARATION OF GUIDO SAVERI IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH WAL-MART DEFENDANTS AND CERTIFICATION OF A CLASS FOR PURPOSES OF SETTLEMENT**<br><br>Date:  August 24, 2011<br>Time: 9:00 a.m.<br>Courtroom: 3 |

I, Guido Saveri, declare:

1.      I am a partner with Saveri & Saveri, Inc., Liaison Counsel for Plaintiffs and the Proposed Class in this litigation.  I am a member of the Bar of the State of California and an attorney admitted to practice in the Northern District of California.

2.      I make this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Wal-Mart Defendants and Certification of a Class for Purposes of Settlement.  Except as otherwise stated, I have personal knowledge of he facts stated below.

3.      Attached hereto as Exhibit A is a true and correct copy of [Proposed] Order Granting Conditional Class Certification and Preliminary Approval of Proposed Settlement and Form and Plan of Notice.

4.      Attached hereto as Exhibit B is a true and correct copy of the Settlement Agreement between Plaintiffs and the Wal-Mart Defendants.

5.      Attached hereto as Exhibit C is a chart describing each exhibit to the Settlement Agreement, and the paragraph in the Settlement Agreement to which each Exhibit is referred.

6.      Attached hereto as Exhibit D is a true and correct copy of the Affidavit of the Honorable Layn R. Phillips (Docket No. 281 previously filed on 12/14/10).

7.      Attached hereto as Exhibit E is a true and correct copy of the Declaration of Tiffany A. Janowicz.

8.      Attached hereto as Exhibit F is a true and correct copy of the "Order Approving Joint Notice to Class Regarding Class Certification and Preliminary Approval of Class Action Settlements with Samsung, Infineon and Hynix Defendants" issued by the Honorable Phyllis J. Hamilton in *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, Master File No. M-0201486-PJH (July 27, 2006 N.D. Cal.).

9.      Attached hereto as Exhibit G is a true and correct copy of the "Order Preliminarily Approving Class Action Settlement" issued by the Honorable Riacrdo S. Martinez in *Barker v. Skype*, No. 2:09-cv-01364-RSM (Nov. 17, 2009 W.D. Wash.).

1    10.    Attached hereto as Exhibit H is a true and correct copy of the "Order on Final Approval

2  of Class Action Settlement, Judgment and Order of Dismissal with Prejudice" issued by the Honorable

3  Riacrdo S. Martinez in *Barker v. Skype*, No. 2:09-cv-01364-RSM (March 12, 2010 W.D. Wash.).

4

5    I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.  Executed this 15th day of July, 2011 at San Francisco, California.

7

8

9                                 /s/ Guido Saveri

10                                 Guido Saveri

11

12  Netflix.042

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                                          2

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION | Master File No. 4:09-md-2029 PJH <br><br> MDL No. 2029 <br><br> Hon. Phyllis J. Hamilton |
| This document relates to: <br><br> ALL ACTIONS | [PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND FORM AND PLAN OF NOTICE |

1    This matter has come before the Court for (1) certification of a Settlement Class pursuant to the

2    terms of a Settlement Agreement dated July 1, 2011 (the "Agreement"); (2) preliminary approval of

3    the Settlement; and (3) approval of the Plan of Notice to members of the Settlement Class of the

4    Settlement.

5    The Court hereby ORDERS that (1) the Settlement Class is certified for purposes of settlement;

6    (2) the Settlement is Preliminarily Approved; and (3) the Plan of Notice is approved.

7    Certification of the claims advanced by the Settlement Class will achieve a definite and certain

8    result for the benefit of the Settlement Class and is preferable to continuing litigation in which the

9    Settlement Class would necessarily encounter substantial risk, uncertainty, delay, and cost.  This Order

10   is entered exclusively for this Settlement purpose.  Capitalized terms in this Order shall have the same

11   meanings as set forth in the Agreement.

12   Preliminarily, this Court finds that the following terms and conditions shall apply to this Order:

13   1.    This Order includes a conditional class certification for Settlement purposes only.

14   2.    This Order applies to claims against Defendants Wal-Mart Stores, Inc., Walmart.com,

15   USA LLC, and related persons and entities described in the Agreement (collectively, "Wal-Mart")

16   only.

17   3.    The Agreement pursuant to which this Order is entered contains a claims process by

18   which members of the Settlement Class may submit a Claim Form to receive a portion of the Gift Card

19   Component by way of either a Gift Card or, at the Settlement Class Member's election, a cash payment

20   of equal value instead of a Gift card, as provided for in the Agreement.

21   4.    If for any reason this Court does not finally approve the Agreement, or if the Settlement

22   Effective Date as defined in the Agreement does not occur, the conditional certification of the

23   Settlement Class shall be deemed null and void without further action by this Court or any of the

24   Parties.  In such circumstances each Party shall retain all of its respective currently existing rights to

25   seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23 or any

26   other California State or Federal Rule, statute, law, or provision, and to contest and appeal any grant or

27   denial of certification in this litigation or in any other litigation on any other grounds.

28

1

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

1    5.    The Plaintiffs and Wal-Mart have agreed that, other than to effectuate and enforce the

2    Settlement of this Litigation as between the Settlement Class Members and Wal-Mart in this

3    jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related

4    thereto, including the Agreement and all accompanying exhibits and all orders entered by the Court in

5    connection with the Agreement, are not intended to be otherwise admissible as evidence in this

6    Litigation, and are not intended to be used in any judicial, arbitral, administrative, investigative, or

7    other court, tribunal, forum or other proceeding, including any wage and hour or other litigation

8    against Wal-Mart.

9    6.    In accordance with the foregoing terms, conditions, and purpose, and in accordance

10   with Section 5.1 of the Agreement, this Court ORDERS that the Settlement Class be certified as

11   follows:

12       Any person or entity residing in the United States or Puerto Rico that paid a subscription fee to
         rent DVDs online from Netflix on or after May 19, 2005, up to and including [date of Court
13       Order].

14   7.    Named Plaintiffs Bryan Eastman, Amy Latham, Melanie Misciosia Salvi, Stan Magee,

15   Michael Orozco, Andrea Resnick, Liza Sivek, Michael Weiner and Scott Caldwell are hereby

16   appointed as Class Representatives.

17   8.    The claims certified pursuant to this Order consist of claims arising from the conduct

18   referred to in the Litigation or the California State Actions, as those terms are defined in the

19   Agreement, irrespective of the particular common law, statutory, or equitable doctrine or theory

20   advanced in support of the claim or claims, including Plaintiffs' allegations that persons and entities

21   who subscribed to Netflix to rent DVDs between May 19, 2005 and the date of this Order paid higher

22   subscription prices due to an alleged illegal anti-competitive agreement between Netflix and Wal-Mart.

23   9.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms

24   Class Counsel's appointment of Craig Corbitt of Zelle Hofmann Voelbel & Mason LLP as

25   Independent Settlement Counsel to serve as the lead negotiator of the Agreement on behalf of the

26   Settlement Class

27

28

2

1        10.     With respect to the Settlement Class, and solely for the purposes of effectuating the

2  Settlement, this Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3)

3  are satisfied.  The Settlement Class meets the requirements of Rule 23(a) of the Federal Rules of Civil

4  Procedure as follows:

5          a.   Members of the Settlement Class are sufficiently numerous that joinder of all members

6               would be impracticable.

7          b.   The claims of the Class Representatives are typical of the claims of the members of the

8               Settlement Class they represent.

9          c.   There exist questions of law or fact that are common to the claims of members of the

10              Settlement Class.

11         d.   The Class Representatives and Class Counsel will fairly and adequately protect the

12              interests of the members of the Settlement Class.

13        11.     The Settlement Class meets the requirements of Rule 23(b)(3) of the Federal Rules of

14  Civil Procedure as follows:

15          a.   Questions of law or fact common to the claims of the Settlement Class predominate

16              over any questions affecting only individual members of the Settlement Class.

17          b.   A class action is superior to other available methods for fairly and efficiently

18              adjudicating the controversy.

19        12.     Upon review of the record and the Agreement, the Court finds that the proposed

20  Agreement, under which Wal-Mart has agreed, *inter alia*, to pay $27,250,000 in cash and cash

21  equivalents—which will be used to satisfy, among other things, all timely claims submitted by

22  Settlement Class Members, as well as any attorneys' fees, costs, expenses and service awards to the

23  Class Representatives that may be sought and awarded and the costs of class notice and claims

24  administration—in return for a release of all claims as set forth in the Agreement and dismissal of the

25  Litigation against Wal-Mart with prejudice, was arrived at after extensive, arm's length negotiations

26  falls within the range of possible approval, particularly in light of the fact that the Agreement does not

27

28

3

1 │ settle the claims against Netflix; and is hereby preliminarily approved, subject to further consideration

2 │ at a final fairness hearing to be scheduled at a later time.

3 │       13.     The Court appoints Rust Consulting as Claims Administrator, with responsibility for

4 │ class notice and claims administration.  Rust Consulting will be assisted with class notice by its

5 │ subsidiary Kinsella Media.

6 │       14.     The Court finds the form and manner of giving notice to the Settlement Class set forth

7 │ in the declaration of Dr. Shannon Wheatman fully satisfies the requirements of Rule 23 of the Federal

8 │ Rules of Civil procedure, the Due Process Clause of the United States Constitution, and any and all

9 │ other applicable laws, constitutes the best notice practicable under the circumstances, and shall

10 │ constitute due and sufficient notice to all persons entitled thereto.

11 │       15.     The Court ORDERS the following schedule:

12 │       Notice shall be issued expeditiously pursuant to the plan of notice in Dr. Wheatman's

13 │ declaration.  The e-mail Notice shall be first e-mailed to Settlement Class Members within thirty (30)

14 │ days following the Claims Administrator's receipt of the Class List information (or signed agreement

15 │ between Netflix and Plaintiffs regarding Netflix's dissemination of the notice to the Class and the

16 │ protocol assigned thereto), or within thirty (30) days following the District Court's preliminary

17 │ approval of the Settlement, whichever is later.  The Publication Notice shall be published on the

18 │ soonest practicable date after the e-mail notice is first e-mailed to Settlement Class Members.  From

19 │ the date on which the first e-mail Notice is sent, the following deadlines apply:

20 │        o  Deadline for Fee Petition(s):  75 days

21 │        o  Deadline for opt outs:  90 days

22 │        o  Deadline for objections:  90 days

23 │        o  Deadline for final approval pleadings:  104 days

24 │        o  Final approval hearing: 120 days.

25 │       16.     The form and manner of Notice set forth in the declaration of Dr. Shannon Wheatman

26 │ also shall be applied to the Netflix Litigation Class ("Litigation Class") certified on December 23,

27 │

28 │                                          4

1   2010 (Dkt. 287).  There shall be one Joint Notice disseminated, comprised of notice to the Settlement

2   Class and Litigation Class, described *supra*.

3

4        **IT IS SO ORDERED.**

5

6   Dated: _____          _____

7                                           Honorable Phyllis J. Hamilton
                                            United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            5

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

# EXHIBIT B

## <u>SETTLEMENT AGREEMENT</u>

### 1.   PREAMBLE

1.1   This Settlement Agreement is made and entered into as of the dates of Execution set forth below individually and on behalf of the Named Plaintiffs, the Class Representatives, and the Settlement Class Members, all as further defined below, and on behalf of Wal-Mart, as further defined below.

### 2.   DEFINITIONS

2.1   The term *"Agreement"* as used herein means this Settlement Agreement.

2.2   The term *"Approved Claimants"* as used herein means those Claimants whose Claims have been approved for payment.

2.3   The term *"Attorneys' Fees and Costs"* as used herein means the attorneys' fees and costs to be requested by Class Counsel subject to Court approval in accordance with Section 6.1.1.1 of this Agreement.

2.4   The term *"California State Actions"* as used herein means the actions brought by putative Netflix subscribers and consolidated as *In re: Netflix and Walmart.com Antitrust Cases*, Judicial Council Coordination Proceeding No. 4595, Superior Court for the State of California in the County of Santa Clara (Judge James Paul Kleinberg).  A list of the cases that make up the State Court Litigation is attached hereto as Exhibit 3-A.

2.5   The term *"California State Class Representatives"* as used herein means the putative class representatives of Netflix subscribers in the California State Actions who Class Counsel may request be awarded a Class Representative Incentive Award in accordance with Section 6.1.1.2.

2.6   The term *"Cash Component"* as used herein means the portion of the Class Settlement Amount to be paid in cash in accordance with Section 6.1.1 of this Agreement.

2.7   The term *"Claim"* as used herein means a Claim submitted by way of a Claim Form in accordance with this Agreement.

2.8   The term *"Claim Form"* as used herein means the Claim Form for the Settlement Class attached hereto as Exhibit 4 which is agreed to by the Parties subject to Court approval as the method by which a Claimant may submit a Claim.  Only those Settlement Class Members who submit a Claim Form shall be eligible to recover a share of the Settlement proceeds.

2.9   The term *"Claimant"* as used herein means any Settlement Class Member who submits a Claim Form.

2.10   The term *"Claims Administrator"* as used herein means Rust Consulting, Inc., the entity which, subject to Court approval, shall perform the duties of, among other things:

(i) sending Notice and Claim Forms to Settlement Class Members (in the form ordered by the Court); (ii) publishing the Publication Notice; (iii) tracking returned Claim Forms and Opt-Out Letters; (iv) notifying the Parties of determinations regarding submitted Claim Forms and Opt-Out Letters consistent with this Agreement; and other notice and administration duties in accordance with this Agreement and the Court's orders.

2.11    The term *"Class Counsel"* as used herein means the following counsel who appeared on behalf of the Named Plaintiffs or any Settlement Class Member in the Litigation:  Robert G. Abrams of Baker & Hostetler LLP; Guido Saveri of Saveri & Saveri, Inc.; David Sorensen of Berger & Montague, P.C., Joseph Tabacco of Berman DeValerio; and Eugene Spector of Spector Roseman Kodroff & Willis, P.C.

2.12    The term *"Class List"* as used herein means the listing of the Settlement Class Members to be obtained from Netflix in accordance with Section 7.3 of this Agreement.

2.13    The term *"Class Representatives"* as used herein means Bryan Eastman, Amy Latham, Melanie Salvi, Stan Magee, Michael Orozco, Andrea Resnick, Liza Sivek, Michael Weiner, and Scott Caldwell, who Class Counsel shall request be appointed by the District Court as class representatives for purposes of the Settlement Class.

2.14    The term *"Class Representative Incentive Payment"* as used herein means the amounts Class Counsel shall request be paid in accordance with Section 6.1.1.2 of this Agreement.

2.15    The term *"Class Settlement Amount"* as used herein means Twenty-Seven Million Two Hundred and Fifty Thousand Dollars ($27,250,000) to be paid by Wal-Mart pursuant to this Settlement.

2.16    The term *"Court"* as used herein means the District Court and any appellate court which may review any orders entered by the District Court related to this Settlement.

2.17    All dates for events provided herein based on a number of *"days"* (unless the date is expressed in terms of "business days") shall be calculated using the same approach as calculating days under the Federal Rules of Civil Procedure.

2.18    The term *"District Court"* as used herein means the United States District Court for the Northern District of California.

2.19    The term *"Execution"* as used herein refers to the signing of this Agreement by all signatories hereto.

2.20    The term *"Final Judgment and Order of Dismissal"* as used herein refers to the Final Judgment and Order of Dismissal approving the Settlement and dismissing the Litigation with prejudice as against Wal-Mart, substantially in the form of the proposed Final Judgment and Order of Dismissal attached hereto as Exhibit 6 which this Settlement contemplates will be entered and approved by the Court.

2.21    The term *"Gift Card"* as used herein means an electronic gift card redeemable for purchases at walmart.com.  Each Gift Card shall be subject to applicable laws, the

2

walmart.com Terms of Use (available at www.walmart.com), and the walmart.com Gift Card Terms and Conditions (available at www.walmart.com), and any other terms of use or terms and conditions governing Gift Cards in effect at the time the Gift Cards are issued; provided, however, that unless an applicable law provides to the contrary, each Gift Card shall be fully transferable but may not be resold unless the Settlement Class Member is a licensed reseller.

2.22   The term *"Gift Card Amount"* as used herein means the value of each electronic Gift Card or cash payment instead of an electronic Gift Card which shall be determined in accordance with Section 6.1.2.1 of this Agreement.

2.23   The term *"Gift Card Component"* as used herein means the amount in addition to the Cash Component up to the Class Settlement Amount which Wal-Mart agrees to pay in accordance with Section 6.1.2 of this Agreement.

2.24   The term *"Independent Settlement Counsel"* as used herein means Craig C. Corbitt of Zelle Hofmann Voelbel & Mason LLP, who participated in settlement negotiations as counsel for the Netflix class and who is counsel for Scott Caldwell.

2.25   The term *"Litigation"* as used herein means the actions consolidated as *In re: Online DVD Rental Antitrust Litigation*, MDL No. 2029, United States District Court for the Northern District of California (Judge Phyllis J. Hamilton). A list of the cases that make up the Litigation is attached hereto as Exhibit 3-B.

2.26   The term *"Named Plaintiffs"* as used herein means the named plaintiffs in the Litigation, Bryan Eastman, Amy Latham, Melanie Salvi, Stan Magee, Michael Orozco, Andrea Resnick, Liza Sivek, and Michael Weiner. Class Counsel shall request that each of the Named Plaintiffs be appointed as a Class Representative.

2.27   The term *"Netflix"* as used herein means Netflix, Inc.

2.28   The term *"Notice"* as used herein means a document substantially in the form of the Notice of Proposed Class Action Settlement Between Plaintiffs and Wal-Mart attached hereto as Exhibit 1 which has been agreed to by the Parties subject to Court approval and which the Claims Administrator will send to each Settlement Class Member explaining the terms of the Settlement and the claims, Opt-Out, and objection processes.

2.29   The term *"Notice and Administration Costs"* as used herein means the costs to send notice and administer the Settlement as contemplated by this Agreement.

2.30   The term *"Parties"* as used herein means the Named Plaintiffs, the Class Representatives, the Settlement Class Members, and Wal-Mart.

2.31   The term *"Plaintiffs"* as used herein shall mean the Named Plaintiffs, the Class Representatives, and the Settlement Class Members.

2.32   The term *"Preliminary Approval,"* shall mean the Court's entry of an order pursuant to Rule 23(e) and the Court's Rules or Standing Orders.

