1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION** | Master File No. 4:09-md-2029 PJH<br><br>MDL No. 2029<br><br>Hon. Phyllis J. Hamilton |
| **This document relates to:**<br><br>**ALL ACTIONS** | **[P~~ROPOSED~~] REVISED ORDER GRANTING CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND FORM AND PLAN OF NOTICE** |

This matter has come before the Court for (1) certification of a Settlement Class pursuant to the terms of a Settlement Agreement dated July 1, 2011 (the "Agreement"); (2) preliminary approval of the Settlement; and (3) approval of the Plan of Notice to members of the Settlement Class of the Settlement.

The Court hereby ORDERS that (1) the Settlement Class is certified for purposes of settlement; (2) the Settlement is Preliminarily Approved; and (3) the Plan of Notice is approved.

Certification of the claims advanced by the Settlement Class will achieve a definite and certain result for the benefit of the Settlement Class and is preferable to continuing litigation in which the Settlement Class would necessarily encounter substantial risk, uncertainty, delay, and cost.  This Order is entered exclusively for this Settlement purpose.  Capitalized terms in this Order shall have the same meanings as set forth in the Agreement.

Preliminarily, this Court finds that the following terms and conditions shall apply to this Order:

1. This Order includes a conditional class certification for Settlement purposes only.

2. This Order applies to claims against Defendants Wal-Mart Stores, Inc., Walmart.com, USA LLC, and related persons and entities described in the Agreement (collectively, "Wal-Mart") only.

3. The Agreement pursuant to which this Order is entered contains a claims process by which members of the Settlement Class may submit a Claim Form to receive a portion of the Gift Card Component by way of either a Gift Card or, at the Settlement Class Member's election, a cash payment of equal value instead of a Gift card, as provided for in the Agreement.

4. If for any reason this Court does not finally approve the Agreement, or if the Settlement Effective Date as defined in the Agreement does not occur, the conditional certification of the Settlement Class shall be deemed null and void without further action by this Court or any of the Parties.  In such circumstances each Party shall retain all of its respective currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23 or any other California State or Federal Rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

1

[PROPOSED] REVISED ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

5. The Plaintiffs and Wal-Mart have agreed that, other than to effectuate and enforce the Settlement of this Litigation as between the Settlement Class Members and Wal-Mart in this jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related thereto, including the Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Agreement, are not intended to be otherwise admissible as evidence in this Litigation, and are not intended to be used in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding, including any wage and hour or other litigation against Wal-Mart.

6. In accordance with the foregoing terms, conditions, and purpose, and in accordance with Section 5.1 of the Agreement, this Court ORDERS that the Settlement Class be certified as follows:

> Any person or entity residing in the United States or Puerto Rico that paid a subscription fee to rent DVDs online from Netflix on or after May 19, 2005, up to and including [date of Court Order].

7. Named Plaintiffs Bryan Eastman, Amy Latham, Melanie Misciosia Salvi, Stan Magee, Michael Orozco, Andrea Resnick, Liza Sivek, Michael Weiner and Scott Caldwell are hereby appointed as Class Representatives.

8. The claims certified pursuant to this Order consist of claims arising from the conduct referred to in the Litigation or the California State Actions, as those terms are defined in the Agreement, irrespective of the particular common law, statutory, or equitable doctrine or theory advanced in support of the claim or claims, including Plaintiffs' allegations that persons and entities who subscribed to Netflix to rent DVDs between May 19, 2005 and the date of this Order paid higher subscription prices due to an alleged illegal anti-competitive agreement between Netflix and Wal-Mart.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms Class Counsel's appointment of Craig Corbitt of Zelle Hofmann Voelbel & Mason LLP as Independent Settlement Counsel to serve as the lead negotiator of the Agreement on behalf of the Settlement Class.

10. With respect to the Settlement Class, and solely for the purposes of effectuating the Settlement, this Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied. The Settlement Class meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure as follows:

    a. Members of the Settlement Class are sufficiently numerous that joinder of all members would be impracticable.

    b. The claims of the Class Representatives are typical of the claims of the members of the Settlement Class they represent.

    c. There exist questions of law or fact that are common to the claims of members of the Settlement Class.

    d. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class.

11. The Settlement Class meets the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure as follows:

    a. Questions of law or fact common to the claims of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class.

    b. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

12. Upon review of the record and the Agreement, the Court finds that the proposed Agreement, under which Wal-Mart has agreed, *inter alia*, to pay $27,250,000 in cash and cash equivalents—which will be used to satisfy, among other things, all timely claims submitted by Settlement Class Members, as well as any attorneys' fees, costs, expenses and service awards to the Class Representatives that may be sought and awarded and the costs of class notice and claims administration—in return for a release of all claims as set forth in the Agreement and dismissal of the Litigation against Wal-Mart with prejudice, was arrived at after extensive, arm's length negotiations falls within the range of possible approval, particularly in light of the fact that the Agreement does not

3

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

1  settle the claims against Netflix; and is hereby preliminarily approved, subject to further consideration
2  at a final fairness hearing to be scheduled at a later time.

3  13.  The Court appoints Rust Consulting as Claims Administrator, with responsibility for
4  class notice and claims administration. Rust Consulting will be assisted with class notice by its
5  subsidiary Kinsella Media.

6  14.  The Court finds the form and manner of giving notice to the Settlement Class set forth
7  in the declaration of Dr. Shannon Wheatman (the "Wheatman Declaration") fully satisfies the
8  requirements of Rule 23 of the Federal Rules of Civil procedure, the Due Process Clause of the United
9  States Constitution, and any and all other applicable laws, constitutes the best notice practicable under
10 the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11  15.  The Court ORDERS the following schedule:

12  Notice shall be issued expeditiously pursuant to the plan of notice in the Wheatman
13  Declaration. The e-mail Notice shall be first e-mailed to Settlement Class Members within thirty (30)
14  days following the Claims Administrator's receipt of the Class List information (or signed agreement
15  between Netflix and Plaintiffs regarding Netflix's dissemination of the notice to the Class and the
16  protocol assigned thereto), or within thirty (30) days following the District Court's preliminary
17  approval of the Settlement, whichever is later. Notice by Online and Earned Media—comprising
18  banner advertisements and a press release distributed on PR Newswire's US1 Newsline, as described
19  in the Wheatman Declaration—shall begin on the soonest practicable date after the e-mail notice is
20  first e-mailed to Settlement Class Members. From the date on which the first e-mail Notice is sent, the
21  following deadlines apply:

22  o  Deadline for fee petition(s) and motion for final approval: 75 days
23  o  Deadline for opt outs: 90 days
24  o  Deadline for objections: 90 days
25  o  Deadline for final approval replies and responses to objections (if any): 104 days
26  o  Final approval hearing: 1~~20 days~~. February 15, 2012 at 9:00 a.m.

27

28

4
[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH

16.   The form and manner of Notice set forth in Wheatman Declaration also shall be applied to the Netflix Litigation Class ("Litigation Class") certified on December 23, 2010 (Dkt. 287) and as amended by the Court's order of August 29, 2011 (Dkt. 482).  There shall be one Joint Notice disseminated, comprised of notice to the Settlement Class and Litigation Class, described *supra*.

**IT IS SO ORDERED.**

Dated: _9/2/11_ _____   _____

IT IS SO ORDERED

Judge Phyllis J. Hamilton

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

[PROPOSED] ORDER GRANTING CONDITIONAL
CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT
Case No. 4:09-md-2029 PJH