Guido Saveri (22349)
R. Alexander Saveri (173102)
Lisa Saveri (112043)
David Sims (248181)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: guido@saveri.com
       rick@saveri.com
       lisa@saveri.com
       dsims@saveri.com

Robert G. Abrams (pro hac vice)
Gregory L. Baker (pro hac vice)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 861-1500
Fax: (202) 861-1783
Email: rabrams@bakerlaw.com;
gbaker@bakerlaw.com

*Counsel for Plaintiffs & the Class*

Jonathan M. Jacobson, SBN 1350495 (NY)
David H. Reichenberg, SBN 4477477 (NY)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
Email: jjacobson@wsgr.com

Keith E. Eggleton, SBN 159842
Maura L. Rees, SBN 191698
Dylan J. Liddiard, SBN 203055
Anthony J Weibell, SBN 238850
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Fax: (650) 565-5100
Email: dliddiard@wsgr.com

*Attorneys for Defendant Netflix, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION <br><br> This document relates to: <br><br> ALL ACTIONS | Master File No.: 4:09-md-2029 PJH (JCS) <br> MDL No. 2029 <br><br> Hon. Phyllis J. Hamilton <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER REGARDING DISSEMINATION OF NOTICE TO THE LITIGATION AND SETTLEMENT CLASSES** |

## JOINT STIPULATION

WHEREAS, the Court entered an Order on September 2, 2011 ("the Preliminary Approval Order"), requiring that notice of this class action and the proposed class settlement between Plaintiffs and the Wal-Mart defendants be sent to the certified litigation class and the proposed settlement class of current and former Netflix subscribers;

WHEREAS, the Preliminary Approval Order requires that direct notice be given by email to all class members and by U.S. Mail to class members to whom email notice cannot be successfully delivered;

WHEREAS, to protect the confidentiality and limit the disclosure of what Netflix views as trade secret customer lists, Netflix has agreed to disseminate the email component of the notice to class members;

WHEREAS, to disseminate the U.S. Mail component of notice to class members to whom email notice cannot be successfully delivered, the Claims Administrator appointed by the Preliminary Approval Order needs Netflix to provide it with the names and mailing addresses of these class members;

WHEREAS, Plaintiffs and Netflix believe that providing the names and addresses of Netflix's current and former subscribers to the Claims Administrator for purposes of sending U.S. Mail notice to these class members would not result in any violation by Netflix of any policies, rules or regulations governing disclosure of such information, including Netflix's privacy policy and the Video Privacy Protection Act (18 U.S.C. § 2710) or other federal and state laws governing disclosure of consumer information;

WHEREAS, Netflix's position is that it will only provide the Claims Administrator with names and addresses of its current and former subscribers to whom email notice cannot be successfully delivered if the Court issues an Order that provides that Netflix's disclosure of this information to the Claims Administrator would not result in any violation by Netflix of any policies, rules or regulations governing disclosure of such information, including Netflix's privacy policy and the Video Privacy Protection Act (18 U.S.C. § 2710) or other federal and state laws governing disclosure of consumer information;

WHEREAS, on September 19, 2011, the Court entered an Order continuing the hearing on final approval of the proposed class settlement with the Wal-Mart defendants to March 14, 2012; and

WHEREAS, to meet the deadlines set forth in the Preliminary Approval Order and the March 14, 2012 final approval hearing date, the class notice must be disseminated starting November 17, 2011.

NOW THEREFORE, the parties hereto, through their undersigned counsel, stipulate and agree as follows:

1. No later than November 16, 2011, Netflix will commence dissemination of the email component of the notice to class members.

2. In disseminating the email notice, Netflix will use the Internet domain selected and reserved by the Claims Administrator, the text and form of notice provided by the Claims Administrator as approved by the Court in the Preliminary Approval Order, and Netflix's customary practices and methods for sending email communications to its current and former subscribers.

3. Within 14 days after the dissemination of the email component of the notice is complete, Netflix will provide to the Claims Administrator the names and addresses of class members to whom email notice could not be successfully delivered but only if by that time the Court has entered the order proposed below containing a determination that Netflix's disclosure of this information to the Claims Administrator would not result in any violation by Netflix of any policies, rules or regulations governing disclosure of such information, including Netflix's privacy policy and the Video Privacy Protection Act (18 U.S.C. § 2710) or other federal and state laws governing disclosure of consumer information.

4. Upon receiving the names and addresses of class members to whom email notice could not be successfully delivered, the Claims Administrator will be responsible for disseminating notice by U.S. Mail to these class members.

5. Following completion of the notice process, Netflix will provide the Claims Administrator with a signed declaration confirming that it disseminated the email notice to class

members as contemplated by the Preliminary Approval Order and in a manner consistent with Netflix's customary practices and methods for avoiding spam filters and other obstacles in sending email communications to its current and former subscribers. The declaration will also state the dates that dissemination of the email notice was commenced and completed and the number of "soft bounces" and "hard bounces" received back by Netflix.

IT IS SO STIPULATED.

Dated: November 11, 2011          BAKER & HOSTETLER LLP

                                  By:   /s/ Robert G. Abrams
                                           Robert G. Abrams

                                  *Attorneys for Plaintiffs*

Dated: November 11, 2011          WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation

                                  By:   /s/ Jonathan M. Jacobson
                                           Jonathan M. Jacobson

                                  *Attorneys for Defendant Netflix, Inc.*

# [~~PROPOSED~~] ORDER

The Court has considered the foregoing stipulation between the parties.  The Court has determined that Netflix's disclosure of the names and addresses of class members to the Claims Administrator would not result in any violation by Netflix of any policies, rules or regulations governing disclosure of such information, including Netflix's privacy policy and the Video Privacy Protection Act, 18 U.S.C. § 2710, ("the VPPA") or other federal and state laws governing disclosure of consumer information.

The VPPA restricts disclosure by a "video tape service provider" of "'personally identifiable information' [that] includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3).  Here, Netflix's disclosure of only the names and addresses of certain subscribers would not violate the VPPA because this information would not disclose the "*specific* video materials or services" obtained by these subscribers.  *See Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1170 (W.D. Wash. 2010) (government request for disclosure violated VPPA because it was not limited to customer names and addresses but also sought "'all information for all sales,' which clearly calls for information about the video titles").

Netflix is hereby ordered to produce to the Claims Administrator the names and addresses of class members to whom email notice could not be successfully delivered following Netflix's dissemination of the email notice.  In all other respects, pursuant to the foregoing stipulation, **IT IS SO ORDERED.**

Dated: _November 14, 2011_



Phyllis J. Hamilton
United States District Judge

STIP. AND ORDER RE. CLASS NOTICE
CASE NO. 09-MD-2029 PJH (JCS)

1 **DECLARATION OF CONSENT**

Pursuant to General Order 45, the undersigned certifies that concurrence in the filing of the document was obtained from each of the other signatories.

Dated: November 11, 2011          By:   /s/ Anthony J Weibell
                                        Anthony Weibell