# Exhibit 1

| OBJECTOR (*counsel, if any*) | NATURE OF OBJECTION(S) | REMEDY REQUESTED | INTENT TO APPEAR |
|---|---|---|---|
| Bacon | Objects to the lawsuit, not to the settlement | None | No |
| Bandas | 1. Attorneys' fee request too high<br><br>2. Unfair to allocate same award to each claimant<br><br>3. Mailing claim form for cash is burdensome | Reject settlement<br><br>Or<br><br>Approve settlement with no award for attorneys' fees or costs | No |
| Cope<br><br>(Darrell Palmer) | 1. Notice inadequate – does not specify the amount of award claimants will receive<br><br>2. Out of pocket costs for travel and legal research are unreasonable<br><br>3. California state action counsel potential fees should not come out of fund; improper to share fees with state action counsel;<br><br>4. California state action counsel have to make any fee request prior to deadline for objections under *Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010) | Modify settlement agreement and award the objector an incentive fee and award objector's counsel attorneys' fees | Yes |
| Dolan | 1. Mailing claim form for cash is burdensome<br><br>2. Attorneys' fee request too high – fee request must be based on value of redeemed Gift Cards | Reject settlement | Yes |
| Frank (*pro per*) | 1. Attorneys' fee request too high -- disproportionate fees relative to the value of "coupon" benefit to class | Reject settlement | Yes |

Page **1** of **6**

| OBJECTOR (*counsel, if any*) | NATURE OF OBJECTION(S) | REMEDY REQUESTED | INTENT TO APPEAR |
|---|---|---|---|
| | 2. Gift Cards are "coupons" under CAFA, 28 U.S.C. § 1712(a), so Court must wait until Gift Cards are redeemed to determine percentage-of-the-fund attorneys' fee award<br><br>3. Plaintiffs and defendant WalMart committed fraud on the Court to induce Court to preliminarily approve Settlement<br><br>4. Attorneys' fee request too high –notice and administration costs cannot be included as part of the settlement fund<br><br>5. Mailing claim form for cash is burdensome<br><br>6. "Arbitration contingency" makes settlement unfair | Or<br><br>Approve the settlement with reduction in award of fees and cost | |
| Griffis / Bishop<br><br>(*Steve A. Miller, P.C.*) | 1. Claims ¶ 11.1.4 of Settlement Agreement is a "reverter" that renders the Settlement unfair<br><br>2. California State Action attorneys should not be permitted to request a fee, but if they do and are awarded a fee, it should come from Class Counsel's 25% award<br><br>3. Incentive awards to named plaintiffs of $5K each is too high | Strike ¶ 11.1.4 from Settlement Agreement<br><br>Cap all attorneys' fees at 25%<br><br>Reduce incentive awards | Yes |
| Griggs | Attorneys should receive no award of fees and no reimbursement of costs | No award of any attorneys' fees or costs | No |
| Johnson | Objects to the lawsuit, not to the settlement | None | No |
| Kraska | Not an objection – requests court confirm the email notice is not a hoax | N/A | N/A |

| OBJECTOR (*counsel, if any*) | NATURE OF OBJECTION(S) | REMEDY REQUESTED | INTENT TO APPEAR |
|---|---|---|---|
| Kling Cox (*Gary W. Sibley*) | 1. Objects to litigation class certification and settlement class certification for "lack of typicality"<br>2. Plan of allocation unfair because it treats all class members the same without regard to length of time of Netflix subscription<br>3. Attorneys' fee request is too high | Reject settlement | Yes – requests appearance by telephone |
| Kress | 1. Notice inadequate – does not state how much each claimant will receive<br>2. Gift Cards are not fair for those class members who do not like online shopping<br>3. Gift Card is inferior to cash<br>4. Mailing claim form for cash is a burden<br>5. Gift Cards have expiration dates<br>6. Gift Cards are unfair because user still must pay taxes and perhaps shipping<br>7. Attorneys' fee request is too high | No attorney fees should be awarded, or reduced amount | No |
| Kyriacos | Not an objection – requests to be "included in the lawsuit process" | N/A | No |
| Leach (*pro se*) | Resembles an exclusion, not an objection: "I am excluding myself from this lawsuit … I reserve the right to file a subsequent small claims lawsuit in South Dakota …" | None | No |
| Leimgruber | Not an objection – informs Court that she did not receive the email notice | N/A | No |
| Maine | Attorneys' fee request is too high | None | No |
| Nehme | Attorneys' fee request is too high | None | No |

