UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: ONLINE DVD RENTAL
ANTITRUST LITIGATION
_____/

This Action Relates To All Actions
Except:

Pierson v. Walmart.com USA LLC, et al.
(C 09-2163 PJH)

Levy, et al. v. Walmart.com USA LLC, et al.
(C 09-2296 PJH)
_____/

No. M 09-2029 PJH

**ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFFS'
MOTION TO REVIEW TAXATION
OF COSTS**

Before the court is the Netflix subscriber plaintiffs' motion for review of the clerk's taxation of costs, which came on for hearing on March 14, 2012. The parties appeared through counsel. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS IN PART AND DENIES IN PART the motion to review the taxation of costs for the reasons stated at the hearing and summarized below.

1.  Title 28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs (other than attorney's fees) should be awarded to a prevailing party unless a statute, rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. University of So. Cal., 178 F.3d 1069, 1079 (9th Cir.1999). The reasons offered by plaintiffs in support of their request to vacate the entire amount of costs taxed in favor of Netflix are not sufficient to overcome the presumption in

favor of awarding costs. Therefore, plaintiffs' request that the court deny any award of costs to Netflix is DENIED.

  2. Section 1920, in pertinent part, authorizes taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case;" "[f]ees and disbursements for printing and witnesses;" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Plaintiffs have sufficiently demonstrated that the following costs are not recoverable under any of the foregoing categories:

   a. Costs taxed in the amount of $21,000.00 for production of certain black and white PowerPoint documents, are disallowed, as they are duplicative of color versions of the same PowerPoint documents that were produced, and because the documents originally existed in color.

   b. Costs taxes in the amount of $1,342.06 in connection with the re-stamping of documents (occasioned by inadvertent productions) are disallowed, as they bear no relation to costs that are associated with copying of documents that are "necessarily" for use in the case.

   c. Costs for RASCII transcripts in the amount of $5,302.50 are not recoverable, since they are tantamount to fees for expedited deposition transcripts – costs which the court disallowed in connection with the earlier motion for review of costs.

  3. The court declines to disallow remaining costs on the grounds argued by plaintiffs (e.g., TiFF conversion costs; copying/"blowback" costs purportedly not documented; document productions purportedly not delivered; professional fees re visual aids). Furthermore, although the court takes note of the Third Circuit's well-reasoned opinion in <u>Race Tires Am., Inc. v. Hoosier Racing Tire Crop</u>., --- F.3d ---, 2012 WL 887593 (3d Cir. Mar. 16, 2012), the court concludes that in the absence of directly analogous Ninth Circuit authority, and in view of the court's prior order in connection with the Blockbuster

subscriber plaintiffs' motion for review of the clerk's taxation of costs, broad construction of section 1920 with respect to electronic discovery production costs – under the facts of this case – is appropriate.  See also Taniguchi v. Kan Pacific Saipan, Ltd., 633 F.3d 1218, 1221 (9th Cir.2011)(although the court is restricted in awarding costs to the categories enumerated in § 1920, "[d]istrict courts are free to interpret the meaning of the cast of categories listed within § 1920").

Adjusting the clerk's taxation of  $737,838.79 in costs to omit the amount of costs that the court has determined are not allowable ($27,644.56), Netflix is awarded $710,194.23 in costs against plaintiffs.  The court determines, however, that payment of this award, together with those costs previously awarded in connection with the Blockbuster subscriber actions, shall be stayed pending the conclusion and final resolution of any appeal from these underlying actions.

**IT IS SO ORDERED.**

Dated: April 20, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

3