UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION

Case No. 09-md-02029-PJH

**ORDER DENYING MOTION FOR DISCLOSURE**

Re: Dkt. Nos. 671, 672

Class member Theodore Frank's motions to intervene and for disclosure came on for hearing before this court on April 25, 2018. Frank appeared on his own behalf. Todd Seaver appeared on behalf of the plaintiff class. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") appeared through its counsel, Paula Render. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Frank's motions concern an antitrust action filed in 2009 in which the plaintiff class alleged that Netflix and Wal-Mart violated antitrust laws by entering into an illegal agreement in the online DVD rental market. Dkt. 22. On July 1, 2011, the plaintiff class and Wal-Mart entered into a settlement agreement that allowed class members to choose between a Wal-Mart gift card with no expiration date or cash (of equal amount). `Dkt. 454–1, Ex. B. Frank now seeks to intervene in the action in order to request that the court order Wal-Mart to compile and disclose statistics about how many class members

have used their gift cards.[1]

Frank is the founder and director of the Competitive Enterprise Institute's Center for Class Action Fairness, which litigates against what it sees as unfair class-action procedures and settlements. Frank is also a member of the settling class, and on February 14, 2012, he objected to the settlement. Dkt. 581. Frank argued then that the settlement was a coupon settlement subject to the heightened judicial scrutiny and fee limitations of the Class Action Fairness Act and that the attorneys' fees were based on an inflated settlement fund that did not consider the number of e-gift cards redeemed. Id.

On March 29, 2012, this court approved the settlement (Dkt. 609), and on February 27, 2015, the Ninth Circuit affirmed the court's approval of the settlement and attorneys' fee award as fair, reasonable, and adequate. In re Online DVD Rental Antitrust Litig., 779 F.3d 934 (9th Cir. 2015). In its final approval order, this court "retain[ed] jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive Payments, the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Class Members." Dkt. 609 ¶ 15.

Frank states that on November 5, 2015, all e-gift cards were issued to class members by email. Dkt. 671 at 5; Dkt. 672 at 3. Class members could submit a request for the claims administrator to reissue a check or e-gift card until February 3, 2016. Id. Of the 439,398 class members that requested the cash option of the settlement, 119,581 class members failed to cash checks worth a total of $1,473,237.92 by the March 31, 2016 check expiration date. Dkt. 659 at 3. In addition, the settlement administrator was unable to distribute 76,008 e-gift cards with a face value of $936,418.56. Id. On August

---

[1] On November 22, 2011, the court granted summary judgment to Netflix based on a lack of antitrust injury-in-fact. Dkt. 544. That decision was affirmed in relevant part by the Ninth Circuit. In re Online DVD Rental Antitrust Litig., 779 F.3d 914 (9th Cir. 2015). The instant motion only concerns the settlement with Wal-Mart.

2

1  31, 2016, the court ordered a second round of distribution of e-gift cards of $3.62 each to
2  account for most of the undistributed funds. Dkt. 668; Dkt. 669. That order was later
3  modified to require gift cards of $3.66 each to issue to fewer class members, because
4  fewer class members had valid email addresses than originally anticipated. Dkt. 670.
5  Any remaining amounts available after that distribution were to be distributed to two cy
6  pres recipients, the Corporation For Public Broadcasting and the International Center for
7  Law and Economics. Dkt. 668; Dkt. 670.

On December 14, 2017, Frank requested the current e-gift card redemption rate from Wal-Mart. Wal-Mart declined to provide the requested information, maintaining that it would be meaningless and incomplete, and stated that Wal-Mart has never itself inquired into the redemption rate. The parties met and conferred, and Wal-Mart refused to provide Frank with the information he seeks.

Frank now moves for leave to intervene and moves the court to require Wal-Mart to compile and disclose the redemption rate for the Wal-Mart e-gift cards, i.e., how many, and what percentage, of the e-gift cards distributed to class members under the settlement agreement have been used by class members, and whether Wal-Mart has realized any income from unredeemed e-gift cards.

**DISCUSSION**

**A.  Legal Standard**

"Article III of the United States Constitution limits the power of the courts to the resolution of actual 'Cases' and 'Controversies.'" Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 969 (9th Cir. 2013) (quoting U.S. Const., art. III, § 2). The "irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some

3

third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (citations and internal quotation marks omitted).