3

1539981v1

2.33    The term **"Publication Notice"** as used herein means a document substantially in the form of the summary notice attached hereto as Exhibit 2 which has been agreed to by the Parties subject to Court approval and which shall be used for publication purposes.

2.34    The terms **"Qualified Settlement Fund"** or **"QSF"** as used herein means the Qualified Settlement Fund to be set up in accordance with Section 14 of this Agreement.

2.35    The term **"Releasing Settlement Class Members"** as used herein means the Named Plaintiffs, Class Representatives, the California State Class Representatives, and all Settlement Class Members, other than those who submit Opt-Out Letters.

2.36    The term **"Request to Opt Out"** as used herein means the request for Opt Out to be sent by any Settlement Class Member not wishing to remain in the Settlement Class.

2.37    The term **"Settlement"** as used herein means the compromise and settlement of the Litigation as contemplated by this Agreement.

2.38    The term **"Settlement Class Member Released Claims"** as used herein means the claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liabilities that are released, acquitted and discharged pursuant to Section 15.1 of this Agreement.

2.39    The term **"Settlement Class Members"** as used herein means the Named Plaintiffs, Class Representatives, and all members of the Settlement Class.

2.40    The term **"Settlement Class Period"** as used herein means the period of time from May 19, 2005 up through and including the date the District Court grants preliminary approval to the Settlement.

2.41    The term **"Settlement Effective Date"** as used herein means the first day following the last of the following occurrences:

   2.41.1. The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of the Final Judgment and Order of Dismissal approving the Settlement and dismissing this Litigation with prejudice as to Wal-Mart has expired with no appeal or other judicial review having been taken or sought; or

   2.41.2. If an appeal or other judicial review has been taken or sought, the latest of: (i) the date the Final Judgment and Order of Dismissal is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the Circuit Court or to a lower appellate court following an appeal or other review, the date the Final Judgment and Order of Dismissal is entered by the Circuit Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Judgment and Order of Dismissal has expired with no further appeal or other

4

judicial review having been taken or sought.  If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

2.41.3. The provisions and deadlines set forth in this Section shall apply even if there are no objections to the Settlement.

2.42   The term *"Superior Court"* as used herein means the Superior Court for the State of California in the County of Santa Clara.

2.43   The term *"Verified Claims"* as used herein means those Claims which are approved by the Claims Administrator for payment after the deadline for audits allowable under Section 8.6 has expired, or, if an audit or objection is made, after all audits or objections have been resolved in accordance with Section 8.6 of this Agreement.

2.44   The term *"Wal-Mart"* as used herein means Wal-Mart Stores, Inc., Walmart.com USA LLC and each of their current or former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholders.

2.45   The term *"Wal-Mart Released Claims"* as used herein means the claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liabilities that are released, acquitted and discharged pursuant to Section 15.2 of this Agreement

## 3.   RECITALS

3.1   On January 2, 2009, plaintiff Andrea Resnick filed a complaint against Walmart.com USA LLC, Wal-Mart Stores, Inc., and Netflix, Inc. in the United States District Court for the Northern District of California, after which approximately sixty-five other complaints were filed in courts across the country.  All of these cases—with the exception of seven cases filed in state court in California—either have been dismissed or have been consolidated before Judge Phyllis Hamilton in the Northern District of California as MDL 2029.  The California State Actions have been coordinated before Judge James Paul Kleinberg in Santa Clara County.

3.2   All of these cases arise from a Promotion Agreement that Walmart.com entered into with Netflix, Inc. in May 2005, in connection with Walmart.com's decision to discontinue its online DVD rental business.  Plaintiffs claim that this agreement was an illegal "market allocation" agreement.  Plaintiffs allege that "[o]n or before May 19, 2005, Defendants completed and entered into an illegal anticompetitive agreement (the 'Market Allocation Agreement') to divide the markets for the sales and online rentals of DVDs in the United States, with the purpose and effect of monopolizing and unreasonably restraining trade in at least the online DVD rental market."  Plaintiffs allege that "Walmart.com agreed to exit the Online DVD Rental Market and Netflix agreed not to enter the retail DVD market, but instead to actively promote DVD sales by Wal-Mart Stores and Walmart.com."  Plaintiffs allege that as a result of this agreement, Netflix was able "to charge higher subscription prices for online DVD rentals than it [otherwise] would have"

5

in the absence of the agreement.  The plaintiffs in MDL 2029 assert claims under the Sherman Act against all defendants for illegal market allocation (Section 1) and for conspiracy to monopolize the "online DVD rental market" (Section 2); and against Netflix only for monopolization and attempted monopolization of the "online DVD rental market" (Section 2).  The plaintiffs in the California State Actions assert similar claims under California's antitrust laws (the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, 16727) and California's Unfair Competition Act (Cal. Bus. & Prof. Code § 17200) for a class of California citizens.  Wal-Mart denies all of Plaintiffs' allegations as set forth in its Answer and Amended Answer to the Complaints in the Litigation.  On December 23, 2010, the Court certified a class of Netflix subscribers.  On March 11, 2011, the Court denied a Motion to Decertify the Netflix Class filed by Netflix.

3.3    Named Plaintiffs, the Class Representatives, and the Settlement Class believe this Litigation is meritorious.  Class Counsel and Independent Settlement Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Named Plaintiffs' and the Settlement Class Members' claims against Wal-Mart, including, but not limited to:  (i) interviewing class members and analyzing the results of class member interviews; (ii) reviewing relevant documents;  (iii) researching  the  applicable  law  and  the  potential  defenses; (iv) conducting depositions; (v) hiring and consulting with experts; (vi) developing the argument for class certification; (vii) advocating for the rights of the putative class; and (viii) preparing for trial.  Based on their own independent investigation and evaluation, Class Counsel and Independent Settlement Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by Wal-Mart, trial risk, and appellate risk.

3.4    Wal-Mart denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Litigation is not appropriate for class or collective action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other federal or state rule, statute, law, or provision.  Wal-Mart continues to assert that the Litigation fails to meet the prerequisites necessary for class or collective action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the Litigation unmanageable consistent with due process.  Wal-Mart further asserts that it has complied with all applicable provisions of federal or state statutory and common law.  Wal-Mart further states that despite its good faith belief that it is not liable for any of the claims asserted, and despite its good faith belief that certification is not appropriate, Wal-Mart will not oppose the District Court's certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement.  Other than for purposes of this Settlement, Wal-Mart does not waive its objections to certification of the Settlement Class, or any other class, in this Litigation as a litigation class.  In the event that the Court denies certification of a litigation class against Netflix, Class Counsel shall inform the Court of the Supreme Court decision in *Amchem Products, Inc. v. Windsor* and Wal-Mart may advise the Court of any applicable binding authority that Class Counsel has declined to bring to the Court's attention after having been requested by Wal-Mart to do so.

6

3.5     The entry of Final Judgment in this Litigation shall dismiss with prejudice all claims which were or which could have been alleged in the Litigation by Settlement Class Members against Wal-Mart, with the exception of any claims which might be retained by Settlement Class Members who exclude themselves from the Settlement, if any.   Wal-Mart shall retain any existing defenses to such excluded claims.   The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and, to the extent of the obligations set forth in Section 13 and 17, to dismiss this Litigation, and the California State Actions, against Wal-Mart with prejudice.

3.6     Each of these Recitals is incorporated into and made a part of this Agreement.

### 4.     CERTIFICATION OF THE SETTLEMENT CLASS

4.1     The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the District Court does not grant final approval of the Settlement, or if final approval is not granted following the appeal of any order by the District Court, or if for any reason the Settlement Effective Date does not occur, the certification of the Settlement Class shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to execution of this Settlement Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose in this Litigation.

4.2     The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is in no way an admission by Wal-Mart that class certification is proper in this Litigation or any other litigation against Wal-Mart.   Moreover, Wal-Mart continues to assert that this Litigation fails to meet the prerequisites necessary for class action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the case unmanageable consistent with due process.   The Parties, Independent Settlement Counsel and Class Counsel further agree that, other than to effectuate the Settlement of this Litigation in this jurisdiction, the certification of the Settlement Class and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, are only intended to be used under the specific facts and circumstances of this case and are not intended to be used in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding against Wal-Mart.

### 5.     SETTLEMENT CLASS

5.1     Subject to the provisions of the last sentence of Paragraph 3.4, the Parties agree to request that the Court enter a certification order and certify for settlement purposes only the following Settlement Class:

7

5.1.1. any person or entity residing in the United States or Puerto Rico that paid a subscription fee to rent DVDs online from Netflix on or after May 19, 2005, up to and including the date the Court grants Preliminary Approval of the Settlement, or some other date to be agreed to by the parties to this Agreement.

5.2  A person or entity whose name or identity appears in the Class List as a member of the Settlement Class more than once (such as, for example a person or entity that purchased a subscription to Netflix, terminated that subscription, and then subsequently purchased another Netflix subscription during the class period) shall only be counted once for the Settlement Class.

5.3  A person or entity that received a promotion for a free trial membership but did not subsequently purchase a subscription with Netflix shall not be included as a Settlement Class Member.

5.4  The Settlement is conditioned on the Court's certifying this Class for settlement purposes.

5.5  Wal-Mart and Class Counsel may agree to request that the Court certify additional settlement subclasses as may be appropriate.

## 6.     TERMS OF SETTLEMENT

6.1  Subject to the other terms and conditions of this Agreement, and subject to Court approval, Wal-Mart agrees that the Class Settlement Amount shall be Twenty-seven Million, Two Hundred and Fifty Thousand Dollars ($27,250,000), to be composed of both a Cash Component and a Gift Card Component as follows:

6.1.1. Wal-Mart agrees to pay a portion of the Class Settlement Amount in cash. This cash payment, called the Cash Component, shall cover the following:

6.1.1.1. Reasonable Attorneys' Fees and Costs. Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Costs. Wal-Mart will not oppose an application for a reasonable award of Attorneys' Fees and Costs sought in accordance with this Agreement. In the event that the Court does not approve the award of Attorneys' Fees and Costs requested by Class Counsel, or the Court awards Attorneys' Fees and Costs in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement or for rendering the entire Settlement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the Court's award of Attorneys' Fees and Costs.

6.1.1.2. Reasonable Class Representative Incentive Payments. Class Counsel intend to seek Five Thousand Dollars ($5,000) for each Class Representative. This may include a request on behalf of the named plaintiffs or class representatives in the California State Actions. Any

8

request made by Class Counsel in accordance with this Section is without prejudice to any proposed recipient's right to seek additional incentive compensation in the event of a recovery from any defendant other than Wal-Mart, nor shall it preclude any proposed recipient of any Class Representative Incentive Payment from filing a Claim. The denial by the Court of any application by Class Counsel for Class Representative Incentive Payments shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement or for rendering the entire Settlement null, void, or unenforceable.

6.1.1.3. The actual Notice and Administration Costs incurred in accordance with Section 7.6 of this Agreement.

6.1.1.4. The payments identified in Sections 6.1.1.1 - 6.1.1.3 of this Agreement shall be paid solely from the Cash Component of the Class Settlement Amount. Any portion of the Class Settlement Amount not used for the Cash Component shall be allocated to the Gift Card Component.

6.1.2. Payments to Settlement Class Members shall be paid from the Gift Card Component, which shall consist of the amount remaining after the aggregate amount required to be used for the Cash Component has been subtracted from the Class Settlement Amount. For example, if the amount used for the Cash Component equals Seven Million Dollars ($7,000,000), the Gift Card Component will be Twenty Million, Two Hundred and Fifty Thousand Dollars ($20,250,000) or, alternatively, if the amount used for the Cash Component equals Ten Million Dollars ($10,000,000), the Gift Card Component will be Seventeen Million, Two Hundred and Fifty Thousand ($17,250,000). The Gift Card Component shall be payable on a per capita basis (see sub-section 6.1.2.1) by way of either a Gift Card or, at the Settlement Class Member's election, a cash payment instead of a Gift Card, to those Settlement Class Members who submit an approved Claim Form in accordance with Section 8.3. The value of each Gift Card or cash payment, shall be referred to as the Gift Card Amount and shall be determined in accordance with Section 6.1.2.1.

6.1.2.1. The Gift Card Amount shall be a fixed value to be determined as follows. The total Gift Card Component shall be divided by the total number of Settlement Class Members who submit valid Claims.

6.1.2.2. Any unused Gift Cards which are sent to an Approved Claimant but not activated or redeemed within the time specified by applicable law shall be handled in accordance with applicable laws. The Gift Cards shall state the applicable expiration date, if any.

6.1.2.3. Any Settlement Class Member who wishes to receive a cash payment instead of a Gift Card shall be eligible to do so in accordance with the terms of this Agreement. Cash payments instead of a Gift Card shall be in

9

the same amount as the Gift Card would have been for that Settlement Class Member as determined by Section 6.1.2.1. Cash payments shall be mailed to the Settlement Class Member at the address provided by the Settlement Class Member in the Claim Form, or otherwise made available to Settlement Class Members in a convenient and efficient manner. The costs of mailing or otherwise making such cash payments available to Settlement Class Members shall be part of the costs of Notice and Administration as set forth in Section 7.6, and shall be paid from the Cash Component. In the event such costs become prohibitively expensive relative to the Gift Card Component and would unduly diminish the per-claimant recovery, the Parties agree to mediation before Judge Layn Phillips to devise alternatives.

6.1.3.  Each recipient of any monies paid in accordance with this Agreement is responsible for any taxes associated with the monies received by that recipient. If required by applicable law, the QSF shall issue 1099s to Class Counsel (for payments of Attorneys' Fees and Costs awarded by the Court) and to each recipient of any Class Representative Incentive Payments (for any Class Representative Incentive Payments awarded by the Court).

## 7.   NOTICE TO THE CLASS

7.1   Given the expected size of the Settlement Class, the Parties agree that direct notice via email is the best practicable notice. Class Counsel agrees to use their best efforts to obtain preliminary approval of a notice plan to achieve the best practicable notice consisting of direct email notice and, to the extent necessary, publication notice. The E-Mailed Notice shall include a Claim Form and instructions on how to submit it. The E-Mailed notice shall also advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement, the process by which such opt-outs or objections must be made, and the date set by the District Court for a hearing on final approval of the Settlement. Subject to Court approval, the E-Mailed Notice shall be substantially in the form attached hereto as Exhibit 1. In the event that e-mail notice is impossible, impractical, or otherwise not the best practicable notice, the Parties agree that notice by publication would be the best practicable notice for the Settlement Class. In that event, the references in this Settlement to E-Mailed Notice will apply to that publication notice to the extent reasonably practicable and economical.

7.2   Notice will also be made by way of publication in newspapers, magazines and/or websites to further alert the Settlement Class Members to the existence of the Settlement, the details of which may depend upon the results of the e-mail notice. The Publication Notice shall include instructions as to how to request a Claim Form and instructions on how to submit it. The Publication Notice shall also advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement, the process and deadlines by which such opt-outs or objections must be made and the date set by the District Court for a hearing on final approval of the Settlement. Subject to Court approval, the Publication Notice shall be substantially in the form attached hereto as Exhibit 2. Plaintiffs, through their Class Counsel and Independent Settlement Counsel,

10

agree to use their best efforts to effectuate approval by the Court of the Notice plan described in this paragraph and in Section 7.1 above.

7.3     Wal-Mart and Plaintiffs shall cooperate in seeking to obtain the Class List, to include email addresses if available, from Netflix including serving subpoenas and/or other discovery requests to obtain such information if necessary. Wal-Mart and Plaintiffs agree that all Class List information shall be treated as confidential, and that the contents of the Class List shall not be shared with third parties other than the Claims Administrator and that the Claims Administrator shall be required to preserve the confidentiality of the Class List.

7.4     Subject to the provisions of Section 7.7 below, the E-Mailed Notice shall be first e-mailed to Settlement Class Members within thirty (30) days following the Claims Administrator's receipt of the Class List information, or within thirty (30) days following the District Court's preliminary approval of the Settlement, whichever is later, provided that any challenges or other barriers to the use of e-mail notice have been resolved. The Publication Notice shall be published on the soonest practicable date after the E-Mailed notice is first e-mailed to Settlement Class Members.

7.5     The E-Mailed Notice and other materials as agreed to by the Parties and approved by the District Court shall be available at a website to be set up by the Claims Administrator. The Claims Administrator shall also establish a toll-free phone line and an e-mail box to respond to inquiries from Settlement Class Members. The website address, toll-free phone number, and e-mail box address will be included in the E-Mailed Notice and in the Publication Notice.

7.6     With respect to Notice and Administration Costs, the Parties shall obtain estimates from one (1) or more claims administrators as to the estimated costs of notice as described in Sections 7.1. and 7.2, and the estimated costs of administration of the Settlement. Notice and Administration Costs shall be capped at an amount equal to fifteen percent (15%) over the estimate provided by the chosen Claims Administrator. If the actual Notice and Administration Costs are less than the estimated Notice and Administration Costs, Wal-Mart shall only be obligated to pay the actual Notice and Administration Costs. All Notice and Administration Costs paid by Wal-Mart shall be paid from the Cash Component.

7.7     Notwithstanding any of the foregoing provisions, in order to provide for efficient notice, to avoid the expense and possible confusion to Netflix subscribers from receiving multiple notices, and to minimize the burden on the Court and the parties, it is agreed that Notice of this Settlement may be deferred so as to permit it to be combined, to the maximum extent practical and consistent with legal requirements, with any notice to a class of Netflix subscribers regarding the certification of such class for the litigation against Netflix ("Netflix litigation class certification"). The parties shall request that notice of this Settlement and notice of the Netflix litigation class certification be combined to the maximum extent practical and consistent with legal requirements. If Notice of Netflix litigation class certification is combined, in whole or in part, with Notice of this Settlement, Class Counsel shall pay any additional costs attributable to the

11

costs of notice of the Netflix litigation class certification.  For example, and solely to illustrate the concept, if a notice in a particular publication solely for this Settlement would cost Fifty Thousand Dollars ($50,000) and the additional text needed to address the Netflix litigation class certification increased the cost of that publication notice to Sixty Thousand Dollars ($60,000), Class Counsel would pay the additional Ten Thousand Dollars ($10,000).