| OBJECTOR (*counsel, if any*) | NATURE OF OBJECTION(S) | REMEDY REQUESTED | INTENT TO APPEAR |
|---|---|---|---|
| | | | |
| Nowacki | Objects to the litigation, not the settlement | None | No |
| Payne | Objects to the litigation, not the settlement  Requests exclusion from "this class" | None | No |
| Pearson | Objects to the litigation, not the settlement | None | No |
| Perry/Cabot | Settlement amount insufficient to deter future similar collusion | None | No |
| Snider | Not an objection – requests Court confirm the email notice is not a scam or hoax | N/A | No |
| Sullivan  (*Mark T. Lavery; Christopher Langone; Grenville Pridham*) | 1. Gift Cards are "coupons" under CAFA, 28 U.S.C. § 1712(a), so Court must wait until Gift Cards are redeemed to determine percentage-of-the-fund attorneys' fee award  2. Gift Cards do not have a guaranteed cash value and so violate National Association of Consumer Advocate (NACA) guidelines  3. Notice does not enable an informed opt-out decision in light of the development that Netflix prevailed on summary judgment, but where notice does not warn class members who opt out that Wal-Mart would likely argue *res judicata* based on the summary judgment ruling  4. Notice inadequately informed class of what the amount of the attorneys' fee request would be  5. Claim form is confusing because it presents two boxes (one for Gift Card and one for Cash) but only one box is to be | Requests the settlement be altered to all cash, no Gift Cards  Requests a hearing be scheduled for expert testimony on the "actual value" of redeemed Gift Cards  Re-notice to class  Provision of class counsel's detailed time records OR reduce claimed lodestar to only those hours and amounts billed in connection with the | Yes |

Page **4** of **6**

| OBJECTOR (*counsel, if any*) | NATURE OF OBJECTION(S) | REMEDY REQUESTED | INTENT TO APPEAR |
|---|---|---|---|
| | checked | settlement | |
| | 6. Detailed time records were not submitted to support the fee petition | | |
| | 7. Mailing claim form for cash is a burden | | |
| | 8. Dual notice of litigation class and settlement class is confusing | | |
| | 9. Attorneys' fee request too high – Class Counsel only spent 5% of its time on the settlement, while most of the other 95% of attorney time was spent on summary judgment and trial preparation, which was a losing effort | | |
| Taylor | Objects to the litigation, not the settlement | None | No |
| Tricome | Not an objection – requests Court "protect" the Class by scrutinizing the amounts claimed for attorneys' fees and unreimbursed expenses | None | No |
| Webbink | An exclusion, not an objection: "I wish to be excluded from this settlement." | None | No |
| Zimmerman (*Joshua R. Furman Law Corp.*) | 1. Notice by email was misleading – the "from" field on email does not say it is a legal notice, but says only "OnlineDVDclass.com"<br><br>2. Claims ¶ 11.1.4 of Settlement Agreement is a "reverter" that renders the Settlement unfair | Reject settlement | Yes |

| OBJECTOR (*counsel, if any*) | NATURE OF OBJECTION(S) | REMEDY REQUESTED | INTENT TO APPEAR |
|---|---|---|---|
| | 3. Claims the mediation provision at ¶ 6.1.2.3 of Settlement Agreement is unfair<br><br>4. Settlement amount is inadequate<br><br>5. Unfair and unreasonable for class members to have to submit a claim<br><br>6. Claims California state court actions will continue against WalMart so this settlement is not binding<br><br>7. Unfair and unreasonable coupon settlement with no evidence of value of Gift Cards | | |