"[A] plaintiff must demonstrate standing for each claim he seeks to press" and "'for each form of relief'" that is sought. Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)); accord Washington Envtl. Council v. Bellon, 732 F.3d 1131, 1139 (9th Cir. 2013); Town of Chester, N.Y. v. Laroe Estates, Inc., 137 S. Ct. 1645, 1651 (2017) ("The same principle applies when there are multiple plaintiffs": intervenor or plaintiff "must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests"); Oregon Prescription Drug Monitoring Program v. U.S. Drug Enf't Admin., 860 F.3d 1228, 1234 (9th Cir. 2017) (same). "Most standing cases consider whether a plaintiff has satisfied the requirement when filing suit, but Article III demands that an 'actual controversy' persist throughout all stages of litigation." Hollingsworth v. Perry, 570 U.S. 693, 705 (2013). For example, a party must have Article III standing both to initiate an action and to seek review on appeal. Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997).

**B.     Analysis**

   **1.     Motion to Intervene**

Frank is a member of the plaintiff class. Dkt. 671 at 4; Dkt. 675 at 4. As such, the court assumes without deciding that Frank may bring his substantive motion without first intervening in the action. Frank's motion to intervene (Dkt. 671) is therefore DENIED AS MOOT.

   **2.     Motion for Disclosure**

Frank and the parties dispute whether Frank's motion is within the jurisdiction the court reserved in the order approving the settlement, and if not, whether Frank has the standing necessary for the court to exercise jurisdiction over his request. The parties also dispute whether, if Frank has standing, whether his request should be granted. The

4

court addresses each question in turn.

### a. Whether the Court Retained Jurisdiction Over Frank's Request

A district court can expressly retain jurisdiction to insure compliance with an agreement or stipulated settlement. Sec. & Exch. Comm'n v. G. C. George Sec., Inc., 637 F.2d 685, 686–88 (9th Cir. 1981). In this case, the court did retain jurisdiction over the settlement. Dkt. 609 ¶ 15. The parties dispute whether Frank's request is within the scope of the jurisdiction the court retained in the order approving the settlement. Dkt. 674 at 3; Dkt. 675 at 4–6; Dkt. 676 at 3. Frank argues that the court broadly retained jurisdiction. Wal-Mart argues that the court did not retain jurisdiction over Frank's request for Wal-Mart to compile and deliver statistics about the gift card redemptions.

The court retained jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive Payments, the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. Dkt. 609 ¶ 15.

With respect to (a), it is undisputed that the settlement and the terms of the settlement agreement do not require Wal-Mart to compile or prepare this information. With respect to (b), Frank is not challenging whether or how Wal-Mart distributed the settlement. He is seeking information about how class members used their payments and how Wal-Mart accounted for those uses. With respect to (c), Frank is not challenging Wal-Mart's compliance with the terms of the settlement. To the extent Frank argues that his request can be heard because it is a claim submitted by a class member, the term "Claim" is a defined term that means "a Claim submitted by way of a Claim Form in accordance with this [Settlement] Agreement"—not any claim that a class member might bring.[2] Dkt. 454–1, Ex. B at ¶ 2.7.

---

[2] The court reserved jurisdiction over, among other things, "the administration of Claims" (using the defined term Claims). Dkt. 609 ¶ 15. The order reserving jurisdiction did not

5

So, Frank asks the court to exercise jurisdiction beyond what it explicitly retained in the order approving the settlement. Because Frank seeks to invoke the power of the court to require some new action from Wal-Mart on some basis not contemplated by the court's reservation of jurisdiction, he must demonstrate that he has standing to bring his new claim. Davis, 554 U.S. at 734 ("'a plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought") (quoting DaimlerChrysler Corp., 547 U.S. at 352); Town of Chester, N.Y., 137 S. Ct. at 1651 ("The same principle applies when there are multiple plaintiffs": intervenor or plaintiff "must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests"); Oregon Prescription Drug Monitoring Program, 860 F.3d at 1234 (same); accord Washington Envtl. Council v. Bellon, 732 F.3d at 1139; Hollingsworth, 570 U.S. at 705 ("Article III demands that an 'actual controversy' persist throughout all stages of litigation.").