## 8.   VERIFICATION PROCESS

8.1    In order to be eligible to receive a share of the Class Settlement Amount, a Settlement Class Member must submit a completed Claim Form within ninety (90) days from the date notice is disseminated.  Only those Settlement Class Members who submit an Approved Claim Form shall be eligible to receive an electronic Gift Card or to receive a cash payment instead of an electronic Gift Card.  In order for a Claim Form to be considered timely, the Claims Administrator must receive the completed Claim Form by 11:59 pm Eastern Time on the ninetieth (90th) day from the date notice is disseminated.  These deadlines shall be set forth clearly in the notice.  The Claim Form agreed to by the Parties subject to Court approval is attached hereto as Exhibit 4.

8.2    In order for a Claim Form to be approved, the Claimant must meet the following criteria:

8.2.1.  The Claimant must be a member of the Class as set forth in Section 5.1  Claim Forms shall be subject to audit and confirmation by the Claims Administrator or another third-party that the Claimant is, in fact, a Settlement Class Member and that the Claimant has submitted only one Claim Form.  Wal-Mart shall pay for any audits beyond those expressly included in the estimate provided by the Claims Administrator.

8.2.2.  Claim Forms shall be executed under penalty of perjury, but need not be notarized.

8.2.3.  A Claimant shall also be required to attest to the fact that the Claimant has only submitted one Claim Form, and to provide identifying information that can be used to confirm that the Claimant is, in fact, a member of the Settlement Class.

8.2.4.  Claimants who wish to receive an Electronic Gift Card may submit their Claim Forms electronically (by e-mail and/or by website) or by regular mail.  If a Claimant prefers to receive cash instead of an Electronic Gift Card, in order to minimize fraud risks, the Claimant may only submit the Claim Form by regular mail, and must include the Claimant's social security number.

8.3    Claim Forms shall be sent with the E-Mailed Notice and shall also be available on the Claims Administrator's website.  In the event that notice is only by publication, the Publication Notice shall direct Settlement Class Members to a website which shall contain the Claim Forms and other forms.

8.4    Submission of more than one Claim Form, or submission of an incomplete Claim Form, may render the Claim Form submitted by that Settlement Class Member invalid.

8.5     Within twenty (20) days after the deadline to submit Claim Forms, the Claims Administrator shall provide a spreadsheet to Class Counsel and to Wal-Mart that contains sufficient information for the Parties to determine the number of Approved Claims made by the members of the Settlement Class.  The Claims Administrator shall also provide information regarding rejected claims, as well as the reasons why each claim was rejected.   The Claims Administrator shall retain the originals of all Claim Forms (including any envelopes with the postmarks) received from Claimants, and shall make copies or the originals available to Wal-Mart or Class Counsel within three (3) business days upon request.

8.6     Audit and Challenge Procedure.

   8.6.1.   Class Counsel and Wal-Mart shall each have the right to audit the information provided in any Claim Form, and to challenge the Claims Administrator's determinations regarding approval or denial of each Claim Form, in accordance with the following procedures.

   8.6.2.   Within fourteen (14) days of having received the information contemplated by Section 8.5 of this Agreement, Class Counsel and Wal-Mart's counsel shall meet and confer regarding any issues that either Class Counsel or Wal-Mart believes need to be raised with the Claims Administrator.  Class Counsel and Wal-Mart's counsel agree to use their best efforts to resolve any disputes.  If Class Counsel and Wal-Mart cannot resolve these issues within twenty-eight (28) days of having received the information contemplated by Section 8.5 of this Agreement, then Class Counsel or Wal-Mart may, within five (5) days of the expiration of the above twenty-eight (28) day period, provide written notice of their intent to audit the Claims Administrator's determinations with respect to a particular Claim or Claims.

   8.6.3.   Audits may be presented to the Claims Administrator or to Judge Layn R. Phillips, at the auditing party's election.  If the audit is first filed with the Claims Administrator, the decision of the Claims Administrator may be appealed to Judge Layn R. Phillips, or to such person as the Court may direct, within fourteen (14) days of receipt of the Claims Administrator's decision.  All decisions by Judge Layn R. Phillips, or such person as the Court may direct, regarding audits shall be made expeditiously and are binding, final decisions which shall not be subject to appeal by any party.  If a decision by the Claims Administrator is not presented to Judge Layn R. Phillips, or to such person as the Court may direct, within fourteen (14) days of issuance, the decision of the Claims Administrator becomes a binding, final decision not subject to further appeal.

   8.6.4.   Class Counsel and Wal-Mart may invoke their rights under this Section by providing written notice to each other and to the Claims Administrator, and if the audit is presented directly to Judge Layn R. Phillips, or to such person as the Court may direct, or is an appeal of a decision by the Claims Administrator, also to Judge Layn R. Phillips, or to such person as the Court may direct.  The notice shall identify the Claims that are the subject of the audit, and may be

13

accompanied by supporting papers of no more than two (2) pages, double-spaced, 12-point type (excluding exhibits).

8.6.5. Within fourteen (14) days of receipt of the notice and supporting papers, the non-auditing party may submit a written response of no more than two (2) pages, double-spaced, 12-point type (excluding exhibits).

8.6.6. Given the cost of the audit process relative to the size of individual claims, the parties shall only appeal an audit decision to Judge Phillips, or to such person as the Court may direct, if the audit decision affects at least 25,000 claims. Audit decisions by the Claims Administrator affecting less than 25,000 claims shall be final and non-appealable.

8.6.7. Wal-Mart shall have the right to request cross examination of any Claimant whose Claim is submitted to Judge Layn R. Phillips, or to such person as the Court may direct, for decision, who shall have discretion whether to grant or deny such request. If the request is granted, the Claimant may require that cross-examination take place by telephone. If a party requests that such cross-examination be recorded or transcribed, that party shall bear all of the costs of such recording and/or transcription.

8.6.8. The Claims Administrator and Judge Layn R. Phillips, or such person as the Court may direct, shall each decide any audits presented to them within thirty (30) days of final submission.

8.6.9. The time periods and page limits set forth in this Section may be extended by agreement of the Parties, by Judge Layn R. Phillips, or by such person as the Court may direct, for good cause shown.

8.6.10. Notice of audits, any paperwork submitted in support of, or in response to, any audit, and the decisions by the Claims Administrator, Judge Layn R. Phillips, or such person as the Court may direct, shall be served by e-mail and United States Mail.

8.6.11. All costs of work done by Judge Layn R. Phillips, or by such person as the Court may direct, under this Section shall be treated as costs of claims administration and shall be paid using the same approach as for costs of the Claims Administrator itself.

## 9. OPT-OUT PROCESS

9.1    A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the release of claims pursuant to this Settlement, shall submit a Request to Opt Out. For a Request to Opt Out to be accepted it must be timely and valid. To be timely it must be postmarked by the date which is ninety (90) days after the date notice is disseminated. To be valid, the Request to Opt Out shall contain a statement that the Settlement Class Member requests to be excluded from the Settlement Class and must be signed and dated.

14

9.2     A Settlement Class Member who submits a Request to Opt Out is not eligible to recover a share of the Class Settlement Amount. No Settlement Class Member may submit both a Request to Opt Out and a Claim Form, and if a Settlement Class Member submits both a Request to Opt Out and a Claim Form, the Request to Opt Out will govern.

9.3     The Claims Administrator shall maintain a list of persons who have excluded themselves and shall provide such list to the Parties upon request. The Claims Administrator shall retain the originals of all Requests to Opt Out (including the envelopes with the postmarks) received from Settlement Class Members, and shall make copies or the originals available to Wal-Mart or Class Counsel within three (3) business days upon request.

9.4     Wal-Mart, at its sole discretion, has the right to terminate this Settlement pursuant to the terms of the confidential Supplemental Agreement Regarding Opt Outs.

## 10.     OBJECTION PROCESS

10.1    A Settlement Class Member who wishes to object to the Settlement must notify the District Court of his or her objection, in writing, within 90 days of notice being disseminated.

10.2    To be considered valid, an objection must be in writing, must include the objector's name and address, and must include the basis for the objection (including why the objector believes the settlement is not in the best interest of the Settlement Class), along with any and all documents that support the objection. The objection must also indicate whether or not the objector intends to appear at the hearing on the motion for final approval of the Settlement. The objection must be filed with the Court on or before the deadline, and a copy must be served on Class Counsel and on Counsel for Wal-Mart. Additional instructions regarding how to object to the Settlement are contained in the E-Mailed Notice, Exhibit 1.

10.3    Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth in this Agreement and the E-Mailed Notice shall be deemed to have waived any objections to the Settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

## 11.     DISTRIBUTION PROCESS

11.1    The Class Settlement Amount shall be funded through a QSF in accordance with Section 14 of this Agreement. The timing of the payments by Wal-Mart to the QSF shall be as follows:

11.1.1. Within Ten (10) business days following the date on which the District Court enters an order granting preliminary approval of the Settlement, or within Ten (10) business days of the date on which the District Court enters an order

approving the QSF, whichever is later, Wal-Mart shall transfer to the QSF the estimated Notice and Administration Costs as determined in accordance with Section 7.6. Wal-Mart shall continue to periodically fund the QSF to cover additional Notice and Administration Costs, if required, in accordance with Section 7.6. In the event that the Settlement Effective Date does not occur, any amounts actually used by the Claims Administrator for notice and administration shall not be refundable to Wal-Mart. If, however, Wal-Mart has paid into the QSF monies for Notice and Administration Costs which have not been used by the Claims Administrator, those amounts not used by the Claims Administrator shall be refunded to Wal-Mart.

11.1.2. Within Ten (10) business days following the Settlement Effective Date, Wal-Mart shall transfer to the QSF amounts sufficient to cover the remainder of the Cash Component, to include the Attorneys' Fees and Costs awarded by the Court pursuant to Section 6.1.1.1, and the Class Representative Incentive Payments awarded by the Court pursuant to Section 6.1.1.2. Class Counsel shall provide the information as to where these payments should be made and that information shall be included in the District Court's Final Judgment and Order of Dismissal, or in separate order to be entered by the District Court.

11.1.3. Within Fifteen (15) business days after (i) the Settlement Effective Date or (ii) the date on which the claims process, including all audits of any Claims, has been concluded and the final dollar value of all Approved Claims is known, whichever is later, Wal-Mart shall transfer to the QSF additional amounts sufficient to cover the approved claims up to the Class Settlement Amount. The Parties shall agree on a reasonable and cost effective process to provide the Gift Cards to Approved Claimants.

11.1.4. In the event that Wal-Mart has transferred monies in excess of the amount needed to pay the Cash Component plus all Approved Claims, the QSF shall, subject to reserving any amounts necessary to pay the QSF's final expenses including year-end income taxes, return to Wal-Mart any unused funds.

11.2    Distributions from the QSF shall be handled as follows:

11.2.1. Other than for purposes of paying invoices submitted by the Claims Administrator, the QSF shall not distribute any payments required under this Agreement until after the Settlement Effective Date has occurred.

11.2.2. If any liens for Attorneys' Fees and Costs have been filed prior to the transfer of funds for Attorneys' Fees and Costs out of the QSF, no monies shall be transferred out of the QSF for purposes of Attorneys' Fees and Costs until all such liens have been resolved and withdrawn.

11.2.3. Attorneys' Fees and Costs awarded by the Court pursuant to Section 6.1.1.1 and the Class Representative Incentive Payments awarded by the Court pursuant to

16

Section 6.1.1.2 shall be paid to the individuals or entities specified in the Court order to be obtained in accordance with Section 17.1.

11.2.4. Subject to the other provisions of this Section, the payments shall be made from the QSF to the appropriate recipients within a reasonable time after receipt of the funds from Wal-Mart, or receipt of a Court order or other authorization for the release of such funds, as appropriate.

## 12.   SECTION 877.6 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE

12.1   This Settlement is conditioned upon a finding by the Court that the Settlement was made in good faith within the meaning of Section 877.6 of the California Code of Civil Procedure. Failure to obtain such a finding shall be a basis for Wal-Mart, at its sole discretion, to terminate the Settlement.

12.2   In addition, Class Counsel agree to use best efforts to obtain the issuance by the Court of a good faith settlement bar order in the form attached Exhibit 7 extinguishing and barring any and all claims that Netflix or any other person given notice of the application for such bar order may now or hereafter have against Wal-Mart in this Litigation for contribution or equitable indemnity based on or arising out of any claims that have been or could be asserted in the Litigation or the California State Actions or on any other basis arising out of the Settlement. If the Court does not enter such an order, Class Counsel agree that any settlement with Netflix that disposes of the remaining claims in this Litigation shall include a provision extinguishing and barring any and all claims for contribution or equitable indemnity by Netflix against Wal-Mart relating to this Litigation.

## 13.   CALIFORNIA STATE ACTIONS

13.1   This Settlement is conditioned upon Class Counsel and Plaintiffs agreeing to a release which covers, to the maximum extent permitted by law, all claims which were or could have been asserted against Wal-Mart in the California State Actions. Class members in the California State Actions are members of the Settlement Class contemplated by Section 5 of this Agreement.

13.2   Class Counsel and Plaintiffs have made a good faith effort to persuade counsel for plaintiffs in the California State Actions to dismiss with prejudice their claims against Wal-Mart based on the merits of the Settlement. Lead counsel for plaintiffs in the California State Actions have agreed to the terms and conditions of this Settlement and Agreement. Upon final approval of this Settlement and Agreement, lead counsel for plaintiffs in the California State Actions shall dismiss with prejudice all claims against Wal-Mart in the California State Actions. Class Counsel and Plaintiffs agree not to oppose efforts by lead counsel for plaintiffs in the California State Actions to file a request for attorneys' fees and/or costs relating to the claims by the subscribers in the California State Actions to be paid from the Cash Component in accordance with Section 6.1.1.1. An award of attorneys' fees and/or costs for counsel in the California State Actions shall be included in the payments by Wal-Mart made under Section 6.1.1.1 of this Agreement and shall be disbursed in accordance with the timetable set forth in

17

Section 11.1.2 and 11.1.3 of this Agreement. Class Counsel reserve the right to oppose the amount of any such request, if there is no advance agreement between Class Counsel and lead counsel for Plaintiffs in the California State Actions on the amount of the request. Lead counsel for Plaintiffs in the California State Actions shall apply to the District Court for fees and/or expenses on behalf of all plaintiffs' counsel in the California State Actions relating to the claims by the Netflix subscribers in the California State Actions as contemplated by this Section as part of the process to approve this Settlement under Sections 16 and 17 of this Agreement, and shall be responsible for allocating any award of fees and/or expenses among all such plaintiffs' counsel.

## 14.    QUALIFIED SETTLEMENT FUND

14.1    At the times required by Section 11.1 of this Agreement, Wal-Mart shall transfer to a trustee selected jointly by Class Counsel and Wal-Mart (the "*Trustee*") the required portions of the Class Settlement Amount, to be held as a separate trust constituting a QSF as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1. Class Counsel and Wal-Mart jointly shall, and shall cause the Trustee to, take such steps as shall be necessary to qualify the QSF under §468B of the Internal Revenue Code, 26 U.S.C. §468B, and the regulations promulgated pursuant thereto. Wal-Mart shall be considered the "transferor" within the meaning of Treasury Regulation §1.468B-1(d)(1). The Claims Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3). The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its preliminary approval of the Settlement and Notice as described in Section 16.1. The Court shall retain jurisdiction over the administration of the QSF. Wal-Mart shall supply to the Claims Administrator and to the Internal Revenue Service the statement described in Treasury Regulation §1.468B-3(e)(2) no later than February 15th of the year following each calendar year in which Wal-Mart makes a transfer to the QSF. It is intended that the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code, and Treasury Regulation §1.461-1(a)(2). Accordingly, Wal-Mart shall not include the income of the QSF in its income. Rather, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds. In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other deductible expenses incurred in connection with the operation of the QSF, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the QSF.

14.2    Upon establishment of the QSF, the Trustee shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

14.3    If requested by either Wal-Mart or the Claims Administrator, the Claims Administrator, the Trustee and Wal-Mart shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

18

1539981v1

14.4    Following its deposits as described in Section 14.1 of this Agreement, Wal-Mart shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of Verifications and Opt-Out Letters, the allowance or disallowance of claims by Claimants, payments to Class Counsel, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and other taxes imposed on the QSF or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Wal-Mart's obligations to Claimants and Class Counsel and for expenses of administration in respect to the disposition of the Class Settlement Amount hereunder. Rather, the Claims Administrator shall have sole authority and responsibility for the administration of such funds and income thereon, disbursement to Claimants and Class Counsel, and payment of taxes and administrative costs in accordance with the provisions hereof, subject only to the rights of Wal-Mart or Class Counsel to audit determinations of the Claims Administrator in accordance with Section 8.6 of this Agreement or to seek redress for any breach of the terms hereof.

14.5    The Claims Administrator shall cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns and tax withholdings statements in accordance with the provisions of Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(l)(2)(ii). The Claims Administrator may, at the expense of the QSF, retain legal counsel and an independent, certified public accountant to consult with and advise the Claims Administrator or the Trustee with respect to the preparation and filing of such materials and the federal, state and local tax compliance of the QSF. Either Wal-Mart or the Claims Administrator, independently or jointly, may, but are not required to, apply to the Internal Revenue Service and/or any applicable state taxing authority for an advance ruling as to any issue pertinent to the qualification of the QSF under Internal Revenue Code §468B and Treasury Regulations promulgated thereunder, its tax status under applicable state law, and/or its tax payment, reporting and withholding duties, so long as Wal-Mart and the remaining Parties are reasonably satisfied that such application and ruling will not compromise the confidentiality of settlement evidenced herein as required by Section 24 of this Agreement. Subject to any contrary holdings in any such ruling, Settlement Class Members shall be responsible for payment of appropriate federal, state, and local income taxes on any claim paid out pursuant to this Agreement. The Parties agree that no portion of any distributions from the QSF to the Settlement Class Members is made in satisfaction of any excluded liability as described in Treasury Regulation § 1.468B-1(g), related to Qualified Settlement Funds.

14.6    The taxable year of the QSF shall be the calendar year in accordance with Treasury Regulation §1.468B-2(j). The QSF shall utilize the accrual method of accounting within the meaning of § 446(c) of the Internal Revenue Code.

14.7    The QSF shall be invested in United States Treasury bills or money market funds primarily invested in the same, provided that such portions of the QSF as may reasonably be required to pay current QSF administrative expenses, taxes or disbursements to Claimants or Class Counsel may be deposited in bank accounts which are federally

19

insured to the greatest extent practicable. All federal, state, and local taxes imposed with respect to income earned by, or property of, the QSF, shall be paid from the QSF.

14.8   The Claims Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above-described authorities provided that the rights and liabilities of the Parties hereto and the Class are not altered thereby in any material respect.