### b. Whether Frank Has Standing

Standing requires (1) injury in fact, meaning an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, (2) a causal connection between the injury and the conduct complained of, and (3) redressability. Lujan, 504 U.S. at 560–61.

Frank does not have standing because he does not allege an invasion of a legally protected interest. First, Frank does not allege that Wal-Mart has any obligation to compile or disclose information about the settlement class members' purchases. Nor does Frank allege any legally protected interest he has in obtaining that information. He argues that he would like to see the information as an academic, as a potential future class member, and as potential future class counsel; he argues the public has similar reasons for wanting to know the information.

Frank argues that courts have entertained media entities' motions to unseal court

---

define the term "Claims" but adopted the above-quoted definition of the term from the July 1, 2011 settlement agreement. Id. at 1:6–12.

6

records based on the public's interest in presumptively-public court records. But Frank does not seek to unseal court records. Frank argues for—but does not cite authority supporting—a court order requiring a party to compile and produce entirely new records. Wal-Mart was not been required in the order approving the settlement to create the materials Frank requests, and it has not otherwise shared any such materials with class counsel or with the court under seal. The public's interest in open access to court records—which can in some circumstances constitute a legally protected interest sufficient for standing—simply is not at issue here. E.g., Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) (intervenors "ask the court only to exercise that power which it already has, i.e., the power to modify the protective order"); United States v. Kaczynski, 154 F.3d 930, 931 (9th Cir. 1998) ("We review for abuse of discretion, under the common-law right of access to judicial proceedings, the district court's order to disclose to the public and to the media the redacted version of Kaczynski's competency report" where "the report was filed under seal"); Mendez v. City of Gardena, 222 F. Supp. 3d 782, 789, 791 (C.D. Cal. 2015) ("The Media Organizations seek to permissively intervene to move to unseal the car camera videos"; assessing "the public's right of access" to "judicial records").

The court finds the Frank does not have standing to bring his motion for disclosure because he has not suffered injury in fact, as he has not identified an invasion of any legally protected interest that is concrete and particularized. As such, Frank's motion for disclosure is DENIED.

### c. Frank's Request for Information

Although the court finds that Frank does not have standing to bring his motion for disclosure and it must be denied for that reason, the court rules in the alternative that, if Frank does have standing to bring the motion, it is DENIED on the merits.

Frank's primary arguments pertain to unsealing court records which, as discussed above, are not relevant here. While court records are presumptively public, Frank seeks something different. Wal-Mart may have tracked the information relating to the

settlement that Frank seeks—if not, it is almost certainly capable of compiling that information retroactively—but the order approving the settlement never required it to do so, much less to disclose that information to the court or any party. And Frank does not present any other basis that would require Wal-Mart to produce the information.

The parties reached a settlement in this case. Frank objected to that settlement, and the court subsequently rejected the parties' proposed settlement before approving a modified settlement agreement. The Ninth Circuit affirmed over Frank's objections. But, as Frank agreed at the hearing, he did not argue then that Wal-Mart should be obligated to collect or disclose this information. He is instead asking the court to impose a new disclosure obligation on Wal-Mart for the first time now, as an obligation over and above what the settlement agreement requires, well after that agreement has been finalized and the case closed. Frank's request is not reasonable. The court carefully considered the settlement when it was approved, and the court declines to revisit the obligations that settlement imposed on the parties today, especially absent any allegation that it has been breached.

## CONCLUSION

Frank seeks an order from this court without stating either an obligation Wal-Mart has failed to meet or a legally protected interest being denied to Frank. Because Frank must meet standing requirements to bring his motion, and because he fails to allege an invasion of a legally protected interest, Frank has failed to allege the standing necessary to bring this motion. Therefore, Frank's motion for disclosure is DENIED. In the alternative, if Frank has standing to bring his motion for disclosure, the motion is DENIED on the merits.

**IT IS SO ORDERED.**

Dated: 5/25/2018

_____
PHYLLIS J. HAMILTON
United States District Judge