### 15.   COMPREHENSIVE WAIVER, RELEASE, AND DISMISSAL

15.1   Settlement Class Member Released Claims - Release by Settlement Class Members

15.1.1. Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members, do hereby irrevocably release, acquit, and forever discharge Wal-Mart of and from any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in the Litigation or the California State Actions, or that could have been asserted but were not asserted in the Litigation or the California State Actions, or in any other court or forum, whether known or unknown, on the basis of, connected with, arising out of, or related in whole or in part to any or all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Litigation or the California State Actions, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local, including, without limitation, claims under federal or state antitrust laws for the time period set forth in Section 2.40.

15.1.2. The Settlement Class Member Released Claims also includes a release of all claims for Attorneys' Fees and Costs incurred by Releasing Settlement Class Members or by Class Counsel or any other attorney in connection with the Litigation, the California State Actions, and this Settlement, and all claims related to conduct in discovery in the Litigation, including requests for discovery sanctions under Federal Rule of Civil Procedure 37 or any other similar rule of civil procedure, provided, however, that nothing in this subparagraph releases any Party from the obligations under Section 26 of this Agreement.

15.1.3. Releasing Settlement Class Members understand and agree that the release of the Settlement Class Member Released Claims is a full and final general release applying to both those Settlement Class Member Released Claims that are currently known, anticipated, or disclosed to Releasing Settlement Class Members and to all those Settlement Class Member Released Claims that are presently unknown, unanticipated, or undisclosed to any Releasing Settlement Class

20

Members arising out of the alleged facts, circumstances, and occurrences underlying: (i) the claims set forth in the Litigation or the California State Actions; or (ii) Wal-Mart's conduct with respect to the Litigation or the California State Actions. Releasing Settlement Class Members acknowledge that the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all such unknown claims. In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or the class may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Litigation under the terms of Section 1542 (a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

15.2    Wal-Mart Released Claims - Release by Wal-Mart

15.2.1. Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, Wal-Mart does hereby irrevocably release, acquit, and forever discharge all Releasing Settlement Class Members of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability that could have been asserted but were not asserted as a compulsory counterclaim against Releasing Settlement Class Members in the Litigation or the California State Actions.

15.2.2. The release by Wal-Mart also includes a release of all claims related to conduct in discovery in the Litigation, including requests for discovery sanctions under Federal Rule of Civil Procedure 37 or any other similar rule of civil procedure, provided, however, that nothing in this subparagraph releases any Party from the obligations under Section 26 of this Agreement.

15.2.3. Wal-Mart understands and agrees that the release of the Wal-Mart Released Claims it is giving is a full and final general release applying to both those Wal-Mart Released Claims that are currently known, anticipated, or disclosed to Wal-Mart and to all those Wal-Mart Released Claims that are presently unknown, unanticipated, or undisclosed to Wal-Mart arising out of the alleged facts, circumstances, and occurrences underlying any compulsory counterclaim that could have been asserted in the Litigation or the California State Actions. Wal-Mart acknowledges that the facts could be different than it now knows or suspects to be the case, but it is nonetheless releasing all such unknown counterclaims. In

21

exchange for the good and valuable consideration set forth herein, Wal-Mart furthers waive any and all rights or benefits that it may now have as a result of the alleged facts, circumstances, and occurrences underlying such a potential compulsory counterclaim under the terms of Section 1542 (a) of the California Civil Code (or similar statute in effect in other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

15.3   The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

15.4   The Final Judgment and Order of Dismissal shall dismiss the Litigation with prejudice as to Wal-Mart and shall incorporate the terms of this release.

16.   DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY COURT APPROVAL

16.1   Within twenty (20) days of the Execution of this Agreement, Class Counsel shall apply to the District Circuit Court for the entry of an order granting preliminary approval of the Settlement substantially in the following form:

16.1.1. Preliminarily approving the Settlement;

16.1.2. Approving as to form and content the proposed notices and notice plan, including the E-Mailed Notice, (and, to the extent applicable, U.S. Postal Service Mail Notice, and Publication Notice), and Claim Form;

16.1.3. Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class;

16.1.4. Approving Craig C. Corbitt as Independent Settlement Counsel;

16.1.5. Approving Bryan Eastman, Amy Latham, Melanie Salvi, Stan Magee, Michael Orozco, Andrea Resnick, Liza Sivek, Michael Weiner and Scott Caldwell as Settlement Class Representatives;

16.1.6. Approving Rust Consulting, Inc. as Claims Administrator.

16.2   Wal-Mart shall cooperate with Class Counsel as necessary to obtain preliminary approval.

16.3    The Parties shall continue to take any steps necessary to stay any pending proceedings so as to preserve the status quo in the event that the Settlement Effective Date does not occur.

17.    DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

17.1    The parties agree that following preliminary approval by the District Court of the Settlement, the previous Settlement Agreement dated December 2, 2011 is deemed null and void as to the Settlement Class Members, as defined in Section 2.39 above. Following preliminary approval by the District Court of the Settlement, Class Counsel will submit a proposed Final Judgment and Order of Dismissal substantially in the form attached hereto as Exhibit 6. The proposed Final Judgment and Order of Dismissal shall:

17.1.1. Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

17.1.2. Approve Class Counsel's application for an award of attorneys' fees and reimbursement of costs, as well as any separate application filed by Lead counsel for Plaintiffs in the California State Actions;

17.1.3. Approve the Class Representative Incentive Payments, including any Class Representative Incentive Payments on behalf of the named plaintiffs or class representatives in the California State Actions, if any;

17.1.4. Certify the Settlement Class for Settlement purposes in accordance with applicable legal standards and Section 4 and Exhibit 5 to this Agreement;

17.1.5. Dismiss this Litigation as between the Named Plaintiffs, the Settlement Class Representatives and the Settlement Class Members, on the one hand, and Wal-Mart on the other hand, on the merits and with prejudice and permanently bar the Named Plaintiffs, the Settlement Class Representatives, and all Settlement Class Members (other than those who timely filed valid Opt-Out Letters) from further prosecuting any of the Settlement Class Member Released Claims against Wal-Mart.

17.2    Wal-Mart shall cooperate with Class Counsel as necessary to obtain final approval and the dismissal of the Litigation as to Wal-Mart.

17.3    Class Counsel shall use best efforts to obtain the issuance by the Court of a good faith settlement bar order, in accordance with Section 12.

17.4    The Final Judgment and Order of Dismissal shall not be considered final until the occurrence of the Settlement Effective Date.

18.    MUTUAL FULL COOPERATION

18.1    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take

23

1539981v1

such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Wal-Mart and its counsel, take all necessary steps to secure the Court's Final Judgment.

### 19.    STATEMENT OF NO ADMISSION

19.1    Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Wal-Mart, and Wal-Mart denies liability for any alleged wrongdoing. Wal-Mart expressly denies liability for the claims asserted and specifically denies and does not admit any of the pleaded facts not admitted in its pleadings in the Litigation. Nor shall this Agreement constitute an admission by Wal-Mart as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Litigation. Likewise, nothing in this agreement shall be construed or deemed an admission by Plaintiffs or the Settlement Class with regards to the validity of any of Wal-Mart's defenses or affirmative defenses. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

19.2    This Agreement, and all related documents, including the Settlement Agreement, the certification for settlement purposes entered pursuant to this Agreement, and any Claim Forms, Opt-Out Letters or Objections submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Litigation or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against Wal-Mart, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

19.3    The Claim Forms, Opt-Out Letters or Objections, or other evidence produced or created by any Settlement Class Member in connection with the claims resolutions procedures pursuant to this Settlement, and any actions taken by Wal-Mart in response to such Claim Forms, Opt-Out Letters, Objections, or other evidence, do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by Wal-Mart of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

19.4    The Parties and Class Counsel agree that certification of the Settlement Class in accordance with the terms of this Agreement is for settlement purposes only. Nothing in this Agreement will be construed as an admission or acknowledgement of any kind that any class should be or should have been certified in this Litigation or in any other action or proceeding. Further, neither this Agreement, nor the Court's actions with regard to this Agreement, will be deemed admissible in this Litigation and are not intended to be

24

admissible (and Plaintiffs and Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment. In the event that this Agreement is not approved by the District Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, Wal-Mart will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Litigation. Such objections and defenses include, but are not limited to, Wal-Mart's objections and defenses to any class-wide treatment and nothing in this Agreement or any document related to this Agreement shall be construed as a waiver by Wal-Mart of its contention that class certification is not appropriate and is contrary to law in this Litigation or any other case or proceeding.

### 20.   VOIDING THE AGREEMENT

20.1   Subject to Section 9.4, in the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against Wal-Mart.

20.2   In the event that the Court does not approve the Attorneys' Fees and Costs in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Costs requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable. Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Costs.

### 21.   SIGNATORIES' AUTHORITY

21.1   The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

### 22.   NO PRIOR ASSIGNMENTS

22.1   The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

### 23.   NOTICES

23.1   Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given: (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail,

return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

23.1.1. To the Class:

Robert G. Abrams
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Tele: (202) 861-1699
Fax: (202) 861-1783
Email: rabrams@bakerlaw.com

Guido Saveri
Lisa Saveri
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
Tele: (415) 217-6810
Fax: (415) 217-6813
Email: Guido@Saveri.com
            Lisa@Saveri.com

Craig C. Corbitt
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tele: (415) 633-1905
Fax: (415) 693-0770
Email: ccorbitt@zelle.com

23.1.2. To Wal-Mart:

Lawrence C. DiNardo
Paula W. Render
JONES DAY
77 West Wacker
Chicago, Illinois  60601-1692
Tele: (312) 782-3939
Fax: (312) 782-8585
Email: lcdinardo@jonesday.com
prender@jonesday.com

Neal S. Manne
Susman Godfrey, LLP
1000 Louisiana Street
Houston, Texas 77002-5096
Tele:  (713) 651-9366
Fax:  (713) 654-6666
Email: NManne@susmangodfrey.com

Marc Seltzer
Susman Godfrey, LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Tele:  (310) 789-3100
Fax:  (310) 789-3150
Email: MSeltzer@susmangodfrey.com

24.      CONFIDENTIALITY

26

24.1    Subject to the provision of Section 25, the negotiations related to this Agreement (including the negotiations regarding the Term Sheet, negotiations related to the drafting of this Agreement, and any negotiations prior to preliminary approval or between the time of preliminary and final approval) will remain strictly confidential and shall not be discussed with anyone other than the named Plaintiffs and Wal-Mart, their retained attorneys, their accountants and financial or tax advisers, the retained consultants, the Court, and the mediator Judge Layn R. Phillips and his staff, unless otherwise agreed to by Class Counsel and Wal-Mart or unless otherwise ordered by the Court. Notwithstanding the other provisions of this Section, Wal-Mart may disclose the Settlement in filings that Wal-Mart Stores, Inc., is required to make with the Securities and Exchange Commission, including 10-Q and 10-K filings, or in other disclosures to investors.

## 25.    PRESS RELEASE

25.1    Wal-Mart shall be entitled to issue a press release regarding this Settlement at its discretion.  The press release shall include a quote from Class Counsel.  Neither side shall make any other statements to the media concerning the Settlement and both sides shall decline to respond to media inquiries concerning the Settlement other than to refer the media to the press release until such time as final approval has been granted by the Court; provided however that Wal-Mart may respond to comments to the media made by Netflix, Blockbuster, Plaintiffs' counsel in the California State Actions, or others at Wal-Mart's discretion.  This Paragraph does not preclude appropriate notice by publication.

## 26.    DOCUMENTS AND DISCOVERY

26.1    Wal-Mart agrees to reasonably cooperate with Class Counsel with respect to future discovery in the Litigation to provide reasonable assistance (by stipulation, affidavit, or witness testimony, the choice of which shall be based on the requirements to establish admissibility under the applicable circumstances) in establishing that documents and/or data produced by Wal-Mart in the Litigation are authentic business records, as well as other requirements of admissibility, if any.

26.2    Within sixty (60) days after a final, non-appealable judgment is entered disposing of all claims in the Litigation (including those against parties other than Wal-Mart), Class Counsel agrees to take steps necessary to destroy or erase all documents and data produced by Wal-Mart in the Litigation.  Class Counsel shall certify to Wal-Mart their good faith efforts to comply with this provision.

## 27.    MISCELLANEOUS PROVISIONS

27.1    Construction.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or his counsel participated in the drafting of this Settlement.

27.2    Captions and Interpretations.  Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or

1539981v1

describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

27.3    <u>Modification</u>.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.  Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

27.4    <u>Integration Clause</u>.  This Agreement, the Exhibits hereto, the Supplemental Agreement Regarding Opt Outs, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

27.5    <u>Binding on Assigns</u>.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

27.6    <u>Class Counsel Signatories</u>.  It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement.  The E-Mailed Notice and Publication Notice will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the release.  Excepting only those Settlement Class Members who timely submit an Opt-Out Letter, the E-Mailed Notice and Publication Notice shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

27.7    <u>Counterparts</u>.  This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

27.8    <u>Arbitration</u>.  The Parties agree to binding, non-appealable arbitration before the Honorable Layn R. Phillips in accordance with the Federal Arbitration Act to resolve any disagreements over the implementation of the terms of the Settlement, this Agreement, or any other documents necessary to effectuate the Settlement.  Unless otherwise ordered by Judge Phillips, the Parties will split the costs of the arbitration and all Parties will bear their own attorneys' fees.

27.9    <u>Applicable Law</u>.  This Agreement shall be governed by California law without regard to its choice of law or conflicts of law principles or provisions.

27.10 <u>Enforcement Actions</u>.  In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

ACCEPTED AND AGREED:

By: _____  7/11/11
Andrea Resnick                          Date

By: _____  _____
Bryan Eastman                           Date

By: _____  _____
Amy Latham                              Date

By: _____  _____
Stan Magee                              Date

By: _____  _____
Melanie Miscioscia Salvi                Date

By: _____  _____
Michael Orozco                          Date

By: _____  _____
Liza Sivek                              Date

By: _____  _____
Michael Wiener                          Date

By: _____  _____
Scott Caldwell                          Date

ON BEHALF OF PLAINTIFFS:

_____  _____
Robert G. Abrams                   Date
BAKER & HOSTETLER LLP

30

1539581v1

ACCEPTED AND AGREED:

By: _____                    _____
Andrea Resnick                                  Date

By: _Bryan East_____                  _7/12/4_____
Bryan Eastman                                   Date

By: _____                    _____
Amy Latham                                      Date

By: _____                    _____
Stan Magee                                      Date

By: _____                    _____
Melanie Miscioscia Salvi                        Date

By: _____                    _____
Michael Orozco                                  Date

By: _____                    _____
Liza Sivek                                      Date

By: _____                    _____
Michael Wiener                                  Date

By: _____                    _____
Scott Caldwell                                  Date

ON BEHALF OF PLAINTIFFS:

_____                         _____
Robert G. Abrams                                Date
BAKER & HOSTETLER LLP

30

1539981v1

ACCEPTED AND AGREED:

By: _____          _____
Andrea Resnick                                              Date


By: _____          _____
Bryan Eastman                                              Date


By: *Amy Latham*                          7/7/11
Amy Latham                                              Date


By: _____          _____
Stan Magee                                              Date


By: _____          _____
Melanie Miscioscia Salvi                                              Date


By: _____          _____
Michael Orozco                                              Date


By: _____          _____
Liza Sivek                                              Date


By: _____          _____
Michael Wiener                                              Date


By: _____          _____
Scott Caldwell                                              Date


ON BEHALF OF PLAINTIFFS:


_____          _____
Robert G. Abrams                                              Date
BAKER & HOSTETLER LLP


30

1539981v1

ACCEPTED AND AGREED:

By: _____
Andrea Resnick

Date _____


By: _____
Bryan Eastman

Date _____


By: _____
Amy Latham

Date _____


By: *Stan Magee*
Stan Magee

Date 7/5/2011


By: _____
Melanie Miscioscia Salvi

Date _____


By: _____
Michael Orozco

Date _____


By: _____
Liza Sivek

Date _____


By: _____
Michael Wiener

Date _____


By: _____
Scott Caldwell

Date _____


ON BEHALF OF PLAINTIFFS:


_____
Robert G. Abrams
BAKER & HOSTETLER LLP

Date _____


30

1539981v1

By: _____            _____
Amy Latham                                Date


By: _____            _____
Stan Magee                                Date


By: *Melanie Miscioscia Salvi*            7/5/11
Melanie Miscioscia Salvi                  Date


By: _____            _____
Michael Orozco                            Date


By: _____            _____
Liza Sivek                                Date


By: _____            _____
Michael Wiener                            Date


By: _____            _____
Scott Caldwell                            Date


ON BEHALF OF PLAINTIFFS:


_____                 _____
Robert G. Abrams                          Date
BAKER & HOSTETLER LLP

ACCEPTED AND AGREED:

By: _____        _____
Andrea Resnick                              Date


By: _____        _____
Bryan Eastman                               Date


By: _____        _____
Amy Latham                                  Date


By: _____        _____
Stan Magee                                  Date


By: _____        _____
Melanie Miscioscia Salvi                    Date

By: _____        7/1/11
Michael Orozco                              Date


By: _____        _____
Liza Sivek                                  Date


By: _____        _____
Michael Wiener                              Date


By: _____        _____
Scott Caldwell                              Date


ON BEHALF OF PLAINTIFFS:


_____            _____
Robert G. Abrams                            Date
BAKER & HOSTETLER LLP


30

ACCEPTED AND AGREED:

By: _____
Andrea Resnick

_____
Date

By: _____
Bryan Eastman

_____
Date

By: _____
Amy Latham

_____
Date

By: _____
Stan Magee

_____
Date

By: _____
Melanie Miscioscia Salvi

_____
Date

By: _____
Michael Orozco

_____
Date

By: *Liza Sivek*
Liza Sivek

7/6/11
Date

By: _____
Michael Wiener

_____
Date

By: _____
Scott Caldwell

_____
Date

ON BEHALF OF PLAINTIFFS:

_____
Robert G. Abrams
BAKER & HOSTETLER LLP

_____
Date

30

ACCEPTED AND AGREED:

By: _____
Andrea Resnick

_____
Date

By: _____
Bryan Eastman

_____
Date

By: _____
Amy Latham

_____
Date

By: _____
Stan Magee

_____
Date

By: _____
Melanie Miscioscia Salvi

_____
Date

By: _____
Michael Orozco

_____
Date

By: _____
Liza Sivek

_____
Date

X  By: _____
Michael Wiener

7/5/2011
_____
Date

By: _____
Scott Caldwell

_____
Date

ON BEHALF OF PLAINTIFFS:

_____
Robert G. Abrams
BAKER & HOSTETLER LLP

_____
Date

30

1539981v1

ACCEPTED AND AGREED:

By: _____                    _____
Andrea Resnick                                   Date


By: _____                    _____
Bryan Eastman                                    Date


By: _____                    _____
Amy Latham                                       Date


By: _____                    _____
Stan Magee                                       Date


By: _____                    _____
Melanie Miscioscia Salvi                         Date


By: _____                    _____
Michael Orozco                                   Date


By: _____                    _____
Liza Sivek                                       Date


By: _____                    _____
Michael Wiener                                   Date


By: _Scott Caldwell_ (signature)                 7/7/2011
Scott Caldwell                                   Date


ON BEHALF OF PLAINTIFFS:


_____                         _____
Robert G. Abrams                                 Date
BAKER & HOSTETLER LLP


30

1539981v1

ACCEPTED AND AGREED:

By: _____
Andrea Resnick

_____
Date

By: _____
Bryan Eastman

_____
Date

By: _____
Amy Latham

_____
Date

By: _____
Stan Magee

_____
Date

By: _____
Melanie Miscioscia Salvi

_____
Date

By: _____
Michael Orozco

_____
Date

By: _____
Liza Sivek

_____
Date

By: _____
Michael Wiener

_____
Date

By: _____
Scott Caldwell

_____
Date

ON BEHALF OF PLAINTIFFS:

_____
Robert G. Abrams
BAKER & HOSTETLER LLP

7/7/11
Date

30

By: _____     _____ 7/7/11
Guido Saveri                     Date
SAVERI & SAVERI, INC.

By: _____     _____
Joseph J. Tabacco                Date
BERMAN DEVALERIO


By: _____     _____
Eugene Spector                   Date
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.


By: _____     _____
David Sorensen                   Date
BERGER & MONTAGUE, P.C.


By: _____     _____
Craig C. Corbitt                 Date
Independent Settlement Counsel
ZELLE HOFMANN VOELBEL & MASON LLP


By: _____     _____
William M. Audet                 Date
AUDET & PARTNERS LLP

31

1539981v1

By: _____     _____
Guido Saveri                       Date
SAVERI & SAVERI, INC.

By: _____     _____
Joseph J. Tabacco                  Date
BERMAN DEVALERIO

By: _____     _____
Eugene Spector                     Date
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.

By: _____     _____
David Sorensen                     Date
BERGER & MONTAGUE, P.C.

By: _____     _____
Craig C. Corbitt                   Date
Independent Settlement Counsel
ZELLE HOFMANN VOELBEL & MASON LLP

By: _____     _____
William M. Audet                   Date
AUDET & PARTNERS LLP

31

By: _____          _____
Guido Saveri                                        Date
SAVERI & SAVERI, INC.


By: _____          _____
Joseph J. Tabacco                                  Date
BERMAN DEVALERIO


By: _____          7/7/11
Eugene Spector                                    Date
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.


By: _____          _____
David Sorensen                                     Date
BERGER & MONTAGUE, P.C.


By: _____          _____
Craig C. Corbitt                                   Date
Independent Settlement Counsel
ZELLE HOFMANN VOELBEL & MASON LLP


By: _____          _____
William M. Audet                                   Date
AUDET & PARTNERS LLP

31

By: _____          _____
Guido Saveri                            Date
SAVERI & SAVERI, INC.

By: _____          _____
Joseph J. Tabacco                       Date
BERMAN DEVALERIO


By: _____          _____
Eugene Spector                          Date
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.

By: _____          7/7/11
David Sorensen                          Date
BERGER & MONTAGUE, P.C.


By: _____          _____
Craig C. Corbitt                        Date
Independent Settlement Counsel
ZELLE HOFMANN VOELBEL & MASON LLP


By: _____          _____
William M. Audet                        Date
AUDET & PARTNERS LLP


31

1539981v1

By: _____          _____
Guido Saveri                                              Date
SAVERI & SAVERI, INC.

By: _____          _____
Joseph J. Tabacco                                      Date
BERMAN DEVALERIO

By: _____          _____
Eugene Spector                                         Date
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.

By: _____          _____
David Sorensen                                         Date
BERGER & MONTAGUE, P.C.

By: _____          __7__/_11_/_11___
Craig C. Corbitt                                       Date
Independent Settlement Counsel
ZELLE HOFMANN VOELBEL & MASON LLP

By: _____          _____
William M. Audet                                       Date
AUDET & PARTNERS LLP

31

By: _____          _____
Guido Saveri                            Date
SAVERI & SAVERI, INC.


By: _____          _____
Joseph J. Tabacco                       Date
BERMAN DEVALERIO


By: _____          _____
Eugene Spector                          Date
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.


By: _____          _____
David Sorensen                          Date
BERGER & MONTAGUE, P.C.


By: _____          _____
Craig C. Corbitt                        Date
Independent Settlement Counsel
ZELLE HOFMANN VOELBEL & MASON LLP


By: _____          _____
William M. Audet                        Date
AUDET & PARTNERS LLP

ON BEHALF OF WAL-MART:

By: _____
Michael Bennett
SENIOR VICE PRESIDENT - WALMART

Date _____ July 5, 2011

By: _____
Lawrence C. DiNardo
JONES DAY

Date _____ 7/5/2011

By: _____
Neal Manne
SUSMAN GODFREY LLP

Date _____

153998 v.1

ON BEHALF OF WAL-MART:

By: _____                    _____
Michael Bennett                                 Date
SENIOR VICE PRESIDENT - WALMART


By: _____                    _____
Lawrence C. DiNardo                             Date
JONES DAY


By: *Neal Manne*                                7-12-11
                                                _____
Neal Manne                                      Date
SUSMAN GODFREY LLP

32

# EXHIBIT 1

To:
From: Online DVD Class Action Administrator
Subject: Online DVD Lawsuit -- Current and Former Netflix Subscribers

**If You Rented Online DVDs from Netflix**
**A Class Action and a Settlement with Wal-Mart May Affect Your Rights**

*Para una notificación en Español, llamar 1-800-000-0000 o visitar www.OnlineDVDclass.com*

Records show that you paid a subscription fee to rent DVDs online from Netflix anytime from May 19, 2005 to Month 00, 2011.  We are emailing to tell you about a Settlement and lawsuit that may affect your legal rights.  You may be eligible to receive a cash payment or gift card from the Settlement. Please read this email carefully.  Go to www.OnlineDVDclass.com for more information.

There is a lawsuit against Wal-Mart Stores Inc. and Walmart.com USA LLC (together called "Wal-Mart") and Netflix, Inc. ("Netflix") involving the price of online DVD rentals. The Class Action seeks money for current and former Netflix subscribers. A Settlement has been reached with Wal-Mart. Netflix and Wal-Mart believe that the lawsuits have no basis.  Netflix has <u>not</u> settled the lawsuit and the litigation continues against it.

**What is the lawsuit about?**
The lawsuit claims that Wal-Mart and Netflix reached an unlawful agreement under which Wal-Mart would withdraw from the online DVD rental market and Netflix would not sell new DVDs. Wal-Mart and Netflix deny that they entered into such an agreement or that they have done anything wrong, that the Plaintiffs have been harmed in any way, or that the price of online DVD rentals was raised or inflated by any agreement between Wal-Mart and Netflix. The Court has not decided who is right.

**The Litigation Class Against Netflix**

***Who's included in the Netflix Litigation Class?*** Any person or entity in the United States that paid a subscription fee to Netflix anytime from May 19, 2005 to September 30, 2010.

***What are my rights in the Netflix Litigation Class?***
<u>Remain in the Litigation:</u>  If you wish to remain in the Litigation, you do not need to take any action at this time.
<u>Get out of the Litigation:</u>  If you wish to keep your individual right to sue Netflix and/or Wal-Mart about these claims you must exclude yourself.  To ask to be excluded, send a letter to the address below, postmarked by **Month 00, 2011,** that says you want to be excluded from *In re: Online DVD Rental Antitrust Litigation*, MDL No. 2029. Include your name, address, and telephone number.

**The Wal-Mart Settlement Class**

***Who's included in the Wal-Mart Settlement Class?*** Any person or entity living in the United States or Puerto Rico that paid a subscription fee to rent DVDs online from Netflix anytime from May 19, 2005 to and including **[DATE OF PRELIM APPROVAL] Month 00, 2011**.

***What does the Settlement provide?*** Wal-Mart will pay $27,250,000, in cash and gift cards, to settle the lawsuit. If you qualify, you can get a cash payment or a gift card that can be used at www.walmart.com. The actual amount paid in cash and in gift cards depends on the total number of valid claims filed.

Class Counsel will ask the Court to award the following: (1) attorneys' fees up to 25% of the Settlement Fund, plus costs that Class Counsel estimate at up to $1.7 million, (2) administration and notice costs, and (3) $5,000 for each of the Class Representatives (up to $80,000 total which could include the class representatives from cases filed in California state courts). After these fees and costs are deducted from the Settlement Fund, the remaining amount will be equally divided amongst the Wal-Mart Settlement Class Members who file valid claims.

***How to get Settlement benefits?*** You must submit a Claim Form to get benefits. You can submit a Claim Form online (for gift cards only) or by mail. The deadline to submit a Claim Form is **Month 00, 2011.** Click <u>here</u> to get a Claim Form or call 1-800-000-0000.

***What are my rights in the Wal-Mart Settlement Class?***
<u>**Remain in the Settlement:**</u> If you wish to remain in the Wal-Mart Settlement Class and get benefits, you need to file a claim.
<u>**Get out of the Settlement:**</u> If you wish to keep your right to individually sue Wal-Mart about the claims in this case you must exclude yourself by **Month 00, 2011** from *both* the Wal-Mart Settlement Class and the Netflix Litigation Class. See the instruction on how to "Get out of the Litigation" above.
<u>**Remain in the Wal-Mart Settlement Class and Object:**</u> If you stay in the Wal-Mart Settlement Class you can object to it by **Month 00, 2011**.

The detailed notice, available at www.OnlineDVDclass.com or by calling 1-800-000-0000, explains how to exclude yourself or object.

The Court will hold a hearing on **Month 00, 2011** to consider whether to approve the Settlement, and a request for attorneys' fees, cost, and expenses. If you wish, you or your own attorney may ask to appear and speak at the hearing at your own cost.

**For More Information:     1-800-000-0000     www.OnlineDVDclass.com**
**Netflix Lawsuit, PO Box 0000, City, ST 00000**
**Text: "DVD" to 00000 (Text messaging rates may apply)**

# EXHIBIT 2

Legal Notice

# If You Rented Online DVDs from Netflix,

## A Class Action Lawsuit And A Settlement Could Affect You.

There is a lawsuit against Wal-Mart Stores Inc. and Walmart. com USA LLC (together called "Wal-Mart") and Netflix, Inc. ("Netflix") involving the price of online DVD rentals. The Class Action seeks money for current and former Netflix online subscribers. A Settlement has been reached with Wal-Mart. Netflix and Wal-Mart believe that the lawsuit has no basis. Netflix has not settled the lawsuit and the litigation continues against it.

### What is the lawsuit about?

The lawsuit claims that Wal-Mart and Netflix reached an unlawful agreement under which Wal-Mart would withdraw from the online DVD rental market and Netflix would not sell new DVDs. Wal-Mart and Netflix deny that they entered into such an agreement or that they have done anything wrong, that the Plaintiffs have been harmed in any way, or that the price of online DVD rentals was raised or inflated by any agreement between Wal-Mart and Netflix. The Court has not decided who is right.

### The Litigation Class Against Netflix

*Who's included in the Netflix Litigation Class?* Any person or entity in the United States that paid a subscription fee to Netflix anytime from May 19, 2005 to September 30, 2010.

*What are my rights in the Netflix Litigation Class?*
• Remain in the Litigation: If you wish to remain in the Litigation, you do not need to take any action at this time.
• Get out of the Litigation: If you wish to keep your individual right to sue Netflix and/or Wal-Mart about these claims you must exclude yourself. To ask to be excluded, send a letter to the address below, postmarked by Month 00, 2011, that says you want to be excluded from In re: Online DVD Rental Antitrust Litigation, MDL No. 2029. Include your name, address, and telephone number.

### The Wal-Mart Settlement Class

*Who's included in the Wal-Mart Settlement Class?* Any person or entity living in the United States or Puerto Rico that paid a subscription fee to rent DVDs online from Netflix anytime from May 19, 2005 to **[DATE OF PRELIM APPROVAL] Month 00, 2011**.

*What does the Settlement provide?* Wal-Mart will pay $27,250,000, in cash and gift cards to settle the lawsuit. If

you qualify, you can get a cash payment or a gift card that can be used at www.walmart.com. The actual amount paid in cash and in gift cards depends on the total number of valid claims filed.

Class Counsel will ask the Court to award the following: (1) attorneys' fees up to 25% of the Settlement Fund, plus costs that Class Counsel estimate at up to $1.7 million, (2) administration and notice costs, and (3) $5,000 for each of the Class Representatives (up to $80,000 total which could include the class representatives from cases filed in California state courts). After these fees and costs are deducted from the Settlement Fund, the remaining amount will be equally divided amongst the Wal-Mart Settlement Class Members who file valid claims.

More details are in the Settlement Agreement, which is available at www.OnlineDVDclass.com.

*How to get Settlement benefits?* You must submit a Claim Form to get benefits. You can submit a Claim Form online (for gift cards only) or by mail. The deadline to submit a Claim Form is **Month 00, 2011**. Claim Forms are available at the website or by calling 1-800-000-0000.

*What are my rights in the Wal-Mart Settlement Class?*
• Remain in the Settlement: If you wish to remain in the Wal-Mart Settlement Class and get benefits, you need to file a claim.
• Get out of the Settlement: If you wish to keep your right to individually sue Wal-Mart about the claims in this case you must exclude yourself by **Month 00, 2011** from *both* the Wal-Mart Settlement Class and the Netflix Litigation Class. See the instruction on how to "Get out of the Litigation" above.
• Remain in the Wal-Mart Settlement Class and Object: If you stay in the Wal-Mart Settlement Class you can object to it by **Month 00, 2011**.

The detailed notice, available at www.OnlineDVDclass. com or by calling 1-800-000-0000, explains how to exclude yourself or object.

The Court will hold a hearing on Month 00, 2011 to consider whether to approve the Settlement, and a request for attorneys' fees, cost, and expenses. If you wish, you or your own attorney may ask to appear and speak at the hearing at your own cost.

---

### For More Information:    1-800-000-0000   www.OnlineDVDclass.com
### Netflix Lawsuit, PO Box 0000, City, ST 00000
#### Text: "DVD" to 00000 (Text messaging rates may apply)

# EXHIBIT 3A

**EXHIBIT 3-A**

**In re: Netflix and Walmart.com Antitrust Cases**
**Table of Associated State Cases**
**Master File Case Number:  1-09-CV-138096**

**The Superior Court of California, County of Santa Clara**

| Case Number | Member Case |
|---|---|
| 1-09-CV-138096 | Collusi v. Netflix, Inc., et al. |
| 1-09-CV-133576 | Norem V. Netflix, Inc., et al. |
| 1-09-CV-133878 | Macias V. Netflix, Inc, et. al |
| 1-09-CV-134759 | Cornett V. Netflix, Inc., et al. |
| 1-09-CV-134921 | Randle V. Netflix, Inc., et al. |
| 1-09-CV-139511 | Kirkpatrick V. Netflix, Inc., et al. |

**The Superior Court of California, County of San Mateo**

| Case Number | Member Case |
|---|---|
| CIV 484165 | Katz v. Netflix, Inc. et al. |

CHI-1808669v1

# EXHIBIT 3B

**EXHIBIT 3-B**
**In re Online DVD Rental. Antitrust Litigation**
**Table of Associated Federal. Cases**
**Master File Case Number:  4:09-md-02029-PJH**

| Case Number | Member Case | CLOSED |
|---|---|---|
| 4 :09-cv-00002-PJH | Resnick at al. v. Wamlart.com USA LLC et al. | |
| 4:09-cv-00236-PJH | Anthony et al. v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-01740-PJH | Belai v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-02063-PJH | Bowles v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-05151-PJH | Boynton v. Walmart.com USA LLC et al. | |
| 4:09-cv-00445-PJH | Bruno et al. v. Walmart.com USA LLC et al. | CLOSED |
| 4:11-cv-01928 PJH | Caldwell v. Netflix, Inc. et al. | |
| 4:09-cv-00294-PJH | Chapman v. Netflix, Inc. et al. | CLOSED |
| * 4 :09-cv-0059-RET | Christina v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00391-PJH | Chatelain v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-02156-PJH | Cleary v. Walmart.Com USA LLC et al. | CLOSED |
| 4:09-cv-00111-PJH | Endzweig v. Walmart.com USA LLC. et al. | CLOSED |
| 4:09-cv-00180-PJH | Faris v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00554-PJH | Gannon v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-00349-PJH | Grime v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00139-PJH | Groce et al. v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00958-PJH | Haddad v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00375-PJH | Hirsch v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-02153-PJH | Hotard v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00553-PJH | Johnson v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-02152-PJH | Jones v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-05048-PJH | Karatz v. Netflix, Inc. et al. | |
| 4:09-cv-00400-PJH | Kober v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-02062-PJH | Kopera v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-01499-PJH | Kra v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00402-PJH | Lacabe v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-00340-PJH | Landels et al. v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-02155-PJH | Levin v. Walmart.Com USA LLC et al. | CLOSED |
| 4:09-cv-02296-PJH | Levy et al. v. Wal.-Mart.Com USA LLC et al. | |
| 4:09-cv-00138-PJH | Lynch et al. v. Walmart.com USA LLC et al. | |
| 4:09-cv-01793-PJH | Magee v. Netflix Inc et al | |
| 4:09-cv-02067-PJH | Mayer v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-00361-PJH | Meyer v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-02065-PJH | Michalski et al. v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00399-PJH | Millrood v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-00377-PJH | Miscioscia v. Netflix, Inc. et al. | |
| 4:09-cv-00096-PJH | O'Connor v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-00297-PJH | Orozco v. Netflix, Inc. et al. | |
| 4:09-cv-02150-PJH | Ortiz-Cardona v. Netflix, Inc. et al. | CLOSED |

| | | |
|---|---|---|
| 4:09-cv-00496-PJH | Parikh v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00378-PJH | Patras et al. v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-02163-PJH | Pierson v. Wal.-Mart.Com USA, LLC et al. | |
| 4:09-cv-00244-PJH | Polk-Stamps v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00368-PJH | Randal.l v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-00002-PJH | Resnick et al. v. Walmart.com USA LLC et al. | |
| 4:09-cv-00434-PJH | Roy v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00116-PJH | Schmitz v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-02151-PJH | Shafeek v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00274-PJH | Sheeler v. Walmart.com USA LLC et al. | CLOSED |
| 4:09-cv-00156-PJH | Sivek v. Walmart.com USA LLC. et al. | |
| 4:09-cv-00225-PJH | Slobodin v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-02064-PJH | Spears v. Netflix, Inc. | |
| 4:09-cv-02154-PJH | Touchton v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-02184-PJH | Wagner v. Netflix, Inc., et al. | CLOSED |
| 4:09-cv-02066-PJH | Walters et al. v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00398-PJH | Weiner v. Walmart.com USA LLC et al. | |
| 4:09-cv-01274-PJH | Wiebe v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00678-PJH | Williams v. Netflix, Inc. et al. | CLOSED |
| 4:09-cv-00447-PJH | Zaker v. Netflix, Inc. et al. | CLOSED |

\* *4 :09-cv-0059-RET Christina v. Netflix, Inc. et al.*
*This case is not listed as a member case to the MDL and does not appear to have been*
*transferred as ordered by CTO-1.*
CHI-1808668v1

# EXHIBIT 4

# WAL-MART SETTLEMENT

FOR OFFICIAL USE ONLY

### Claim Form

If you paid a subscription fee to rent DVDs from Netflix any time from May 19, 2005 to Month 00, 2011, you will be eligible to receive benefits from a Settlement with Wal-Mart Stores Inc. and Walmart.com USA LLC. You need to submit this Claim Form if you want to receive a cash payment or a gift card.  The deadline to file claims is Month 00, 2011.

The amount of the gift card or cash payment will be determined based on a formula contained in the Settlement Agreement and in the notice you received. Additional information regarding the formula and the Settlement can be found at www.OnlineDVDclass.com.

**To claim a gift card** you may submit the Claim Form by mail or online at www.OnlineDVDclass.com. If submitting by U.S. Mail, print and complete this Claim Form and mail it to the following address postmarked on or before **Month 00, 0000**:

Claims Administrator
PO Box 0000
Faribault, MN 00000-0000

**To claim a cash payment,** you must complete this Claim Form and mail it to the following address postmarked on or before **Month 00, 0000**:

Claims Administrator
PO Box 0000
Faribault, MN 00000-0000

You cannot file an online claim for a cash payment.

### Please Complete Each Section On The Following Page In The Spaces Provided





## SECTION I - CONTACT INFORMATION

| | |
|---|---|
| **Name:** *(First/Last)* | |
| **Name at the time of your membership with Netflix** *(If different than above)* | |
| **Street Address** | |
| **City, State, Zip Code** | |
| **Phone Numbers** *(primary)* | |
| **Phone Numbers** *(secondary)* | |
| **Current E-Mail Address** | |
| **E-Mail address associated with Netflix Account** *(optional)* | |

## SECTION II: NETFLIX SUBSCRIPTION

| | |
|---|---|
| **[Subscriber] [Membership] Number** *(optional)* | |

## SECTION III: AWARD SELECTION

Please tell us whether you prefer to receive an electronic Gift Card or a cash payment.  You may not request both.  If you are requesting a cash payment, you must also provide the last four digits of your social security number. You can give your gift card to someone else but it cannot be resold.

☐ **Electronic Gift Card**

☐ **Cash Payment**

⟶ Last Four Digits of your Social Security Number *(for cash payments only)*: X X X - X X - ___ ___ ___ ___

## SECTION IV: AFFIRMATION

I hereby affirm, under penalty of perjury, that the information I have provided in this Claim Form is true and correct to the best of my knowledge and this is the only Netflix Claim Form that I have submitted. I further understand, acknowledge, and agree that I am eligible to receive only **ONE** payment from this Settlement based on my subscription to a Netflix Online DVD service. I further understand, acknowledge, and agree that the amount I will receive shall be calculated according to the terms of the Settlement Agreement and subject to the terms of the Settlement Agreement, including the release of claims.

Date: ___ ___ / ___ ___ / ___ ___ ___ ___          Signature: _____



# WAL-MART SETTLEMENT

FOR OFFICIAL USE ONLY

## Claim Form

*0 1 2 3 4 5 6 7 8 9* - 000

NAME
ADDRESS
CITY STATE ZIPCODE

If the pre-printed address to the left is incorrect or out of date OR there is no preprinted data to the left, check this box and provide your current name and address:

Name: _____

Address: _____

City: _____

State: ___ ___    Zip Code: ___ ___ ___ ___ ___

If you paid a subscription fee to rent DVDs from Netflix any time from May 19, 2005 to Month 00, 2011, you will be eligible to receive benefits from a Settlement with Wal-Mart Stores Inc. and Walmart.com USA LLC. You need to submit this Claim Form if you want to receive a cash payment or a gift card.  The deadline to file claims is Month 00, 2011.

The amount of the gift card or cash payment will be determined based on a formula contained in the Settlement Agreement and in the notice you received. Additional information regarding the formula and the Settlement can be found at www.OnlineDVDclass.com.

**To claim a gift card** you may submit the Claim Form by mail or online at www.OnlineDVDclass.com. If submitting by U.S. Mail, print and complete this Claim Form and mail it to the following address postmarked on or before **Month 00, 0000**:

Claims Administrator
PO Box 0000
Faribault, MN 00000-0000

**To claim a cash payment,** you must complete this Claim Form and mail it to the following address postmarked on or before **Month 00, 0000**:

Claims Administrator
PO Box 0000
Faribault, MN 00000-0000

You cannot file an online claim for a cash payment.

## Please Complete Each Section On The Following Page In The Spaces Provided





## SECTION I - CONTACT INFORMATION

| | |
|---|---|
| **Name:** *(First/Last)* | |
| **Name at the time of your membership with Netflix** *(if different than above)* | |
| **Street Address** | |
| **City, State, Zip Code** | |
| **Phone Numbers** *(primary)* | |
| **Phone Numbers** *(secondary)* | |
| **Current E-Mail Address** | |
| **E-Mail address associated with Netflix Account** *(optional)* | |

## SECTION II: NETFLIX SUBSCRIPTION

| | |
|---|---|
| **[Subscriber] [Membership] Number** *(optional)* | |

## SECTION III: AWARD SELECTION

Please tell us whether you prefer to receive an electronic Gift Card or a cash payment.  You may not request both.  If you are requesting a cash payment, you must also provide the last four digits of your social security number. You can give your gift card to someone else but it cannot be resold.

☐ **Electronic Gift Card**

☐ **Cash Payment**

⟶ Last Four Digits of your Social Security Number *(for cash payments only):* X X X - X X - ___ ___ ___ ___

## SECTION IV: AFFIRMATION

I hereby affirm, under penalty of perjury, that the information I have provided in this Claim Form is true and correct to the best of my knowledge and this is the only Netflix Claim Form that I have submitted. I further understand, acknowledge, and agree that I am eligible to receive only **ONE** payment from this Settlement based on my subscription to a Netflix Online DVD service. I further understand, acknowledge, and agree that the amount I will receive shall be calculated according to the terms of the Settlement Agreement and subject to the terms of the Settlement Agreement, including the release of claims.

Date: ___ ___ / ___ ___ / ___ ___ ___ ___          Signature: _____



# EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION | Master File No. 4:09-md-2029 PJH<br><br>MDL No. 2029<br><br>Hon. Phyllis J. Hamilton |
| This document relates to:<br><br>ALL ACTIONS | [PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND FORM AND PLAN OF NOTICE |

1    This matter has come before the Court for (1) certification of a Settlement Class pursuant to the

2    terms of a Settlement Agreement dated July 1, 2011 (the "Agreement"); (2) preliminary approval of

3    the Settlement; and (3) approval of the Plan of Notice to members of the Settlement Class of the

4    Settlement.

5    The Court hereby ORDERS that (1) the Settlement Class is certified for purposes of settlement;

6    (2) the Settlement is Preliminarily Approved; and (3) the Plan of Notice is approved.

7    Certification of the claims advanced by the Settlement Class will achieve a definite and certain

8    result for the benefit of the Settlement Class and is preferable to continuing litigation in which the

9    Settlement Class would necessarily encounter substantial risk, uncertainty, delay, and cost.  This Order

10   is entered exclusively for this Settlement purpose.  Capitalized terms in this Order shall have the same

11   meanings as set forth in the Agreement.

12   Preliminarily, this Court finds that the following terms and conditions shall apply to this Order:

13   1.    This Order includes a conditional class certification for Settlement purposes only.

14   2.    This Order applies to claims against Defendants Wal-Mart Stores, Inc., Walmart.com,

15   USA LLC, and related persons and entities described in the Agreement (collectively, "Wal-Mart")

16   only.

17   3.    The Agreement pursuant to which this Order is entered contains a claims process by

18   which members of the Settlement Class may submit a Claim Form to receive a portion of the Gift Card

19   Component by way of either a Gift Card or, at the Settlement Class Member's election, a cash payment

20   of equal value instead of a Gift card, as provided for in the Agreement.

21   4.    If for any reason this Court does not finally approve the Agreement, or if the Settlement

22   Effective Date as defined in the Agreement does not occur, the conditional certification of the

23   Settlement Class shall be deemed null and void without further action by this Court or any of the

24   Parties.  In such circumstances each Party shall retain all of its respective currently existing rights to

25   seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23 or any

26   other California State or Federal Rule, statute, law, or provision, and to contest and appeal any grant or

27   denial of certification in this litigation or in any other litigation on any other grounds.

28

1

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

1    5.    The Plaintiffs and Wal-Mart have agreed that, other than to effectuate and enforce the

2 Settlement of this Litigation as between the Settlement Class Members and Wal-Mart in this

3 jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related

4 thereto, including the Agreement and all accompanying exhibits and all orders entered by the Court in

5 connection with the Agreement, are not intended to be otherwise admissible as evidence in this

6 Litigation, and are not intended to be used in any judicial, arbitral, administrative, investigative, or

7 other court, tribunal, forum or other proceeding, including any wage and hour or other litigation

8 against Wal-Mart.

9    6.    In accordance with the foregoing terms, conditions, and purpose, and in accordance

10 with Section 5.1 of the Agreement, this Court ORDERS that the Settlement Class be certified as

11 follows:

12    Any person or entity residing in the United States or Puerto Rico that paid a subscription fee to
     rent DVDs online from Netflix on or after May 19, 2005, up to and including [date of Court
13    Order].

14    7.    Named Plaintiffs Bryan Eastman, Amy Latham, Melanie Misciosia Salvi, Stan Magee,

15 Michael Orozco, Andrea Resnick, Liza Sivek, Michael Weiner and Scott Caldwell are hereby

16 appointed as Class Representatives.

17    8.    The claims certified pursuant to this Order consist of claims arising from the conduct

18 referred to in the Litigation or the California State Actions, as those terms are defined in the

19 Agreement, irrespective of the particular common law, statutory, or equitable doctrine or theory

20 advanced in support of the claim or claims, including Plaintiffs' allegations that persons and entities

21 who subscribed to Netflix to rent DVDs between May 19, 2005 and the date of this Order paid higher

22 subscription prices due to an alleged illegal anti-competitive agreement between Netflix and Wal-Mart.

23    9.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms

24 Class Counsel's appointment of Craig Corbitt of Zelle Hofmann Voelbel & Mason LLP as

25 Independent Settlement Counsel to serve as the lead negotiator of the Agreement on behalf of the

26 Settlement Class

27

28
2

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

1      10.    With respect to the Settlement Class, and solely for the purposes of effectuating the

2 Settlement, this Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3)

3 are satisfied. The Settlement Class meets the requirements of Rule 23(a) of the Federal Rules of Civil

4 Procedure as follows:

5        a.   Members of the Settlement Class are sufficiently numerous that joinder of all members

6           would be impracticable.

7        b.   The claims of the Class Representatives are typical of the claims of the members of the

8           Settlement Class they represent.

9        c.   There exist questions of law or fact that are common to the claims of members of the

10          Settlement Class.

11        d.   The Class Representatives and Class Counsel will fairly and adequately protect the

12          interests of the members of the Settlement Class.

13     11.    The Settlement Class meets the requirements of Rule 23(b)(3) of the Federal Rules of

14 Civil Procedure as follows:

15        a.   Questions of law or fact common to the claims of the Settlement Class predominate

16          over any questions affecting only individual members of the Settlement Class.

17        b.   A class action is superior to other available methods for fairly and efficiently

18          adjudicating the controversy.

19     12.    Upon review of the record and the Agreement, the Court finds that the proposed

20 Agreement, under which Wal-Mart has agreed, *inter alia*, to pay $27,250,000 in cash and cash

21 equivalents—which will be used to satisfy, among other things, all timely claims submitted by

22 Settlement Class Members, as well as any attorneys' fees, costs, expenses and service awards to the

23 Class Representatives that may be sought and awarded and the costs of class notice and claims

24 administration—in return for a release of all claims as set forth in the Agreement and dismissal of the

25 Litigation against Wal-Mart with prejudice, was arrived at after extensive, arm's length negotiations

26 falls within the range of possible approval, particularly in light of the fact that the Agreement does not

27

28                        3

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

1  settle the claims against Netflix; and is hereby preliminarily approved, subject to further consideration

2  at a final fairness hearing to be scheduled at a later time.

3        13.    The Court appoints Rust Consulting as Claims Administrator, with responsibility for

4  class notice and claims administration.  Rust Consulting will be assisted with class notice by its

5  subsidiary Kinsella Media.

6        14.    The Court finds the form and manner of giving notice to the Settlement Class set forth

7  in the declaration of Dr. Shannon Wheatman fully satisfies the requirements of Rule 23 of the Federal

8  Rules of Civil procedure, the Due Process Clause of the United States Constitution, and any and all

9  other applicable laws, constitutes the best notice practicable under the circumstances, and shall

10 constitute due and sufficient notice to all persons entitled thereto.

11       15.    The Court ORDERS the following schedule:

12       Notice shall be issued expeditiously pursuant to the plan of notice in Dr. Wheatman's

13 declaration.  The e-mail Notice shall be first e-mailed to Settlement Class Members within thirty (30)

14 days following the Claims Administrator's receipt of the Class List information (or signed agreement

15 between Netflix and Plaintiffs regarding Netflix's dissemination of the notice to the Class and the

16 protocol assigned thereto), or within thirty (30) days following the District Court's preliminary

17 approval of the Settlement, whichever is later.  The Publication Notice shall be published on the

18 soonest practicable date after the e-mail notice is first e-mailed to Settlement Class Members.  From

19 the date on which the first e-mail Notice is sent, the following deadlines apply:

20       o   Deadline for Fee Petition(s):  75 days

21       o   Deadline for opt outs:  90 days

22       o   Deadline for objections:  90 days

23       o   Deadline for final approval pleadings:  104 days

24       o   Final approval hearing: 120 days.

25       16.    The form and manner of Notice set forth in the declaration of Dr. Shannon Wheatman

26 also shall be applied to the Netflix Litigation Class ("Litigation Class") certified on December 23,

27

28

4

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

1   2010 (Dkt. 287).  There shall be one Joint Notice disseminated, comprised of notice to the Settlement

2   Class and Litigation Class, described *supra*.

3

4        **IT IS SO ORDERED.**

5

6   Dated: _____          _____

7                                            Honorable Phyllis J. Hamilton
                                             United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

# EXHIBIT 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION | Master File No. 4:09-md-2029 PJH<br><br>MDL No. 2029<br><br>Hon. Phyllis J. Hamilton |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN SETTLEMENT CLASS PLAINTIFFS AND WAL-MART STORES, INC. AND WALMART.COM USA LLC |

1       This matter came before the Honorable Phyllis J. Hamilton on Plaintiffs' Motion for Final

2  Approval of Settlement ("Final Approval Motion").

3       WHEREAS, a consolidated class litigation is pending before the Court entitled *In re: Online*

4  *DVD Rental Antitrust Litigation,* Master File No. 4:09-md-2029 PJH, MDL No. 2029 (United States

5  District Court for the Northern District of California);

6       WHEREAS, the Court has received and reviewed the Settlement Agreement entered into

7  between the Named Plaintiffs, the Settlement Class Representatives, and the Settlement Class

8  Members on the one hand, and Defendants Wal-Mart Stores, Inc. and Walmart.com, USA LLC

9  (collectively, "Wal-Mart") on the other hand, dated July 1, 2011 (the "Agreement"), and has

10  considered the terms of the proposed settlement set forth therein (the "Settlement");

11       WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement,

12  unless otherwise defined herein;

13       WHEREAS, on _____, 2011, the Court entered its order preliminarily approving the

14  Settlement of this class action as between the Named Plaintiffs, the Settlement Class Representatives

15  and the Settlement Class Members, on the one hand, and Wal-Mart, on the other hand, and setting a

16  date and time for a fairness hearing to consider whether the Settlement should be finally approved by

17  the Court pursuant to Rule 23(d) of the Federal Rules of Civil Procedure as fair, adequate, and

18  reasonable (the "Preliminary Approval Order");

19       WHEREAS, the Court later directed that all Settlement Class Members be given notice of the

20  Settlement, and approved the form and method of notice, and of the date for the final fairness hearing;

21       WHEREAS, the Court has received declarations of _____ attesting to the e-

22  mailing and publication of the Notice in substantial accordance with the Preliminary Approval Order;

23       WHEREAS, the Court entered a Conditional Class Certification Order on _____, 2011,

24  which reflects the claims certified for Settlement purposes and the scope of the Settlement Class;

25       WHEREAS, the Court having considered all timely filed objections to the Settlement; and

26       WHEREAS, the Court having conducted a final fairness hearing on _____, 2011 (the

27

28

[PROPOSED] ORDER AND FINAL JUDGMENT; Master File No. 4:09-md-2029 PJH

1  "Settlement Approval Hearing"), and having considered the arguments presented, all papers filed, and

2  all proceedings had therein;

3  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

4      1.    The Court has jurisdiction over the subject matter of this action, all Settlement Class

5  Members, and all Defendants.

6      2.    In accordance with Rule 23(d) of the Federal Rules of Civil Procedure and the

7  requirements of due process, all members of the Settlement Class have been given proper and adequate

8  notice of the Settlement. Based upon the evidence submitted by the parties to the Agreement, the

9  Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court

10  finds that the Notice and notice methodology implemented pursuant to the Agreement and the Court's

11  Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b)

12  constituted notice that was reasonably calculated, under the circumstances, to apprise members of the

13  Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right

14  to appear at the Settlement Approval Hearing; (c) were reasonable and constituted due, adequate, and

15  sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal

16  Rules of Civil Procedure, and any other applicable law.

17      3.    The Agreement in this action warrants final approval pursuant to Rule 23(e) of the

18  Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects; it

19  resulted from vigorously contested litigation, discovery and motion practice and extensive good-faith

20  arm's length negotiations between the parties; and it is in the public interest.   In making this

21  determination, the Court has considered and balanced several factors, including the following factors

22  identified by the Ninth Circuit Court of Appeals:

23          (a) the strength of the plaintiffs' case;

24          (b) the risk, expense, complexity, and likely duration of further litigation;

25          (c) the risk of not attaining certification of a litigation class, as well as the risk of

26          maintaining class action status throughout the course of the litigation;

27          (d) the amount offered in settlement;

28          (e) the extent of discovery completed, and the stage of the proceedings;

1    (f) the experience and views of counsel; and

2    (g) the reaction of the class members to the proposed settlement.

3  *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow

4  sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler Corp.*,

5  150 F.3d 1011, 1026 (9th Cir. 1998).

6    4.    The Final Approval Motion is hereby GRANTED, and the Agreement is hereby

7  APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Agreement

8  are hereby determined to be fair, reasonable, adequate, and for the exclusive benefit of the Settlement

9  Class Members. The Parties to the Agreement are directed to consummate the Agreement in

10  accordance with its terms.

11    5.    The Court APPROVES payment of the Class Settlement Amount in accordance with

12  the terms of the Agreement.

13    6.    The Court APPROVES payment of Class Representative Incentive Payments to Bryan

14  Eastman, Amy Latham, Melanie Misciosia Salvi, Stan Magee, Michael Orozco, Andrea Resnick, Liza

15  Sivek, Michael Weiner, and Scott Caldwell in the amount of $5,000.00 each. This Court further

16  APPROVES any request Class Counsel makes regarding the award of a Class Representative Incentive

17  Payment to the California State Class Representatives in the amount of $5,000.00 for each putative

18  class representative in *In re: Netflix and Walmart.com Antitrust Cases* (Judicial Council Coordination

19  Proceeding No. 4595 pending in the Superior Court for the State of California in the County of Santa

20  Clara) for whom such a request is made.

21    7.    The Court APPROVES payment of Attorneys' Fees and Costs to Class Counsel in the

22  amount of _____ in accordance with the terms of the Agreement.

23    8.    The allocation plan is hereby APPROVED as fair, adequate, and reasonable. The Class

24  Settlement Amount shall be distributed in accordance with the terms of the Agreement. Monies

25  transferred to the QSF for purposes of paying the Attorneys' Fees and Costs awarded in Paragraph 7,

26  shall distributed to Class Counsel. Once Wal-Mart pays such monies into the QSF, Wal-Mart shall

27  have no further liability as to the allocation of such funds. The Court further finds that no attorneys

28  have asserted any attorney liens as to the attorneys' fees and costs awarded by the Court.

-3-

1       9.     The Litigation as between the Named Plaintiffs, the Settlement Class Representatives,

2 and the Settlement Class Members on the one hand, and Wal-Mart on the other hand, is DISMISSED

3 WITH PREJUDICE and without costs to any Party, other than as specified in the Agreement and this

4 Order.

5       10.    In consideration of the Class Settlement Amount, and for other good and valuable

6 consideration, each of the Releasing Settlement Class Members shall, by operation of this Judgment,

7 have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member

8 Released Claims against Wal-Mart in accordance with Section 15.1 of the Agreement, the terms of

9 which section are incorporated herein by reference; shall have covenanted not to sue Wal-Mart with

10 respect to all such Settlement Class Member Released Claims; and shall be permanently barred and

11 enjoined from instituting, commencing, prosecuting, or asserting any such Settlement Class Member

12 Released Claim against Wal-Mart.

13      11.    For good and valuable consideration, Wal-Mart shall, by operation of this Judgment,

14 have fully, finally, and forever released, relinquished, and discharged all Wal-Mart Released Claims

15 against the Releasing Class Members in accordance with Section 15.2 of the Settlement Agreement,

16 the terms of which section are incorporated herein by reference; shall have covenanted not to sue

17 Releasing Class Members with respect to all such Wal-Mart Released Claims; and shall be

18 permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any such

19 Wal-Mart Released Claims against Releasing Class Members.

20      12.    This Judgment is the Final Judgment in the suit as to all Settlement Class Member

21 Released Claims.

22      13.    Without affecting the finality of this Judgment in any way, this Court retains

23 jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution

24 of the Class Settlement Amount, the Class Representative Incentive Payments, the Attorneys' Fees and

25 Costs Amount; and (c) all other proceedings related to the implementation, interpretation,

26 administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and

27 the administration of Claims submitted by Settlement Class Members. The time to appeal from this

28 Judgment shall commence upon its entry.

# EXHIBIT 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION | Master File No. 4:09-md-2029 PJH<br><br>MDL No. 2029<br><br>Hon. Phyllis J. Hamilton |
| This document relates to:<br><br>ALL ACTIONS | **ORDER DETERMINING GOOD FAITH SETTLEMENT**<br><br>[California Code of Civil Procedure § 877.6(a)(2)] |

1    The application of the Class Representatives and defendants Wal-Mart Stores, Inc. and

2  Walmart.com USA LLC for an order determining good faith settlement having been presented to

3  this Court; and

4    It appearing to the satisfaction of the Court that the application is duly made pursuant to

5  California Code of Civil Procedure section 877.6(a)(2); that copies of such application, together

6  with a notice of settlement and a copy of this Order, were filed with the Court and served by

7  certified mail, return receipt requested, on defendant Netflix, Inc. and all parties to this Litigation

8  on _____, 2011; and good cause appearing therefor;

9    **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

10   1.    The terms used in this Order shall have the same meanings as defined in the

11         Settlement Agreement between the Class Representatives and defendants Wal-Mart

12         Stores, Inc. and Walmart.com USA LLC, dated as of July 1, 2011;

13   2.    The Agreement was made and entered into in good faith within the meaning of

14         California Code of Civil Procedure section 877.6; and

15   3.    Any and all claims that defendant Netflix, Inc., or any other person or entity with

16         notice of the foregoing application for an order determining good faith settlement,

17         now or may hereafter have against defendants Wal-Mart Stores, Inc. or

18         Walmart.com USA LLC for equitable comparative contribution or partial or

19         comparative equitable indemnity based on or arising out of any claims that have

20         been or could be asserted in the Litigation or the California State Actions or on any

21         other basis arising out of the settlement set forth in the Agreement are hereby

22         absolutely and forever extinguished and barred pursuant to California Code of Civil

23         Procedure section 877.6(c).

24

25  Dated: _____, 2011

26                                    _____
                                           Phyllis J. Hamilton
                                      UNITED STATES DISTRICT JUDGE

27

28

CHI-1808672v1
1365192v1/011148                         -1-

1

## **CERTIFICATE OF SERVICE**

2      This is to certify that a true and correct copy of the foregoing instrument has been served

3  on all counsel of record who are registered for filing on the electronic case filing system, this _____

4  day of _____ 2011, constituting service pursuant to General Order 45 of the Court.

5

6

7                    _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHI-1808672v1
1365192v1/011148

-1-

# EXHIBIT C

# <u>Settlement Agreement</u>

| <u>Exhibits</u> | <u>Description</u> | <u>Paragraphs</u> |
|---|---|---|
| **Exhibit 1** | **Email Notice** | **2.28, 7.1, 10.2** |
| **Exhibit 2** | **Publication Notice** | **2.33, 7.2** |
| **Exhibit 3A** | **List of California State Cases** | **2.4** |
| **Exhibit 3B** | **List of Federal Cases** | **2.25** |
| **Exhibit 4** | **Claim Forms** | **2.8** |
| **Exhibit 5** | **Proposed Order Certifying Settlement Class and Granting Preliminary Approval** | **17.1.4** |
| **Exhibit 6** | **Proposed Final Order and Judgment** | **2.2, 17.1** |
| **Exhibit 7** | **"Bar Order"** | **12.2** |

# EXHIBIT D

1   IRELL & MANELLA LLP
    LAYN R. PHILLIPS (103854)
2   lphillips@irell.com
    840 Newport Center Drive, Suite 400
3   Newport Beach, California 92660-6324
    Telephone:   (949) 760-0991
4   Facsimile:   (949) 760-5200

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  IN RE ONLINE DVD RENTAL ANTITRUST )      MASTER FILE NO.: M:09-CV-2029 PJH
    LITIGATION                         )
11                                     )      MDL NO. 2029
                                       )
12  _____ )      Hon. Phyllis J. Hamilton
                                       )
13  This Document Relates to:          )      AFFIDAVIT OF LAYN R. PHILLIPS
                                       )
14  ALL ACTIONS.                       )
                                       )
15                                     )
                                       )
16                                     )

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2348363

                                                    AFFIDAVIT OF LAYN R. PHILLIPS

1     I, LAYN R. PHILLIPS, declare as follows:

2     1.    I mediated the settlement of this matter between Plaintiffs on the one hand and

3 Wal-Mart Stores, Inc. and Walmart.com USA LLC. (collectively "Wal-Mart") on the other hand.

4 I make this affidavit in support of Plaintiffs' Motion for Preliminary Approval.

5     2.    I am a former United States Attorney and served as a United States District Judge

6 for four years, presiding over more than 140 federal trials. I am currently a litigation partner in the

7 Newport Beach office of Irell & Manella LLP, where I have practiced complex civil litigation,

8 internal investigations and alternative dispute resolution since 1991.

9     3.    For over 15 years, I have successfully mediated high-stakes civil disputes for

10 Fortune 500 companies nationwide and am considered one of the leading mediators in the

11 resolution of multi-party matters, some involving as many as 150 parties. I have mediated

12 hundreds of disputes referred by private parties and courts, and have been appointed a Special

13 Master by various federal courts in complex civil proceedings. I serve as a Fellow in the

14 American College of Trial Lawyers. In addition, I have been nationally recognized as a mediator

15 by the Center for Public Resources Institute for Dispute Resolution (CPR), serving on CRP's

16 National Panel of Distinguished Neutrals. I am also a Diplomat Member of the California

17 Academy of Distinguished Neutrals.

18     4.    A true and correct copy of my curriculum vitae is attached hereto as Exhibit A.

19     5.    On May 16, 2010, Plaintiffs and Wal-Mart participated in a mediation session

20 before me. As a result of that mediation session, and as a result of other discussions, Plaintiffs and

21 Wal-Mart reached an agreement in principle to settle the Plaintiffs and the Class' claims against

22 Wal-Mart.

23     6.    On August 26, 2010, I signed a Term Sheet that was also signed by counsel for

24 Plaintiffs and counsel for Wal-Mart.

25     7.    Subsequently, Plaintiffs and Wal-Mart negotiated the terms of a settlement

26 agreement and related documents.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AFFIDAVIT OF LAYN R. PHILLIPS

2348363

8.      After presiding over the mediation process in this case, I am convinced that the settlement between Plaintiffs and Wal-Mart is the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith.

9.      Based on my knowledge of the issues in dispute, my review of the materials presented before, at, and after the mediation sessions, the rigor of the negotiations, and the benefits achieved in the settlement, I believe that the terms of the settlement are fair, adequate, reasonable and in the best interests of the Settlement Sub-Classes.

10.      Among other things, I believe that the 2:1 ratio for payments to members of the Netflix Settlement Sub-Class as compared to the members of the Blockbuster Settlement Sub-Class is a fair reflection of the relative strengths of the two Sub-Classes' claims, particularly in light of the Court's rulings on the two Motions to Dismiss the Complaint(s) of the Blockbuster Class.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of December, 2010, at Newport Beach, California.

LAYN R. PHILLIPS

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2348363

- 2 -

AFFIDAVIT OF LAYN R. PHILLIPS

# EXHIBIT E

Robert G. Abrams (*pro hac vice*)
Gregory L. Baker (*pro hac vice*)
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Telephone: (202) 861-1699
Facsimile: (202) 861-1783
Email: rabrams@bakerlaw.com
        gbaker@bakerlaw.com

*Lead Plaintiff Class Counsel in MDL No. 2029*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Lisa Saveri (112043)
David Sims (248181)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: guido@saveri.com
        rick@saveri.com
        lisa@saveri.com
        dsims@saveri.com

*Liaison Plaintiff Counsel in MDL No. 2029*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION | Master File No. 4:09-md-2029 PJH<br><br>MDL No. 2029<br><br>Hon. Phyllis J. Hamilton |
| This document relates to:<br><br><br>ALL ACTIONS | **DECLARATION OF TIFFANEY A. JANOWICZ**<br><br>Date: August 24, 2011<br>Time: 9:00 a.m.<br>Courtroom: 3 |

1   I, Tiffaney A. Janowicz, declare as follows:

2       1.      The foregoing facts are of my own personal knowledge and, if called as a witness,

3   I could and would testify competently thereto.

4       2.      I am a Senior Vice President of Rust Consulting, Inc. ("Rust").  In that capacity, I

5   am well-acquainted with Rust's qualifications and abilities to provide services in the

6   administration of class action settlements.

7       3.      Rust has been in business for over 35 years, and is one of the industry leaders in

8   providing class action notification and settlement administration services.  Through its class

9   action services, Rust provides expertise in a broad range of areas, including antitrust, consumer

10  finance, insurance and healthcare, property, labor and employment, securities, Securities and

11  Exchange Commission, and telecom.  Rust has served as administrator in over 3,000 class action

12  settlements, including experience in more than 1,400 consumer class action settlements.  Rust

13  has an in-house staff of more than 550 professionals with backgrounds in areas including law,

14  operations, project management, Information Technology, and finance.

15      4.      As Settlement Administrator in this matter, I understand that Rust will verify

16  defendant Netflix's email deployment of notices to roughly 40 million email addresses.  Based

17  on available information, we are estimating that 23 million of these addresses are for current

18  customers and 17 million addresses are for former customers.

19      5.      Based on our experience and information provided by the parties and Kinsella

20  Media, we would expect approximately 10% of the emails to current customers and 50% of the

21  emails to former customers to bounce back as undeliverable.

22      6.      Plaintiffs' proposed notice program includes direct notice via email supplemented

23  by publication notice designed to reach class members whose emails bounce back.

24      7.      I understand the Court has considered ordering Plaintiffs to reach these "bounce-

25  back" class members via U.S. Postal mail with supplemental publication notice.

26      8.      Comparing these two notification programs from an administrative standpoint

27  using the assumptions described herein we find that the cost of the program using U.S. Postal

28

1

1  mailed notice as a follow-up to bounce-backs with supplemental publication notice would cost
2  approximately $3.16 million more than the cost of the program involving solely publication
3  notice.

4

5      I declare under penalty of perjury of the laws of the state of Colorado that the foregoing
6  is true and correct.

7

8  July 1, 2011                    *Tiffaney A. Janowicz*
9                                  Tiffaney A. Janowicz

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

# EXHIBIT F

1  GUIDO SAVERI (22349)
   R. ALEXANDER SAVERI (173102)
2  GEOFFREY C. RUSHING (126910)
   CADIO ZIRPOLI (179108)
3  SAVERI & SAVERI, INC.
   111 Pine Street, Suite 1700
4  San Francisco, CA 94111-5619
   Telephone: (415) 217-6810
5  Facsimile: (415) 217-6813
   guido@saveri.com
6  rick@saveri.com

7  STEVE W. BERMAN (pro hac vice)
   ANTHONY D. SHAPIRO (pro hac vice)
8  GEORGE W. SAMPSON
   CRAIG R. SPIEGEL (122000)
9  HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
10 Seattle, Washington 98101
   Telephone: (206) 623-7292
11 Facsimile No.: (206) 623-0594

12 FRED TAYLOR ISQUITH (pro hac vice)
   MARY JANE FAIT (pro hac vice)
13 WOLF, HALDENSTEIN, ADLER,
      FREEMAN & HERZ
14 270 Madison Avenue
   New York, NY 10016
15 Telephone: (212) 545-4600
   Facsimile: (212) 545-4653
16
17 Co-Lead Counsel for Plaintiffs

18              UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20 | IN RE DYNAMIC RANDOM ACCESS | Master File No. M-02-1486-PJH
21 | MEMORY (DRAM) ANTITRUST |
   | LITIGATION | MDL No. 1486
22 | | [PROPOSED] ORDER APPROVING
   | | JOINT NOTICE TO CLASS
23 | | REGARDING CLASS
   | | CERTIFICATION AND
24 | | PRELIMINARY APPROVAL OF
   | | CLASS ACTION SETTLEMENTS
25 | | WITH SAMSUNG, INFINEON AND
   | | HYNIX DEFENDANTS
26 | This Document Relates to: |
   | | Time: 9:00 a.m.
27 | ALL DIRECT PURCHASER ACTIONS | Date: July 26, 2006
   | | Judge: Hon. Phyllis J. Hamilton
28 | | Courtroom: 3

[PROPOSED] ORDER APPROVING JOINT NOTICE AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS; Master File No. M-02-1486 PJH

The Court, having approved the three settlement agreements ("Settlements") entered into between (i) plaintiffs and defendants Infineon Technologies AG and Infineon Technologies North America Corp. (collectively "Infineon"); (ii) plaintiffs and defendant Samsung Semiconductor, Inc., ("Samsung"); and (iii) Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. "Hynix"); (collectively "Settling Defendants"), and having issued its order certifying the class for litigation purposes on June 5, 2006, hereby ORDERS:

1.    The Court will hold a Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e) on November 1, 2006. The Fairness Hearing will be held to determine the following:

(a)    Whether each of the proposed Settlements are fair, reasonable and adequate and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

(b)    Whether final judgments should be entered dismissing the claims of the class against the Settling Defendants with prejudice as required by each of the Settlements; and

(c)    Such other matters as the Court may deem appropriate.

2.    Rust Consulting, Inc. is approved to serve as the Class Administrator.

3.    By August 25 2006, Class Notice, substantially in the form attached hereto as Exhibit "A" shall be sent by the Class Administrator via first class U.S. mail or email, postage prepaid, to all members of the Class at their last known address and/or email address as reflected in the records of Settling Defendants and the non-settling defendants.  By August 29, 2006, publication notice substantially in the form of Exhibit B hereto shall be published in the national edition of The Wall Street Journal.  Class Counsel shall also cause a copy of the Notice and the Settlements to be posted on the Internet at a readily accessible website to be created and maintained by the Class Administrator.

4.    The Court finds that this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

5.    Plaintiffs' Class Counsel shall file, not later than 14 days before the Fairness Hearing, proof of compliance with paragraph 3 of this Order.

[PROPOSED] ORDER APPROVING JOINT NOTICE AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS; Master File No. M-02-1486 PJH          - 1 -

6.     Each class member shall have the right to be excluded from the Class by mailing a request for exclusion to the Class Administrator not later than October 3, 2006.  Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion.  At least 14 days prior to the Fairness Hearing, Plaintiffs' Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the class.

7.     Any class member who does not properly and timely request exclusion from the Class shall, upon final approval of the Settlements, be bound by all the terms and provisions of the Settlements so approved, including but not limited to the releases, waivers, and covenants described in the Settlements, whether or not such person or entity objected to the Settlements and whether or not such person or entity made a claim upon the settlement funds.

8.     As provided by the Class Notice, each class member who does not timely exclude itself from the class shall have the right to object to the Settlements by filing written objections with the Court not later than October 3, 2006, copies of which shall be served on all counsel listed in the Class Notice.

9.     All briefs, memoranda, and supporting papers in support of final approval of the Settlements shall be filed not later than October, 17, 2006.

10.     All further class proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Settlements.

11.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlements.

**IT IS SO ORDERED.**

Dated: July 27, 2006

IT IS SO ORDERED

Judge Phyllis J. Hamilton

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] ORDER APPROVING JOINT NOTICE AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS; Master File No. M-02-1486 PJH

- 2 -

# EXHIBIT G

HONORABLE RICARDO S. MARTINEZ

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOLLY BARKER and BRIAN CARNESS,
individually and on behalf of all the
members of the class of persons similarly
situated,

                         Plaintiffs,

vs.

SKYPE, INC., a Delaware corporation;
SKYPE DELAWARE HOLDINGS, INC., a
Delaware corporation; SKYPE
COMMUNICATIONS S.A.R.L., a
Luxembourg corporation; SKYPE
TECHNOLOGIES S.A., a Luxembourg
corporation; and  EBAY INC., a California
corporation,

                         Defendants.

CLASS ACTION

Case No. 2:09-cv-01364-RSM

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT

**WHEREAS**, this Preliminary Approval Order incorporates by reference the definitions in the Agreement that reflects the proposed class action settlement that currently is pending for preliminary approval before this District Court, and all terms used in this Preliminary Approval Order shall have the same meanings as set forth in the Agreement; and

**WHEREAS**, as a condition of the Agreement, Plaintiffs, on behalf of themselves and on behalf of each of the persons in the Settlement Class, have agreed to release all claims arising under federal, state or common law as specified in the Agreement; and

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 1
(CASE NO. 09-CV-1364 RSM)

**WHEREAS**, the District Court having read and considered Plaintiffs' Motion, the Agreement and the Exhibits attached thereto, as well as all arguments and submissions from the Parties;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      For purposes of the Action only, the District Court has subject matter and personal jurisdiction over the parties, including all persons in the Settlement Class.

2.      Pursuant to Federal Rule of Civil Procedure Rule 23(b)(3), the District Court certifies, solely for purposes of effectuating the settlement, the Settlement Class as follows:

All current and former users of Skype Communications, S.A.R.L. who are residents of the United States and who purchased Skype Credit that, on at least one occasion prior to the Implementation Date, expired pursuant to Skype Communications' Skype Credit expiration policy.

3.      The District Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing.

4.      The District Court preliminarily finds that Plaintiffs fairly and adequately represent the interests of the Settlement Class and therefore designate Plaintiffs as the representatives of the Settlement Class.

5.      Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein, the District Court designates Roger Townsend, Esq. and Daniel Johnson, Esq. and the law firm of Breskin, Johnson & Townsend, PLLC as Lead Class Counsel, and Scott A. Burroughs, Esq. and the law firm of Doniger/Burroughs APC as additional Class Counsel.  The District Court preliminarily finds that, based on the work Class Counsel has done in identifying, investigating and prosecuting the claims in the action, Class Counsel's experience in

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 2
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1   handling class actions, other complex litigation, and claims of the type asserted in this

2   action, counsel's knowledge of the applicable law and the resources counsel have and

3   will commit to representing the class, Class Counsel have and will fairly and

4   adequately represent the interests of the Settlement Class.   The District Court

5   authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the

6   Settlement Class, and to bind them all to the duties and obligations contained therein,

7   subject to final approval by the District Court of the settlement.  Plaintiffs and Class

8   Counsel, on behalf of the Settlement Class, are authorized to take all appropriate

9   action required or permitted to be taken by the Settlement Class pursuant to the

10  Agreement to effectuate its terms.

11          6.      The District Court preliminarily finds, solely for purposes of the

12  settlement, that the Action may be maintained as a class action on behalf of the

13  Settlement Class because:  (i) the Settlement Class is so numerous that joinder of all

14  persons in the Settlement Class in the Action is impracticable; (ii) there are questions

15  of law and fact common to the Settlement Class that predominate over any individual

16  questions; (iii) Plaintiffs' claims are typical of the claims of the Settlement Class; (iv)

17  Plaintiffs and Class Counsel have fairly and adequately represented and protected the

18  interests of the Settlement Class; and (v) a class action is superior to other available

19  methods for the fair and efficient adjudication of the controversy.

20          7.      The Final Fairness Hearing shall take place before the Honorable

21  Ricardo S. Martinez on March 12, 2010 at 9:00 a.m. at the United States District Court,

22  Western District of Washington, 700 Stewart Street, Seattle, Washington 98101, to

23  determine:  whether the proposed settlement of the Action on the terms and conditions

24  provided for in the Agreement is fair, adequate and reasonable as to the Settlement

25  Class Members and should be approved; whether judgment, as provided for in the

26  Agreement, should be entered; and the amount of fees and costs that should be

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 3
(CASE NO. 09-CV-1364 RSM)

1    awarded to Class Counsel, and the amount of the incentive awards to Plaintiffs, as

2    provided for in the Agreement.

3          8.     The District Court approves the form and content of the E-mail Notice

4    (attached as Exhibit A hereto), which will be available on the Administration Site

5    described in paragraph 6(c) of the Agreement.  Skype Communications and/or the

6    Settlement Administrator shall administer the settlement and provide notice as follows:

7          (i)     Skype Communications, on behalf of itself and Defendants, shall

8    implement the Reactivation Policy on the Implementation Date.

9          (ii)    Within fifteen (15) days after the Implementation Date, the Settlement

10   Administrator will establish the Administration Site, which shall make available to

11   Settlement Class Members the E-mail Notice, the claim form and relevant court

12   documents and contact information for Plaintiffs' Counsel.

13         (iii)   Within fifteen (15) days after the Implementation Date, Defendants or

14   their designee shall provide notice of the settlement by disseminating the E-mail

15   Notice to the Settlement Class.

16         9.     Due to the unique nature of the User Accounts, which are internet based

17   accounts that typically are not tied to a postal address, mailed notice would not be

18   effective and would unnecessarily deplete potentially available settlement funds, to the

19   detriment of the Settlement Class.  The District Court therefore preliminarily finds that

20   the notice program set forth above in paragraph 8 is the only notice required, and that

21   such E-mail Notice satisfies the requirements of Due Process, the Federal Rules of

22   Civil Procedure and any other applicable laws, and constitutes the best notice

23   practicable under the circumstances and shall constitute due and sufficient notice to all

24   persons entitled thereto.

25         10.    The Administration Site shall be the sole mechanism for Settlement

26   Class Members' submission of claims for benefits relating to this settlement as

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 4
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

described in the Agreement. The Internet claim form shall contain substantially all the information set forth in Exhibit B hereto notwithstanding that the format of the claim form is subject to change as may be necessitated by the technical limitations and security requirements of the Administration Site or the computers used by the Settlement Class Members.

11. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the settlement, including, but not limited to, the validity, binding nature and effectiveness of the Releases set forth in the Agreement.

12. Any person in the Settlement Class who wishes to opt out shall submit to the Settlement Administrator by mail, with a postmark no later than thirty (30) days after dissemination of the E-mail Notice, an appropriate written request for exclusion, personally signed and including: (i) the person's name, address, telephone number; (ii) the person's Skype ID and/or User Account number(s); (iii) a sentence confirming, under penalty of perjury, that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class settlement in Barker v. Skype, Inc. et al., United States District Court for the Western District of Washington, Case No. 2:09-cv-01364-RSM." No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person.

13. Any Settlement Class Member may appear and show cause if he or she has any reason why the proposed settlement of the Action should or should not be approved as fair, adequate and reasonable, why judgment should not be entered, why attorneys' fees and costs should not be awarded to Class Counsel, or why incentive awards to Plaintiffs should not be allowed; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless, postmarked by no later than thirty (30) days after dissemination of the E-mail Notice,

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 5
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1  the Settlement Class Member files with the District Court a written statement of the

2  objection.   Copies of all objection papers must also be served on:   Lead Class

3  Counsel:  Daniel Johnson, Esq. and Roger Townsend, Esq., Breskin Townsend &

4  Johnson PLLC, 1111 Third Avenue, Suite 2230, Seattle, Washington 98101; and

5  counsel for Defendants:   Julia B. Strickland, Esq., Stroock & Stroock & Lavan LLP,

6  2029 Century Park East, Los Angeles, California 90067.  All objections must include:

7  (i) the objector's name, address and telephone number; (ii) the objector's Skype ID

8  and/or User Account number(s); (iii) a sentence confirming, under penalty of perjury,

9  that the objector is a Settlement Class Member; (iv) the factual basis and legal

10  grounds for the objection to the settlement; (v) the identity of witnesses whom the

11  objector may call to testify at the Final Fairness Hearing; and (vi) copies of exhibits

12  intended to be offered into evidence at the Final Fairness Hearing.  Any Settlement

13  Class Member who does not make his or her objection within the time and manner set

14  forth in this paragraph shall be deemed to have waived such objection and shall be

15  foreclosed forever from making any objection to the fairness, adequacy or

16  reasonableness of the proposed settlement, to the award of attorneys' fees and

17  expenses to Class Counsel and to the incentive awards to Plaintiffs.

18       14.    Pursuant to the Settlement Agreement, within one week of entry of this

19  Order, Defendants shall deposit 25% of the principle Settlement Amount (i.e.,

20  $462,500) into the Escrow Account.

21       15.    All proceedings in the Action are stayed pending final approval of this

22  settlement, except as may be necessary to implement the settlement or comply with

23  the terms of the Agreement.

24       16.    Pending final determination of whether the settlement should be finally

25  approved, Plaintiffs, all persons in the Settlement Class, and any person or entity

26  allegedly acting on behalf of persons in the Settlement Class, either directly or in a

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 6
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

representative or other capacity, are enjoined from commencing or prosecuting against Defendants, or against any of the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Agreement, provided, however, that this injunction shall not apply to individual claims of any persons in the Settlement Class who timely exclude themselves in a manner that complies with paragraph 12 of this Preliminary Approval Order. This injunction applies to, without limitation, all plaintiffs and plaintiffs' counsel in the following matters: (i) Barker v. Skype Inc., et al., Superior Court of the State of Washington, King County, Case No. 08-2-41937-1 SEA.; and (ii) Carness v. Skype, et al., Superior Court of the State of California for the County of Los Angeles, Case No. BC 406723. This injunction is necessary to protect and effectuate the settlement, this Preliminary Approval Order, and the District Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the District Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

17. The District Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The District Court may approve or modify the settlement without further notice to the Settlement Class.

Dated this 17 day of November 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 7
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

# EXHIBIT H

Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

HOLLY BARKER and BRIAN CARNESS,
individually and on behalf of all the
members of the class of persons similarly
situated,

                    Plaintiffs,

    vs.

SKYPE, INC., a Delaware corporation;
SKYPE DELAWARE HOLDINGS, INC., a
Delaware corporation; SKYPE
COMMUNICATIONS S.A.R.L., a
Luxembourg corporation; SKYPE
TECHNOLOGIES S.A., a Luxembourg
corporation; and EBAY INC., a California
corporation,

                    Defendants.

Case No. 2:09-cv-01364-RSM

ORDER ON FINAL APPROVAL OF
CLASS ACTION SETTLEMENT,
JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE

This Final Approval Order incorporates by reference the definitions in the

Agreement that reflects the proposed class action settlement that currently is pending

for final approval before this Court, and all terms used in this Final Approval Order

shall have the same meanings as set forth in the Agreement.

By Order dated November 17, 2009, the Court preliminarily approved the

Agreement and conditionally certified the Settlement Class for settlement purposes only.

Due and adequate notice having been given to the Settlement Class as required by the

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 1
[No. 2:09-cv-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

Court (*see* Docket No. 13, Declaration of Melissa D. Eisert Regarding Class

Notification), and the Court having considered all papers filed and proceedings had

herein, including the one valid objection to the Settlement, and otherwise being fully

informed of the premises and good cause appearing therefore, **IT IS HEREBY**

**ORDERED, ADJUDGED, AND DECREED:**

       1.    The District Court has jurisdiction over the subject matter of the Action

and personal jurisdiction over all the parties solely for purposes of the Action, including

all Settlement Class Members.

       2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and due

process, the District Court hereby finally approves the Agreement and finds that the

settlement consideration is fair and that said settlement is, in all respects, fair, just,

reasonable and adequate to the Settlement Class.

       3.    The Court previously certified the following Settlement Class for

settlement purposes under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All current and former users of Skype Communications,
> S.a.r.l. who are residents of the United States and who
> purchased Skype Credit that, on at least one occasion prior
> to December 31, 2009 [i.e., the Implementation Date],
> expired pursuant to Skype Communications's Skype Credit
> expiration policy.

       4.    The Court finds that all elements for maintenance of this Action as a

class action have been met and confirms certification of the Class solely for purposes

of effectuating this settlement. Specifically, the Class satisfies the numerosity

requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to

satisfy Rule 23(a)(2); the claims of the named Plaintiffs are typical of the claims of

absent Class Members, satisfying Rule 23(a)(3); the Plaintiffs are adequate

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 2
[No. 2:09-cv-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

representatives of the Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Action is a superior method of proceeding in the matter, satisfying Rule 23(b)(3)(ii)

5.      Except as to any individual claim of those persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the District Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Agreement) the Action against Defendants.  As to those persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the District Court dismisses the Action without prejudice.

6.      The Court finds that the settlement is fair, reasonable and adequate and in the best interests of Plaintiffs and the Settlement Class Members and finally approves the settlement in all respects, and the Parties are hereby directed to perform its terms.

7.      Pursuant to the terms of the Settlement, Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and all persons acting for or on their behalf, are deemed to have fully released and forever discharged Defendants and their present, former and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, predecessors, successors, affiliates, parents and subsidiaries (whether direct or indirect), representatives, trustees, principals, insurers, vendors and assigns, or interest therein, jointly and severally, and all of the

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

aforementioned's respective officers, directors, employees, attorneys, vendors (including processing facilities) and assigns, jointly and severally, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that relate to the Skype Credit Expiration Policy through the Implementation Date, including, without limitation: (i) any and all claims and causes of action that arise out of or are relate in any way to any or all of the acts, omissions, facts, matters, transactions or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in this Action or the State Court Actions; and (ii) any and all claims and causes of action that arise out of or are related in any way to the User Accounts and the Skype Credit Expiration Policy.

8.     Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, becomes effective. This paragraph constitutes a waiver of any law that would limit the releases above, including, without limitation, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code section 1542 and/or of any other

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 4
[No. 2:09-cv-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

applicable law relating to limitations on releases.  In connection with such waivers and

relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they

are aware that they may hereafter discover facts in addition to, or different from, those

facts which they now know or believe to be true with respect to the subject matter of

the settlement, but that it is their intention to release fully, finally and forever all

Released Claims, and in furtherance of such intention, the release of the Released

Claims will be and remain in effect notwithstanding the discovery or existence of any

such additional or different facts.

9.      The Court finds that the E-mail Notice provided to Settlement Class

Members was the best notice practicable under the circumstances of the proceedings

and of the matters set forth therein, and that the E-mail Notice fully satisfied the

requirements of due process, the Federal Rules of Civil Procedure, the Washington

and California Rules of Civil Procedure and any other applicable laws.

10.     All Released Claims, as described in this Judgment or in the Agreement,

currently being asserted by or on behalf of any Settlement Class Member in any forum

are hereby permanently enjoined, except as may be necessary to implement the

settlement or comply with the terms of the Agreement.  This injunction applies to,

without limitation, all plaintiffs in the following matters:  (i) Barker v. Skype Inc., et al.,

Superior Court of the State of Washington, King County, Case No. 08-2-41937-1

SEA.; and (ii) Carness v. Skype, et al., Superior Court of the State of California for the

County of Los Angeles, Case No. BC 406723.  Neither Plaintiffs nor any Settlement

Class Member, either directly or in a representative or any other capacity, nor any

person or entity allegedly acting on behalf of Settlement Class Members, shall

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 5
[No. 2:09-CV-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

commence or prosecute against Defendants, or against any of the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Agreement, provided, however, that this injunction shall not apply to individual claims of any persons in the Settlement Class who timely excluded themselves from the settlement. This injunction is necessary to protect and effectuate the settlement, including this Judgment and Order of Dismissal With Prejudice, and the District Court's flexibility and authority to effectuate this settlement and is ordered in aid of the District Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

11. The District Court hereby dismisses, on the merits and with prejudice, the Action, including all the Released Claims. This dismissal does not apply to claims of Settlement Class members who timely excluded themselves from the Settlement Class.

12. Without affecting the finality of this Judgment in any way, this Court will retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Judgment, the Agreement and the settlement.

**IT IS SO ORDERED** this 12th day of March, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 6
[No. 2:09-cv-01364-RSM]

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660

Presented By:

BRESKIN JOHNSON & TOWNSEND, PLLC

_s/ Roger M. Townsend_
Roger M. Townsend, WSBA # 25525
rtownsend@bjtlegal.com

ORDER ON FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - 7
[No. 2:09-cv-01364-RSM]